BETH CREIGHTON, OSB #972440
E-mail: *beth@civilrightspdx.com*
KRISTIN BELL, OSB #235024
E-mail: *kristin@civilrightspdx.com*
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, Oregon  97204
Phone:   (503) 221-1792
Fax:      (503) 223-1516

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **CASEY MILLER,** | Civil Case No. 6:26-cv-00499 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **LINCOLN COUNTY,** a public body, **DAVID COLLIER,** in his individual capacity, **KELLY MEININGER,** in her capacity as the personal representative of the estate of **CLAIRE HALL, WALTER CHUCK,** in his individual capacity, and **KRISTIN YUILLE,** in her individual capacity | (Civil Rights Claims under 42 U.S.C. § 1983, and Whistleblower Violations under ORS 659A.199 & ORS 659A.203) |
| | **DEMAND FOR A JURY TRIAL** |
| Defendants. | |

## I.  INTRODUCTION

1.     Pursuant to ORS 659A.199, ORS 659A.203, Plaintiff alleges the deprivation of

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

his rights as protected by state anti-discrimination and anti-retaliation statutes. He further alleges the deprivation of his rights as guaranteed under the First Amendment of the U.S. Constitution and 42 U.S.C. § 1983.  He seeks damages in an amount to be determined by a jury at trial and equitable remedies, including declaratory judgment and attorney fees and litigation expenses/costs, including expert witness fees and expenses.

## II.  JURISDICTION AND VENUE

2.     This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367 because plaintiff asserts a cause of action arising under the Constitution, laws, or treaties of the United States. The court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.

3.     Venue is in the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b) and LR 3-2(a)(3) because the claims arose in this judicial district and in Lincoln County.

4.     Plaintiff provided Defendants notice of his state law claims for money damages on March 12, 2025, and additionally Plaintiff has suffered further violations of his employment rights in the preceding one hundred eighty (180) days, and have thereby satisfied the requirements of the Oregon Tort Claims Act, as specified in ORS 30.275(3)(c).

## III.  PARTIES

5.     At all material times herein, Plaintiff Casey Miller (herein "Miller") was and is a resident of Newport, Oregon and a duly-elected commissioner on the Board of Commissioners of Defendant Lincoln County.

6.     At all material times herein, Defendant Lincoln County (herein "the County") was and is a public body in the State of Oregon responsible under state law for the acts and omission

CREIGHTON
& ROSE, PC | ATTORNEYS
AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 2 – COMPLAINT

of its agents and other employees, including those whose conduct is at issue herein.

7.      At all material times herein, Defendant David Collier (herein "Collier") was and is the Human Resources Director of the County. He is sued in his individual capacity. To the extent the amount of damages exceed the applicable limits set forth in ORS 30.272, Collier is responsible for those damages.

8.      Claire Hall (herein "Hall") was a commissioner on the Board of Commissioners of the County. Hall passed away on January 4, 2026. Kelly Meininger was duly appointed the personal representative of Hall's estate on February 6, 2026. Hall's estate is sued in her individual capacity. To the extent the amount of damages exceed the applicable limits set forth in ORS 30.272, Hall's estate is responsible for those damages.

9.      Defendant Walter Chuck, (herein "Chuck") was and is a commissioner on the Board of Commissioners of the County. He is sued in his individual capacity. To the extent the amount of damages exceed the applicable limits set forth in ORS 30.272, Chuck is responsible for those damages.

10.     At all material times herein, Defendant Kristin Yuille, (herein "Yuille") was and is County Counsel for the County. She is sued in her individual capacity. To the extent the amount of damages exceed the applicable limits set forth in ORS 30.272, Yuille is responsible for those damages.

**IV. FACTS**

11.     As an elected official, Miller's speech is a vital component of his duties as a County Commissioner.  Speech for an elected official is necessary to inform his constituents regarding important issues, ensure County resources are utilized to their fullest capacity, create

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 3 – COMPLAINT

and implement county policies and procedures, and reduce risk of harm to the community. The voters of Lincoln County entrusted Casey Miller to do just that when they elected him as County Commissioner in November of 2022.

12.     On September 18, 2024, Miller gave a commissioner report at the regular public meeting of the Lincoln County Board of Commissioners.

13.     In this report, Miller publicly questioned whether certain agents and employees of the County, including Hall and Yuille, had violated Oregon's public meeting laws by participating in prohibited serial communications and by otherwise considering or deciding County matters outside of public meetings, including the implementation of the County's deflection program to provide therapeutic treatment pathways outside of the criminal justice system.

14.     Miller further reported that he had contacted the Oregon Government Ethics Commission regarding his concerns.

15.     The very next day, September 19, 2024, Collier emailed Miller and informed him that the County had received one or more complaints against Miller, and that an investigation would be performed.

16.     Miller was not informed of the content of the alleged complaint(s), but that the investigation concerned whether he had violated the County's Anti-Harassment and Bullying policies, and the County's Code of Ethics and Conduct.

