BETH CREIGHTON, OSB #972440
E-mail: *beth@civilrightspdx.com*
KRISTIN BELL, OSB #235024
E-mail: *kristin@civilrightspdx.com*
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, Oregon  97204
Phone:   (503) 221-1792
Fax:      (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| **CASEY MILLER,** | Civil Case No. 6:26-cv-00499-AA |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |
| **LINCOLN COUNTY,** a public body, **DAVID COLLIER,** in his individual capacity, **KELLY MEININGER,** in her capacity as the personal representative of the estate of **CLAIRE HALL, WALTER CHUCK,** in his individual capacity, and **KRISTIN YUILLE,** in her individual capacity | *Expedited Hearing Requested* |
| Defendants. | |

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for Plaintiff spoke with defense counsel about the

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 1 – PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

contents of this motion and provided defense counsel with a draft version of this motion, but defense counsel did not take a position on this motion before its filing. Defense counsel did object to Plaintiff's request for expedited hearing.

## INTRODUCTION

Pursuant to FRCP 65(a), Plaintiff Casey Miller moves the court for a preliminary injunction requiring Defendants Collier, Chuck, and Yuille to stop obstructing Plaintiff from putting items on the Lincoln County Board of Commissioners public and executive meeting agendas for discussion, consideration, and determination, stop obstructing Plaintiff's attendance at Lincoln County management meetings, and to stop obstructing Plaintiff's use of his (pre-September 2024) physical office for his duly-elected position. Plaintiff requests such injunctive relief as "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 US 7, 20, 129 S Ct 365, 374, 172 LEd2d 249, 261 (2008).

## FACTUAL BACKGROUND

Plaintiff Casey Miller is a duly-elected Commissioner on the Lincoln County Board of Commissioners. Complaint paragraph 5. The three-member Lincoln County Board of Commissioners has legislative authority and is responsible for overseeing all activities related to the operations of Lincoln County. *See* ORS 203.111, ORS 203.230 and ORS 203.240. On September 18, 2024, Plaintiff gave a commissioner report at the regular public meeting of the Lincoln County Board of Commissioners. Complaint paragraph 12. In this report, Plaintiff publicly questioned whether certain agents and employees of the County, including Defendants

CREIGHTON
& ROSE, PC | ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

Hall and Yuille, had violated Oregon's public meeting laws by participating in prohibited serial communications and by otherwise considering or deciding County matters outside of public meetings. Complaint paragraph 13. The next day, Plaintiff was informed that he was the subject of an investigation based on alleged complaints. Complaint paragraph 15. Thereafter, Defendants barred Plaintiff from the County's offices, including his own office, prevented Plaintiff from placing items on the Lincoln County Board of Commissioners meeting agendas for discussion, consideration, and determination, and prevented Plaintiff from attending management meetings for Lincoln County. *See* Complaint paragraphs 17, 18, 21, 22, 26, & 27.

The investigation of Plaintiff ultimately concluded with a report on January 16, 2025, over three months after the investigation of Miller commenced. Complaint paragraph 28. The report issued pursuant to the investigation stated that Plaintiff  violated the County's personnel rules against discrediting the County and acting against the County's best interest by publicly raising concerns about public meeting law violations. *Id.* Defendants continue to barr Plaintiff from the County's offices, including Plaintiff's own office, prevent Plaintiff from placing items on the Lincoln County Board of Commissioners meeting agendas for discussion, consideration, and determination and prevent Plaintiff from attending Lincoln County management meetings. Complaint paragraphs 37, 38, 39, 40, & 41.

## LEGAL ARGUMENT

A Plaintiff can show entitlement to preliminary injunctive relief by showing "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 US 7, 20, 129 S Ct 365, 374, 172 LEd2d 249, 261 (2008).

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 3 – PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**1. Plaintiff's claim is likely to succeed on the merits.**

An elected official may bring a First Amendment retaliation claim. *See Boquist v. Courtney*, 32 F.4th 764, 775 (9th Cir 2022).

> "[T]he elected official bringing such a legal action has the initial burden of pleading and proving: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Id*. (Internal quotations omitted.)

### A.    Prong One of Claim: "constitutionally protected activity"

As to the first prong of this analysis, Plaintiff was unquestionably engaging in "constitutionally protected activity" when he made his commissioner report at the regular public meeting of the Lincoln County Board of Commissioners, wherein he questioned whether Defendants Hall and Yuille, had violated Oregon's public meeting laws.

> "The purpose of the First Amendment includes the need to protect parties in the free publication of matters of public concern, to secure their right to a free discussion of public events and public measures, and to enable every citizen at any time to bring the government and any person in authority to the bar of public opinion by any just criticism upon their conduct in the exercise of the authority which the people have conferred upon them."
>
> *Wood v. Georgia*, 370 US 375, 392, 82 S Ct 1364, 1374, 8 LEd2d 569, 581 (1962), (internal quotations and citations omitted.)

The fact that Plaintiff was also acting in his capacity as an elected official when he made these comments does not amend this analysis. "The first prong is readily met when elected officials express their views and opinions." *Boquist v. Courtney*, 32 F.4th 764, 775 (9th Cir 2022).

