BETH CREIGHTON, OSB #972440
E-mail: *beth@civilrightspdx.com*
KRISTIN BELL, OSB #235024
E-mail: *kristin@civilrightspdx.com*
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, Oregon  97204
Phone:  (503) 221-1792
Fax:       (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CASEY MILLER,** | Civil Case No. 6:26-cv-00499-AA |
| Plaintiff, | |
| vs. | |
| **LINCOLN COUNTY,** a public body, **DAVID COLLIER,** in his individual capacity, **KELLY MEININGER,** in her capacity as the personal representative of the estate of **CLAIRE HALL, WALTER CHUCK,** in his individual capacity, and **KRISTIN YUILLE,** in her individual capacity | **DECLARATION OF CASEY MILLER ISO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |
| Defendants. | |

I, Casey Miller, being duly sworn hereby declare the following

1. I am Plaintiff herein and I make this declaration based on personal knowledge and in

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

support of Plaintiff's Motion for a Preliminary Injunction.

2.      On September 18, 2024, I made the follow statement marked as Ex 1 at the Lincoln County Board of Commissioners meeting.

3.      I raised concerns that my fellow commissioners were violating public meeting laws by having substantive conversations of county matters outside of the context of public meetings and the serial meeting prohibitions of the public meeting laws.  (Ex 1, p 8-9)

4.      Ordinance 517, Establishing the Position of County Administrator (Ex A to Yuille Declaration) explicitly states that "The Board of Commissioners.... shall no later than 24 months after the adoption of these provision, conduct the first thorough analysis of the roles, responsibilities and duties and effectiveness of this position to allow the Board to determine if changes to this Ordinance are warranted."  I reported in my Commissioner's report in the September 18, 2024 meeting that this review was underway.  Since review is required by the ordinance, this is not private personnel information.

5.      There has not been a clear, consistently applied, or formally adopted process ensuring that individual commissioners can place items on the agenda for Board consideration. In practice, agenda placement has depended on discretionary approval from other commissioners and/or staff, without a transparent or equitable mechanism for review.  As a practical matter, as one of three commissioners, I do not recall ever being asked to "second" a request from another commissioner to put an item on the agenda, nor was any formal process for doing so ever communicated or applied.

5.5      In my September 18, 2024 Commissioner Report, I formally requested clarification from County Counsel regarding what constitutes "administrative" matters versus

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

those requiring Board discussion in a public meeting. I specifically requested a staff report defining what types of content, procedures, and decisions are considered administrative and therefore excluded from public meeting deliberation.  My request was not answered, and no formal clarification or policy was adopted by the Board.

6.      Prior to September 18, 2024, the Board held a regular staff-level meeting (commonly referred to as a "Board of Commissioners Office Meeting and Board Briefing") in which commissioners, administration, and staff reviewed and refined the upcoming agenda collaboratively. These meetings were discontinued after the September 18, 2024 Board meeting, and there was "no mechanism for commissioners to collectively review or refine agenda items prior to publication."  Since September 18, 2024, I have been unable to reliably bring forward governance, policy, and oversight matters for Board discussion, materially limiting his ability to perform his duties as an elected official.

7.      During my time as Chair in 2024 and 2026, my experience was agenda development did not operate through a clearly defined or transparent process. I have not, as a general practice, removed agenda items outside of a public meeting, and have approached agenda development as an additive process—placing items on the agenda for consideration and refining them through discussion by the full Board.

8.      My understanding of the purpose of the agenda process is to allow elected officials to bring forward matters for collective consideration, with discussion and decision-making occurring in the presence of a quorum at a noticed public meeting.

9.      There is no formally adopted Board policy or written procedure governing how agenda items are submitted, reviewed, or placed on the agenda.

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

10.     I have consistently submitted detailed and structured agenda requests addressing governance, policy, financial oversight, and executive session matters, including formal submissions such as the January 21, 2026 agenda request.

11.     While legal review may be appropriate for certain agenda items such as contracts and other formal agreements, the vast majority of agenda items I requested to be placed on the agenda since September 18, 2024 did not require legal review to be discussed in public meetings and are typically subject to legal review prior to Board consideration.  There is no written procedure or process outlining when legal review was required, how such review was to be initiated or completed, or how it affected a commissioner's ability to place items on the agenda.

12.     In practice, the requirement for legal review was applied inconsistently, and there was no established mechanism by which an individual commissioner could ensure that an item received the necessary review in order to be placed on the agenda.  It has been cited as a reason for excluding certain agenda items, despite the absence of a clearly defined or consistently applied process.

13.     In multiple instances, however, I provided detailed context regarding the subject matter of requested executive sessions, including identification of personnel issues, grievances, investigations, and potential litigation, along with citation to the applicable statutory authorities under ORS 192.660. Many of these requests involved subject matters such as personnel issues, labor negotiations, and potential legal matters. Providing specific identifying information regarding those matters in broad or widely distributed email communications raised legitimate confidentiality and legal concerns.

14.     I submitted multiple requests between July 2024 and April 2026 for agenda items

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 4 – DECL OF MILLER ISO PLF'S MOT FOR PRELIMINARY INJUNCTION

and executive sessions addressing personnel, labor, and legal issues, including requests on July 17, 2024; September 18, 2024; January 8, 2025; January 31, 2025; February 25, 2025; April 11–13, 2025; May 20, 2025; January 21, 2026; and January 28, 2026, among others.  See Ex 2 for a list of all the requests made, but not put on the agenda or discussed.

15.     In October 2024, I was excluded from the Management Retreat which touched on workplace relations.

16.     Since the investigation into my September 18, 2024 statements at the commissioner's meeting I have taken numerous steps to demonstrate to employees I take their feelings seriously and have been taking steps to improve myself and to empower the County's employees moving forward.

17.     I have had numerous conversations and personal meetings with Gina Nikkel the Executive Director of the Association of Counties ("AOC"). AOC represents all counties as a legislative and operational best practice think tank. As a former commissioner herself, Ms. Nikkel is very knowledgeable about the best practices that serve all counties better than most. She reviewed the videos of both the September 18th and October 2nd meetings and has made several recommendations on what I can do differently in the future. These are ongoing, including reviewing and providing input into the "Commissioners Survey" I created, referenced below.

18.      On October 10, 2024 – I attended the Oregon Government Ethics Commission Executive Session training. This was, in part, to gain a better understanding of the appropriate use of Executive Sessions.

19.  On November 17, 2024, I attended the AOC conference. While there I attended the "HR Tract" which included training on best practices and updates from CIS for Human

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 5 – DECL OF MILLER ISO PLF'S MOT FOR PRELIMINARY INJUNCTION

Resources departments and HR employees.

20.     On December 12, 2025, I with Edward Choi, the attorney hired by Lincoln County to investigate the concerns raised, were interviewed for approximately 7 hours. As a result of this extended conversation and additional correspondence, I was found not to have engaged in bullying or harassment, to have violated the County's policy regarding the disclosure of personal information of discussing an employee's complaint, and that this action may have put the County in a negative light.

21.     On February 10, 2025, I met with Tim Raschulte, a third party hired by the County to work with me to assist in reintegration back into the office.

22.     On February 12, 2025, I emailed Mr. Collier and Mr. Raschulte regarding the above conversation and its positive impacts.

23.     On February 25-27, 2025 - I attended the CIS Conference. I learned a significant amount of information through the explanation of the County's service agreements with CIS Insurance. This included different aspects of employee relations. At the conference I spoke with CIS Executive Director Patrick Priest to gain further insights.

24.     On March 3, 2025, I sought to share what I learned at the CIS Conference with the Board of Commissioners. This included what I learned in an impactful presentation by the keynote speaker, "The Truth About Trust: Elevating Teams Through Psychological Safety." I suggested implementing practices that can benefit the entire workforce.

25.     On March 10, 2025, I sent a letter to my fellow commissioners, Human Resources, and Legal requesting an Executive Session be held to discuss an overview of employment practices for Lincoln County. While this request was not put on the agenda, I was

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 6 – DECL OF MILLER ISO PLF'S MOT FOR PRELIMINARY INJUNCTION

able to obtain additional information from CIS and the Commission regarding complaints and grievances, claims and pre-loss guidance and, importantly, conflict resolution and training.

26.    On March 12, 2025, I created a living survey that has been distributed to members of Commissions from other counties. Categories of this survey include: (1) Commission Meeting Types and Frequency; (2) Agenda Setting Process for governing bodies; (3) Supervision and/or Delegation of Supervision to Employees; (4) Resolving Conflicts or Disputes; (5) Use of Executive Session; (6) Strategic Planning; and (7) Perspectives on Leadership. I stated in the survey that I was seeking their professional guidance and feedback on the above issues.

27.    On March 26, 2025, I attended an Ethics and Public Records Training hosted by Lane County. These are two separate trainings that I attended to gain a better understanding of my obligations and role as a Commissioner, as well as reinforcing my knowledge regarding public meetings.

28.    On April 8, 2025, I attended a CIS Supervisor Training. This training is designed for supervisors and managers at all levels who want to strengthen their approach to recruiting, onboarding and supervising new employees.

29.    I apologized to Ms. Keallay when I learned she was offended by my comments.

30.    On January 22, 2025, I apologized in the Commissioner Meeting, stating

> "I do want to ensure our county employees that I have their best interest in mind. I know what it's like to be an employee of 14 years for this organization and just please be assured any comments that I've made never intended to make anyone hurt or stressed or feelings of distrust I just want to assure you listening to this or hearing that. So I just wanted to make sure that I put that plug out there."

31.    I reached out to the Yachat's News issuing a public apology, stating:

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 7 – DECL OF MILLER ISO PLF'S MOT FOR PRELIMINARY INJUNCTION

"My sincere apologies to the employees of our organization, our county administrator, my immediate team and our management team for any discomfort and distress they have experienced resulting from comments I have made in public…".

"It was not my intent, nor will it ever be my intent to willfully harm or make people feel unsafe. In my effort to protect the county it was never my intent to hurt our reputation. I want to be accountable, open to learning and correcting my mistakes. I will continue to support our organization and represent our constituents with respect and conviction."

32.    I had hoped all of these efforts would resolve County Counsel and Commissioner Hall's concerns about my return to my Commissioner duties and the place where I had worked for almost two decades.  Despite all of my efforts, the County Counsel and now Commissioner Chuck did not permit me to place agenda items on the agenda or engage in the duties of my office.

33.    After exhausting all other options, I filed this lawsuit and am seeking an injunction to be permitted to reinstate my keycard access to the physical office for my duly-elected position, put items on the Lincoln County Board of Commissioners public and executive meeting agendas for discussion, consideration, and determination, and to give me proper notice of, and permit me to attend, Lincoln County Budget Committee meetings and Lincoln County management meetings.

DATED this 27th day of April, 2026.

_____
Casey Miller

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW

735 SW First Avenue, suite 300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 8 – DECL OF MILLER ISO PLF'S MOT FOR PRELIMINARY INJUNCTION