17.     During the pendency of the investigation, Collier informed Miller that Miller was banned from entering the County's physical office spaces, except to attend public meetings of the Lincoln County Board of Commissioners.

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 4 – COMPLAINT

/ / /

18.    During the pendency of the investigation, Collier also instructed Miller not to contact or communicate with any agents or employees of the County except a designated liason.

19.    During a October 2, 2024 public meeting of the Lincoln County Board of Commissioners, Miller gave another commissioner report wherein he questioned how he could perform his duties as a commissioner on the Lincoln County Board of Commissioners while complying with the restrictions placed on him pursuant to this investigation.

20.    In response to Plaintiff's report, Yuille publicly stated that Miller could reach out to staff and attend meetings. This directly conflicted with the instruction Miller had been given by Collier.

21.    Yuille then further publicly accused Miller of "sharing confidential personnel information" by mentioning the investigation into his actions and raising concerns that he was banned from entering the County's physical office spaces, except to attend public meetings of the Lincoln County Board of Commissioners  in his commissioner report.

22.    Hall also told Miller he could not speak about the complaints alleged against him and that his own personnel information was confidential.

23.    Hall refused to participate further in the October 2, 2024 meeting because of Miller's report, and left with another commissioner. This forced the meeting to end prematurely as their exit ended the quorum, forstalling Miller's ability to have his concerns considered or decided.

24.    After the October 2, 2024 meeting, Miller was not provided workable guidance explaining how he was to carry out the functions of his office under the restrictions imposed

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

during the investigation. When Miller attempted to continue performing his duties from the Commissioners' public meeting space, he was directed by Human Resources to leave and work remotely.

25.     Miller also submitted a written complaint regarding hostile and inappropriate conduct by a county employee toward him during the October 2nd meeting.  To his knowledge, his complaints were not investigated. Instead, Miller continued to receive directives restricting his presence in county facilities and contact with staff, without clear direction as to how he could fulfill his elected responsibilities under those constraints.

26.     Collier, Hall and Yuille prohibited Miller from attending management meetings, despite the duties of the commissioners on the Lincoln County Board of Commissioners requiring conferring frequently with the County's department heads. They threatened to cancel the meetings if Miller attended.

27.     Yuille and Hall prevented Miller from adding items to the agenda for the regular public meetings of the Lincoln County Board of Commissioners.

28.     On January 15, 2025, over three months after the investigation of Miller commenced, a summary of a report was issued that stated Miller did not engage in prohibited bullying or disrespectful conduct under the County's personnel rules and included a highly unusual section labeled "Impacts of Commissioner Miller's Action." The summary report accused Miller of violating the County's personnel rules against discrediting the County and acting against the County's best interest by publicly raising concerns about public meeting law violations. This report further reported maliciously maligned Miller as "juvenile," "brutal," and "unprofessional."

CREIGHTON
& ROSE, PC    ATTORNEYS
AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 6 – COMPLAINT

/ / /

29.     Approximately 10 minutes after receiving this report, the County issued an official media release with the "Impact Statements" attached.

30.     Hall also posted this media release with the "Impact Statements" to her Facebook page, used for official County business.

31.     The County's media release was widely reported in local news, including the Lincoln Chronicle and KLCC, the National Public Radio (NPR) member station based in Eugene, Oregon, bringing harm to Miller and his reputation.

32.     On January 17, 2025 Collier emailed Miller findings of investigation. Around the same time the County's Public Information Officer sent out another media statement to the County's full media roster that included statement from Hall that falsely indicated findings in the report  included "creating a toxic work environment" and attached full investigation report. Hall knew that her statement was false and would have negative effects on Miller's reputation and ability to perform his work as a duly elected official.

33.     In February 2025, Collier and Yuille also instructed the County to deactivate Miller's keycard access to the County offices, including Miller's own office.  To date, Miller is unable to access his own office.

34.     In or around February of 2025, Chuck was selected as a commissioner on the Lincoln County Board of Commissioners to fill the vacant role created by a commissioner's resignation.

35.     On March 19, 2025, Jenna Wallace, the Lincoln County District Attorney, spoke at the Lincoln County Board of Commissioners and accused Collier and Yuille of whistleblower

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

retaliation toward herself and other members of her office. She further stated that Miller was the only commissioner on the Lincoln County Board of Commissioners who was taking the corruption seriously, but Miller was ostracized and vilified in response.

36.     In or around April, 2025, Hall unilaterally, and without a vote of the Lincoln County Board of Commissioners, decided to not authorize an investigation into Yuille and Collier in response to Wallace's accusations, and personally opined that her claims had no merit.

37.     Hall passed away unexpectedly on January 4, 2026. Despite the conclusion of the investigation of Miller and until immediately prior to her death, she continued to prohibit Miller from attending management meetings, continued to obstruct Miller from presiding over regular public meetings of the Lincoln County Board of Commissioners, and continued to prevent Miller from adding items for discussion, continued to prevent Miller from responding to public testimony and vote during regular public meetings of the Lincoln County Board of Commissioners.

38.     Despite the conclusion of the investigation, Collier continues to exclude Miller from the County's offices, including Miller's own office, and will not reinstate keycard access for Miller.

39.     Despite the conclusion of the investigation, Collier and Yuille continue to prohibit Miller from attending management meetings or reinstating public staff meetings that were previously used to discuss the regular meeting agenda and coordinate the activities of staff.

40.     Despite the conclusion of the investigation, Yuille, now acting with Chuck, continues to prohibit Miller from attending management meetings, continues to obstruct Miller from presiding over regular public meetings of the Lincoln County Board of Comissioners by

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

cancelling the meetings Miller was slated to preside over, preventing Miller from scheduling meetings, workshops and executive sessions, and continues to prevent Miller from adding items to the agenda for the regular public meeting of the Lincoln County Board of Commissioners.

41.     Since Miller was investigated he has attempted to add various items to the public meeting agendas, which is required under Oregon's public meeting laws in order to discuss, debate, deliberate, set policy and procedures, and take action to further the governance of Lincoln County.  Some of these items that he was not permitted to put on the Commissioner's meeting agenda were requests to create a uniform procedure for adding items to the public meeting agenda, clarify the chain of command during the administrator's vacancy, to obtain a list of the grievances, investigations, litigation, insurance company's role, and financial exposure, requests for an explanation for the removal of a public meeting video from the County's website and the lack of transparency with the County's removal of that video, requests for a public discussion of the hiring freezes with the County and decisions to approve hires during the hiring freeze (which the Oregon Government Ethics Committee is currently investigating).  By not permitting these items to be added to the agenda, Defendants created increased legal risk, impaired oversight of integrity, transparency and public funds, increased the risk of serial meetings with a drift towards shadow decision-making, weakened the count's fiscal stewardship and prevented public participation in the governance of Lincoln County. Denying Miller the ability to participate in the governance of Lincoln County effectively disenfranchised the voters who voted for him.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**First Amendment Violation Against Collier, Hall, Chuck, and Yuille in their Individual Capacities**

CREIGHTON
& ROSE, PC   ATTORNEYS
AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

42.    Plaintiff incorporates paragraphs 1 through 41 as if fully set forth herein.

43.    The acts of the defendants described herein were taken under color of state law.

44.    Plaintiff exercised his free speech rights as an individual and as an elected official to object to violations of state law.  Defendants took, and continue to take, adverse action(s) against Plaintiff in violation of his right to speak about those matters of public concern. Defendants' acts violated Plaintiff's rights under the First Amendment of the United States Constitution, made applicable to defendants through the 14th Amendment.

45.    As a direct and proximate result of the defendants' unlawful, and continuing, acts, Plaintiff has suffered, and will continue to suffer outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

46     Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

47.    Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to the constitutional rights of Plaintiff, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

48.    Plaintiff is entitled to all appropriate injunctive relief as a remedy for Defendants' conduct.

**SECOND CLAIM FOR RELIEF**
**Retaliation for Whistleblowing - ORS 659A.203, ORS 659A.199**
**Against All Defendants**

49.    Plaintiff incorporates paragraphs 1 through 41 as if fully set forth herein.

/ / /

CREIGHTON
& ROSE, PC | ATTORNEYS
AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 10 – COMPLAINT

///

50.    By the acts described above, Defendant retaliated against Plaintiff because he disclosed information that he reasonably believed was evidence of a violation of state and/or federal law, and/or abuse of authority, in violation of ORS 659A.203 and ORS 659A.199.

51.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

52.    The amount of non-economic damages are expected to exceed the applicable limits set forth in ORS 30.272.  To the extent the damages awarded do exceed the limits set forth in ORS 30.272, the individual defendants are responsible for those damages.

53.    Plaintiff seeks equitable relief in the form of having the public conclusions of the investigations against him, including that he engaged in prohibited conduct, be rescinded, with a formal apology.

54.    Plaintiff is entitled to reimbursement of his reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107, ORS 20.105, if appropriate.

**WHEREFORE**, Plaintiff Miller prays for judgment against Defendants as follows:

1.    Compensatory damages in an amount to be determined at trial;

2.    All available equitable relief and damages in amounts to be determined at trial, consistent with the claims above against the defendants;

3.    Punitive damages consistent with the claims above against the defendants in amounts to be determined at trial;

4.    Reasonable attorneys' fees and litigation expenses/costs herein, including expert

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 11 – COMPLAINT

witness fees and expenses, consistent with the claims above against defendants; and

5. Grant such other relief as is just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

DATED this 13ᵗʰ day of March, 2026.     CREIGHTON & ROSE, PC

_s/ Beth Creighton_
BETH CREIGHTON, OSB #972440
beth@civilrightspdx.com
KRISTIN BELL, OSB #235024
kristin@civilrightspdx.com
Of Attorneys for Plaintiff

CREIGHTON | ATTORNEYS
& ROSE, PC | AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 12 – COMPLAINT