//

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

"The rationale for allowing the government to restrict the speech of government employees and contractors is not applicable to elected officials. [...] An elected official's speech does not interfere with his performance of duties; to the contrary, the speech is a vital component of his duties because legislators have an obligation to take positions on controversial political questions so that their constituents can be fully informed by them and may be represented in governmental debates by the person they have elected to represent them. Elected officials therefore have the right to enter the field of political controversy, and the role that elected officials play in our society makes it all the more imperative that they be allowed freely to express themselves." *Id*. (Internal quotations and citations removed.)

### B.    Prong Two of Claim: "adverse action"

"[A]n adverse action against an elected official is material when it prevents the elected official from doing his job, deprives him of authority he enjoyed by virtue of his popular election, or otherwise prevents him from enjoying the full range of rights and prerogatives that came with having been publicly elected."

*Boquist v. Courtney*, 32 F.4th 764, 777 (9th Cir 2022). (Internal quotations and citations omitted.)

Defendants' continuing adverse actions effectively deprive Plaintiff of the ability to perform vital aspects of his duties as a Commissioner, as well as the ability to exercise the authority vested in him by the electorate, including his ability to even forward discussion, consideration, and determination of issues he and his constituents believe are of importance.

### C.    Third Prong: "substantial causal relationship"

The public statement made by Defendant Lincoln County regarding the investigation it conducted after Plaintiff's commissioner report at the September 18, 2024 Lincoln County Board of Commissioners Meeting explicitly includes "Reactions to Commissioner Miller's Statements at September 18 Meeting" as a metric of consideration. *See* Exhibit 1. This included descriptions

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

of Plaintiff's statements as "upsetting" and like "throwing a grenade into the middle of the room." *Id.* ("[D]ebate on public issues should be uninhibited, robust, and wide-open, and [...] it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *N.Y. Times Co. v. Sullivan*, 376 US 254, 270, 84 S Ct 710, 721, 11 LEd2d 686, 701 (1964)). This report accused Plaintiff of likely violating the County's personnel rules against discrediting the County and acting against the County's best interest by publicly raising concerns about public meeting law violations pursuant to his September 18, 2024 disclosure. *See* Exhibit 1. Defendants investigated Plaintiff because of his protected speech, and limitations placed on Plaintiff remain in place because of Defendants' opposition to his speech.

**2. Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief.**

"It is axiomatic that '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 694 (9th Cir. 2023) (en banc), (quoting *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19, 141 S. Ct. 63, 208 L. Ed. 2d 206 (2020)). "Irreparable harm is relatively easy to establish in a First Amendment case. The plaintiff need only demonstrate the existence of a colorable First Amendment claim." *Cal. Chamber of Commerce v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 482 (9th Cir 2022). (Internal quotations and citations omitted.)

**3. The balance of equities is in Plaintiff's favor, and an Injunction is in the public interest.**

"Where, as here, the party opposing injunctive relief is a government entity, the third and fourth factors—the balance of equities and the public interest—merge." *Fellowship of Christian*

CREIGHTON
& ROSE, PC | ATTORNEYS
AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

*Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir 2023). (Internal quotations and citations omitted.) A part that raises serious First Amendment concerns compels a finding that the balance of hardships tips sharply in its favor. *See Am. Bev. Ass'n v. City & County of San Francisco*, 916 F.3d 749, 758 (9th Cir. 2019) (en banc). Similarly, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). This is especially true in a case like the instant one, which implicates not only Plaintiff's constitutional speech rights, but also the ability of duly-elected officials to govern. "The manifest function of the First Amendment in a representative government requires that legislators be given the widest latitude to express their views on issues of policy." *Bond v. Floyd*, 385 US 116, 135-36, 87 S Ct 339, 349, 17 LEd2d 235, 247 (1966). By depriving Plaintiff of his ability to effectively act as a Commissioner, Defendants have also deprived the electorate of the representation of the person they chose.

//

//

//

//

//

//

//

//

//

//

CREIGHTON
& ROSE, PC    ATTORNEYS
AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 7 – PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## CONCLUSION

The Plaintiff respectfully requests the Court issue a preliminary injunction requiring Defendants Collier, Chuck, and Yuille to stop obstructing Plaintiff from putting items on the Lincoln County Board of Commissioners public and executive meeting agendas for discussion, consideration, and determination, stop obstructing Plaintiff's attendance at Lincoln County management meetings, and to stop obstructing Plaintiff's use of his (pre-September 2024) physical office for his duly-elected position.

DATED this 31st day of March, 2026.         CREIGHTON & ROSE, PC

　　　　　　　　　　　　　　　　　　　　 *s/ Beth Creighton*
　　　　　　　　　　　　　　　　　　　　 BETH CREIGHTON, OSB #972440
　　　　　　　　　　　　　　　　　　　　 beth@civilrightspdx.com
　　　　　　　　　　　　　　　　　　　　 KRISTIN BELL, OSB #235024
　　　　　　　　　　　　　　　　　　　　 kristin@civilrightspdx.com
　　　　　　　　　　　　　　　　　　　　 Of Attorneys for Plaintiff

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 8 – PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION