**SUMMARY DOCUMENT - 2024-2026 (Updated – 2.9.25)**

**Miller Agenda Requests & Meeting Requests Not Facilitated**

*Lincoln County's is composed of three commission seats. Position 1 – Casey Miller.  Position 2 – Vacant. Position 3 – Walter Chuck.*

**Public meetings are the mechanism in which the Board of Commissioner exercises its Governance.** Decisions by the Board are required to be made publicly in accordance with Oregon Public Meeting Law. *Agenda composition should be an equitable representation of the entire Commission's governance priorities in cooperation with elected officials, executive leadership, and administrative staff to deliver services to the community.*

**Context on Agenda & Meeting Requests, Process and Authority**

- Agenda requests and meeting requests are submitted by Commissioner Miller via email simultaneously to the Management Team (MTEAM), which includes department directors, elected officials, and the acting or de facto administrator, if applicable.
- Agenda requests are not intended for deliberation among the Board in advance of a public meeting. Oregon Public Meetings Law does not permit Board deliberation or decision-making outside of a properly noticed public meeting.
- In 2026 Commissioner Chuck serves as Co-Chair and (is theoretically) making requests for agenda items and meeting Dates. In 2025, agenda and meeting content was filtered and finalized by the Board Chair (Hall) and County Counsel.
- All agenda requests directed by Miller are consistent with the authority, duties, and scope of responsibility of an elected County Commissioner, as outlined in Oregon Statute and the Lincoln County Commissioner job description.
- In September 2024, the longstanding public staff meeting (which previously provided a forum for agenda review and discussion) was discontinued. Since that time, Miller has had no structured or public mechanism to deliberate agenda items, discuss priorities, or collaboratively refine requests with the Board and Management Team. *Yuille has demonstrated that agenda prioritization is her decision not the Board. Chuck has said that he is not responsible for the cancellations of meetings.*

Following the passing of Commissioner Claire Hall, Commissioner Chuck and Commissioner Miller mutually agreed to serve as co-chairs of the Board of Commissioners to ensure continuity of governance. This arrangement did not delegate unilateral authority to either commissioner or did not confer administrative authority beyond that of an individual commissioner.

At this time, no actions, assumptions, or representations by any individual commissioner constitute Board direction unless approved by formal Board action. Communications or actions taken by Commissioner Chuck, County Counsel Yuille, or administrative staff do not represent Board direction unless they are expressly authorized by a majority vote of the Board in a public meeting.

**2026 – BOC Meeting Agenda & Meeting Request(s)**

**(DISCUSSED – NOT DISCUSSED)**

**Requested Agenda Items - 1.7.25 BOC Regular Meeting** *(Items carried over from December):*

**• Commissioner Vacancy – Process & Application Review (Decision/Action)**
**This item was briefly discussed. Millers Memo was not included in the packet for the meeting. (BOC consensus: Add as Discussion Item.** *Work Session was held instead.* **\*Miller framework not reviewed in work session)**

**• Chair Governance Structure – Framework & Draft Board Order (Not held in Decision/Action) (BOC Motion: Chuck and Miller moved to Co-chair. Chuck the 1st – Miller the 3rd Wednesday meetings of each month)**

**• Update to Minutes (Decision/Action)**

**• Federal Impacts and ICE Update (Discussion)**

**• Deflection Program Update (Discussion)**

**• Roadside Spraying Policy Review (Discussion)**

**• Animal Shelter Update - (Discussion)**

**• District Attorney Wallace Positions (Decision/Action)**

**• Audit Action Plan Update (Discussion)**

**• Public Comment Rules Review (Discussion)**

**• Process Mapping Initiative (Discussion)**

**• Climate Action Plan (Discussion)**

**• OGEC Investigations (Discussion/Executive Session 192.660 (2) (b, h, f)**

**• Agenda Process Review (Discussion)**

**• Commissioner Report - CSC Governing Board Meeting (Commissioner Report)**

**• Commissioner Report – Merkley Town Hall (Commissioner Report)**

**Requested Agenda Items – 2.21.26 BOC Regular Meeting - MEETING CANCELLED**

Agenda Item Requests – January 21, 2026

Proposed Agenda Items:

- Commissioner Vacancy – Process Overview and Next Steps (Decision/Action)
- Co-Chair Governance Structure – Framework Discussion and Possible Board Direction (Decision/Action)
- Update to Minutes (Decision/Action)
- Federal Policy Impacts, Including Immigration Enforcement – Overview (Discussion)
- Deflection Program – Status Update (Discussion)
- Roadside Spraying Policy – Review (Discussion)
- Animal Shelter – Operational Update (Discussion)
- District Attorney Wallace – Policy or Operational Matters (Decision/Action)
- Audit Action Plan – Status Update (Discussion)
- Public Comment Rules – Review (Discussion)
- Process Mapping Initiative – Overview (Discussion)
- Climate Action Plan – Status Update (Discussion)
- OGEC-Related Matters – Process and Status Update (Discussion / Executive Session as authorized under ORS 192.660 (2) (b, f, h))
- Agenda Development Process – Review (Discussion)
- Commissioner Report – CSC Governing Board Meeting
- Commissioner Report – Senator Merkley Town Hall

**Requested Meeting & Agenda Items – January 28 Special Meeting
MEETING NOT FACILITATED**

**Re: Direction to Notice and Schedule Special Board of Commissioners Meeting**

**Agenda (Principal Subjects)**

1. **Commissioner Vacancy Appointment Process** (Discussion)

Discussion of the process and timeline for filling in the current Board vacancy.

2. **District Attorney Staffing Levels** (Decision/Action)

Discussion of current staffing levels in the District Attorney's Office, including the scheduled departure of another Deputy District Attorney. The office is budgeted for nine Deputy District Attorneys and will now be staffed at four.

### 3. Executive Session ORS 192.660 (2)(h)(i)

To review and evaluate the employment-related performance of the chief executive officer of any public body, a public officer, employee or staff member who does not request an open hearing.

To consult with counsel concerning the legal rights and duties of a public body with regard to current litigation or litigation likely to be filed.

**Requested Agenda Items and Meeting(s) - 2.4.26 BOC Regular Meeting**

**(Commissioner Vacancy Appointment Process 2026 (Update #2) MILLERS FREAMEWORK and MEETINGS NOT DISCUSSED)**

**February 2, 2026** — All commissioner applications posted on Lincoln County's Website

**February 4, 2026** — Regular Meeting
*(Agenda - Discussion: Commissioner Vacancy Appointment Process)*
**February 11, 2026** — Special Meeting
*(Agenda – Discussion: Develop Interview Questions & Community Feedback/Engagement Opportunity)*
**February 18, 2026** — Regular Meeting
(Agenda – Action: Board Deliberation to Select 4 Commissioner Finalists)
**February 25, 2026** — Special Meeting (In-Person Interviews)
(Agenda - Discussion: In-Person Interviews of Candidates)
**March 4, 2026** — Regular Meeting
*(Agenda – Discussion: Review of community feedback, candidate meet-and-greet with community and management team)*
**March 18, 2026** — Regular Meeting
(Action: Commissioner Deliberation & Appointment)
**MARCH 2026 (TBD)** - New Commissioner Onboarding (BOC Special Meeting)
*(Agenda – Discussion: New Commissioner Onboarding)*

**Requested Agenda Items and Meeting(s) - 2.11.26 BOC Special Meeting**
**MEETING NOT SCHEDULED**

## SUMMARY PAGE – Miller Agenda Requests Not Facilitated (updated – 12.16.25)

**Additional Context on Agenda Requests & Process**

- Agenda requests are submitted by Commissioner Miller via **email** simultaneously to the **Management Team (MTEAM)**, which includes department directors, elected officials, and the acting or de facto administrator, as well as fellow Commissioners.

- Agenda requests are **not intended for deliberation among elected officials in advance of a public meeting**. Oregon Public Meetings Law does not permit Board deliberation or decision-making outside of a properly noticed public meeting.

- At present, **agenda content is filtered and finalized by the Board Chair (Hall) and County Counsel**. Commissioner Chuck serves as Vice Chair and would theoretically fulfill this role in the absence of Chair Hall.

- **All agenda requests listed are consistent with the authority, duties, and scope of responsibility of an elected County Commissioner**, as outlined in Oregon statute and the Lincoln County Commissioner job description.

- In **September 2024**, the longstanding **public staff meeting** (which previously provided a forum for agenda review and discussion) was discontinued.

- Since that time, **Commissioner Miller has had no structured or public mechanism to deliberate agenda items**, discuss priorities, or collaboratively refine requests with the Board and Management Team.

**Agenda Requests (by Date & Topic) that Have Been Excluded from the Public Meeting Conversation (Since July 2024)**

**July 17, 2024**
• Executive Session – Safety and Cyber Security (ORS 192.660(2)(g)) – Memo re HB 2806; prepare for future cyber security exercises and understand executive session option.

**August 15, 2024**
• Deflection Program Update – Request for first major update; intent, overview, and philosophy of the program.

**September 18, 2024**

• Deflection Program Update – Request declined (communicated 9.16.24); item raised during Commissioner Report on 9.18.24.

• Executive Session – Administrator Performance Evaluation (ORS 192.660(2)(i)) – Evaluate performance of chief executive officer unless officer requests open hearing; HR redirected to email polling process.

**November 17, 2024**

• Budget Fund Lines – HR & Legal – Request for clarity of budget controls, process/procedure; external legal services costs; internal service charges.

**November 27, 2024**

• Agenda Setting Process – Proposal to define and clarify agenda-setting procedures; create resolution/rules defining agenda requests and process.

• OGEC Training Update (ORS 192.610) – Request update on scheduling ethics and public meeting law training.

• Anderson Creek Road Drainage – Request report/discussion on flood mitigation efforts.

• Johnson Creek Bridge – Request update on status, stakeholder communications, and unresolved solutions.

**December 12, 2024**

• Commissioner Memo & Report – Memo later appeared (12.18.24), but Board accepted recommendation to remove customized written reports from Commissioner Report section; replaced with template form.

**January 8, 2025**

• Contract Legal Services – Request to discuss use of outside legal counsel (Carollo Law).

• Executive Session – Legal Counsel (ORS 192.660(2)(h)) – Discussion regarding litigation (Tort Claim Notices).

• Ordinance #517 Review – Request review and alignment with personnel rules and administrative structures (Administrator, Liaison, etc.).

**January 14–22, 2025**

• Work Session – Commissioner Vacancy – Request to review process for filling vacant commissioner seat; alternatives and interim appointment; procedural inquiry.

**January 27, 2025**

• Building Code Division Issue – Request agenda item or MTEAM work session to address staff concerns.

**January 31, 2025**

• Executive Session Request – Address employee issues and procedural fairness with external counsel.

**February 25, 2025**

• Executive Session Request – Personnel Issues (ORS 192.660(2)(b)).

• Labor Negotiations Discussion (ORS 192.660(2)(d)) – Request executive session to address concerns with union president and related matters.

**March 3, 2025**

• Agenda Packet Materials Follow-Up – Concern about missing packet documents and absence of executive sessions.

• Continuity of Operations / Ordinance #517 – Request discussion: who supervises department directors; point of contact for operations; project lists/priorities; interim administrator; timing for broader #517 analysis.

**April 11–13, 2025**

• Contract Legal Services (again) – Re-submission to discuss independent counsel (Carollo Law).

• Continuity of Operations – Request discussion on county operations without an administrator; who manages appointed directors; Ordinance #517; liaison role vs. administrator supervision.

• Executive Session – Personnel Matters (ORS 192.660(2)(b)) – Follow-up request citing previously unfulfilled executive session items (1.31, 2.20, 3.3.25).

**May 20, 2025**

• Executive Session – HR & Legal Department Update (ORS 192.660(2)(b), (d), (h)) – Request covering grievances, investigations, litigation status, and financial impact.

**May 28, 2025**

• Special Meeting Documentation – Request agenda and packet items for 5.29.25 Special Meeting (Thompson Sanitary) not provided in advance though reportedly created in advance.

**May 30, 2025**

• Hiring Freeze & Position Petitions – Request MTEAM work session or Budget Committee review of position requests with financial and service impact assessments; serial meeting concerns; grievance drafted.

**June 18, 2025**

• Budget Hiring Freeze & Position Petitions – Request Board/MTEAM discussion on fiscal and operational impacts of filling positions; stewardship and budget outlook.

• Agenda Resolution / Rules – Request to create transparency, clarity, equity, and prioritization for agenda-making; enable elected officials, management team, and public to discuss key topics.

• Letters/Inquiries Follow-Up – Request Board follow-up on stakeholder letters and inquiries (Neighbors for Kids, Economic Development Alliance, Visit Otter Rock, Waldport Chamber, others).

• Grievance – OGEC / Public Meetings & Records – Request to bring communications into public meeting; alleges email process violates ORS 192.610–192.690 and constitutes a serial meeting.

• Drought Update – Request collaborative approach with water districts, conservation groups, tribal nations, agriculture, and residents; stewardship and resilience. (Discussed 7.2.25.)

**June 24, 2025**

• Management Team Work Sessions – Request weekly/biweekly work sessions to improve communication, collaboration, and continuity during administrator vacancy.

• Removal of Recorded Public Meeting Video – Request explanation and redundancy planning after recorded meeting video was removed from website.

**July 17, 2025 – Agenda Requests**

• Contract Legal Services (Discussion/Decision) – Revisit independent counsel; consider re-engaging Carollo Law Group; invite counsel if needed.

• Executive Session – Personnel Matters (ORS 192.660(2)(b)) – Request executive session as a Board unit and return to open session for deliberation.

• OGEC Group Training (Discussion) – Request in-person OGEC training for county leadership; align on public records/meeting law given grievances, video removal, public meeting rules, livestream issues, and related questions.

• Human Resources Department Update (Discussion/Reports) – Request update on training inventory, evaluations/management practices (CIS best practices), administrator job description review prior to reposting, and update on complaints/mitigations/investigations/costs.

**August 5, 2025 – Agenda Requests**

• Transient Room Tax (TRT) Use in Unincorporated Areas – Otter Rock commitment and oversight review; countywide analysis; public trust, economic strategy, compliance with state use requirements.

**August 14–15, 2025 – Agenda Requests**

• Tyler Watkins / The Homie House Presentation (Discussion/Reports) – Request founder presentation on mission, programming, and opportunities.

• "Agenda Requests" as Standing Agenda Category (Discussion) – Request addition of an agenda category for commissioners to introduce and provide context for submitted agenda requests and Board consideration for future scheduling.

**October 2025 – Agenda Request(s)**
• OGEC Investigation Response / Temporary Suspension of Certain Digital Approval Workflows (Discussion) – Request acknowledgement of OGEC investigation and temporary suspension of potentially non-compliant digital approval workflows pending compliance review; ensure Board-approval decisions occur publicly until investigation concludes.

**December 2025 – Agenda Request(s)**
• Federal Impact Update – Waldport resolution re DHS/ICE facility; USCG helicopter presence; federal appropriations; regulatory changes affecting county operations; clarify federal funding channels and rule changes to support coordinated response.
• Deflection Program Update (HB 4002 Implementation) – Status of operations, coordinator workload, workflow clarity across partners, funding/grant compliance, reporting expectations, and implementation disruptions; structured review for transparency and alignment.
• Roadside Spraying Policy Discussion – Review vegetation management practices, herbicide types, contractor requirements, safety protocols; opt-out/restricted-area options; legal/liability considerations; determine need for policy updates.
• District Attorney Wallace – Position Review Request – Review workload, statutory deadlines, staffing constraints, classification alignment, and recruitment/retention impacts; identify structural/budget adjustments.
• Audit Action Plan Review – Status of corrective actions, resources, deadlines, barriers; ensure compliance and best practices in financial governance.
• Public Comment Rules Review – Review recent virtual public comment procedure changes; alignment with adopted rules; compliance and equitable access; restore predictability and transparency.
• OGEC Investigations and County Response – Status updates, communication protocols, consistent messaging to staff/public; ensure transparency and confidence in integrity of county processes.
• Delegation of Authority (Chair/Administrator to HR Director) – Clarify delegations, alignment with Ordinance 517 and historical interpretation; determine if formal Board action is needed.
• TRT Use (Transient Room Tax) – Review allocations, compliance with restrictions and local policy; identify community-benefit options; inform future budget/policy.
• Agenda Requests – Agenda Process Review – Clarify pathways for all commissioners; staff notification and packet timelines; consider "Agenda Request" category; create stable,

transparent framework.

• Additional Item(s) Placeholder – Space for time-sensitive matters prior to agenda finalization.

Date: January 26, 2026

To:
Commissioner Chuck
County Counsel Yuille
MTEAM
BOC Administrative Staff (Agenda & Meeting, Logistics and Preparation)


 From: Commissioner Casey Miller, Chair, Lincoln County Board of Commissioners


Re: Direction to Notice and Schedule Special Board of Commissioners Meeting

As Chair of the Lincoln County Board of Commissioners, I am directing staff to notice and schedule a special public meeting of the Board in compliance with Oregon Public Meetings Law (ORS 192).

The special meeting shall be held as follows:

- Wednesday, January 28, 2026
- 10:00 a.m.
- Board of Commissioners Meeting Room #108, Newport, Oregon
- Public meeting held in a hybrid (in-person and virtual) format.


Overview:

This meeting is being called to allow public discussion of time-sensitive governance and public safety matters following the cancellation of the January 21, 2026 meeting.

If a Board member has a genuine scheduling conflict with the proposed time, staff may adjust the meeting time within the same business day to reasonably accommodate availability, provided that any adjustment complies with ORS 192 notice requirements and does not result in undue delay.


Agenda (Principal Subjects)

1. Commissioner Vacancy Appointment Process (Discussion)

Date: February 5th, 2026

To:
Commissioner Chuck
County Counsel Yuille
MTEAM
BOC Administrative Staff (Agenda, Meeting Logistics, Preparation)

From: Commissioner Casey Miller, Co-Chair
Lincoln County Board of Commissioners

Re: Notice and Scheduling of Special Board of Commissioners Meeting on February 11th

---

Pursuant to my role as Tenured Co-Chair of the Lincoln County Board of Commissioners, and consistent with Oregon Public Meetings Law (ORS 192), I am requesting that staff notice and schedule a special public meeting of the Board to address time-sensitive governance and public safety matters.

Proposed Meeting Details

- Date: Wednesday, February 11, 2026

- Time: 10:00 a.m.

- Location: Board of Commissioners Meeting Room #108, Newport, Oregon

- Format: Hybrid (in-person and virtual)

---

Purpose / Overview

This special meeting is requested to allow public discussion of time-sensitive governance matters.

If a Board member has a scheduling conflict with the proposed date or time, staff may coordinate a reasonable adjustment within the same business day, provided notice requirements under ORS 192 are met and no undue delay occurs.

---

Proposed Agenda (Principal Subjects)

1. Commissioner Vacancy Appointment Process (Discussion)
   Discussion of the ongoing topics, process and timeline for filling the current Board vacancy.

2. District Attorney Staffing Levels (Decision—Action)
   Discussion of current staffing levels in the District Attorney's Office. DA Wallace, HR, Finance and others are advised for a robust discussion.

3. Executive Session — ORS 192.660(2)(h)(i)

   o To review and evaluate the employment-related performance of a public officer, employee, or staff member who has not requested an open hearing.

   o To consult with counsel concerning the legal rights and duties of a public body with regard to current or likely litigation.

---

Logistics and Scheduling

If there are logistical or statutory considerations affecting the proposed meeting date, time, or format, please advise promptly so they may be addressed without delay.

If any Board member is unavailable to attend in person, the meeting may proceed in hybrid format from the Board meeting room.

---

Thank you for your assistance in facilitating this meeting.

Commissioner Casey Miller
Co-Chair, Lincoln County Board of Commissioners

**MEMO – Agenda Item Requests**
**Board of Commissioners Regular Meeting – January 21, 2026**

**To: Board of Commissioners Staff**
**Cc: County Counsel**

Team,

At the January 7, 2026 Board of Commissioners meeting, the Board adopted a motion providing that Commissioner Chuck would chair the first regular meeting of each month and Commissioner Miller would chair the second regular meeting of each month (meeting recording at approximately 00:45:37).

Consistent with that action, I am scheduled to serve as Chair for the January 21, 2026 regular meeting of the Board of Commissioners.

In preparation for that meeting, I am requesting that staff proceed with the usual agenda preparation process for January 21, 2026 and include the agenda items previously submitted on Thursday, January 16, 2026, which are restated below for convenience. This includes routine coordination with departments as appropriate and posting the agenda in accordance with applicable notice requirements.

If there are any procedural or logistical questions related to agenda preparation, please let me know so they can be addressed through the normal coordination process.

---

Agenda Item Requests – January 21, 2026

Please add the following discrete items to the agenda. Some items may require executive session.

For scheduling purposes, please place the District Attorney Wallace agenda item at the top of the Decision/Action section. Given her court obligations, a brief courtesy text during the meeting may assist in coordinating her availability when she is able to step away.

Proposed Agenda Items:

- Commissioner Vacancy – Process Overview and Next Steps (Decision/Action)
- Co-Chair Governance Structure – Framework Discussion and Possible Board Direction (Decision/Action)
- Update to Minutes (Decision/Action)
- Federal Policy Impacts, Including Immigration Enforcement – Overview (Discussion)
- Deflection Program – Status Update (Discussion)
- Roadside Spraying Policy – Review (Discussion)
- Animal Shelter – Operational Update (Discussion)
- District Attorney Wallace – Policy or Operational Matters (Decision/Action)
- Audit Action Plan – Status Update (Discussion)
- Public Comment Rules – Review (Discussion)

- Process Mapping Initiative – Overview (Discussion)

- Climate Action Plan – Status Update (Discussion)

- OGEC-Related Matters – Process and Status Update (Discussion / Executive Session as authorized under ORS 192.660 (2) (b, f, h))

- Agenda Development Process – Review (Discussion)

- Commissioner Report – CSC Governing Board Meeting

- Commissioner Report – Senator Merkley Town Hall

-

**2.4.26 - AGENDA ITEM MEMO (Update #2) – COMMISSIONER VACANCY APPOINTMENT –
Timeline & Details**

**To:** Walter Chuck & County Counsel
**Cc:** Board Administrative Staff & MTEAM
**From:** Commissioner Casey Miller
**Date:** February 2, 2026
**Re: Commissioner Vacancy Appointment Process 2026 (Update #2)**

---

**Public Meeting Access:**

The Board of Commissioners Meeting Room #108 needs to be available for use at
Wednesday's Regular Meeting. The public, employees, media and elected officials all desire in-person access.

For more than 30 years, our community has physically gathered at the Lincoln County
Courthouse for Board of Commissioners meetings. In-person access is a standard local
government practice and required by public meeting law. *"A governing body of a public body
shall provide for and make available to the public an opportunity to attend meetings…"* ORS
*192.630(4)*

**Online Agenda(s) and Meeting Packet Information (CVIC Clerk Portal)**

The 2.4.26 meeting agenda has not been published online. Please publish the meeting agenda,
packet information and additional placeholders for this Wednesday's meeting (1st and 3rd –
Wednesday regular meetings) and forthcoming special meetings. It is essential that community
and elected officials can simultaneously access meeting information in a timely manner.

If you need help with organizing meeting room space and logistics… If you need help uploading
and editing online information… I can help. Please let me know if there are constraints or
challenges so that I can assist our team to align ourselves with best practices.

---

**Meeting Dates and Scheduling**

These current agenda/meeting events are intended to facilitate orderly Board scheduling and do
not alter the Board's authority to adjust agendas or meeting procedures by majority vote.

The Commissioner Vacancy Appointment Process is a priority. However, the Board does not
desire to compromise transparency, professionalism and community engagement at the risk of
urgency.

Applicants deserve every opportunity for clarity and dates/scheduling. The community also deserves the opportunity to participate in the public process and engage with the candidates.

---

## February 2, 2026 — All commissioner applications posted on Lincoln County's Website

Applicants are advised that if their application does not appear online they should send immediate emails to ALL of the following:

clmiller@co.lincoln.or.us
wchuck@co.lincoln.or.us
boc@co.lincoln.or.us

---

## February 4, 2026 — Regular Meeting

As of Friday, January 30 the meeting agenda was distributed to the media. It did not contain an agenda item for "Commissioner Vacancy Appointment" (Discussion). The agenda was not published on the CVIC Clerk agenda portal on the County's website

Please post the agenda/packet online – consistent with past practices and published at the latest (Thursday/Friday prior to the coming Wednesday regular meeting).

**Agenda - Discussion: Commissioner Vacancy Appointment Process**

---

## February 11, 2026 — Special Meeting

I am calling a special meeting of the Board of Commissioners for February 11, 2026. In connection with that meeting, please prepare and post an agenda including the following:

**Agenda – Discussion: Develop Interview Questions & Community Feedback/Engagement Opportunity.**

---

## February 18, 2026 — Regular Meeting

Pursuant to that motion, I will be serving as Chair of the Board of Commissioners for the February 18, 2026, regular meeting.

Please prepare the agenda for February 18, 2026, regular meetings and include the agenda items listed in the attached memo.

**Agenda – Action: Board Deliberation to Select 4 Commissioner Finalists**

---

## February 25, 2026 — Special Meeting (In-Person Interviews)

Please schedule a Board of Commissioners special meeting on February 25, 2026, for in-person interviews and prepare and post an agenda reflecting that purpose.

**Agenda - Discussion: In-Person Interviews of Candidates**

---

## March 4, 2026 — Regular Meeting

Please include on March 4, 2026, regular meeting agenda with a agenda item.

**Agenda – Discussion: Review of community feedback, candidate meet-and-greet with community and management team.**

---

## March 18, 2026 — Regular Meeting (Action: Commissioner Deliberation & Appointment)

Pursuant to the established meeting schedule, please include on March 18, 2026, regular meeting agenda.

**Agenda - Action: Board deliberation and appointment of a county commissioner.**

---

## MARCH 2026 (TBD) - New Commissioner Onboarding (BOC Special Meeting)

The Board shall prepare a public meeting to provide an onboarding opportunity for the newly appointed county commissioner. Details to follow may include review of community and board assignments, state and legislative opportunities, presentations from MTEAM, and opportunities to review the various activities expected and optional in service to the community and within the organization of county government.

**Agenda – Discussion: New Commissioner Onboarding**

Please set up each of the above meetings to be held in hybrid format, with in-person attendance in Room 108 and remote participation available via Zoom, consistent with recent Board practice.

Please proceed with the usual agenda preparation process for all of the above meetings, including coordinating with departments as necessary and posting agendas in accordance with applicable notice requirements.

If there are any procedural or logistical questions regarding these directions, please let me know promptly so they can be addressed without delay.

Thank you for your assistance.

Respectfully,

Casey Miller
Co-Chair Lincoln County Board of Commissioner
Chair, February 18, 2026 Regular Meeting
Chair, March 18, 2026 Regular Meeting
Lincoln County Board of Commissioners

**Authority**

At the Board of Commissioners meeting on January 7, 2026, the Board adopted a motion providing that Commissioner Chuck would chair the first regular meeting of each month, and Commissioner Miller would chair the second regular meeting of each month.

**BOARD MEMO – Commissioner Vacancy – 1.7.25**

**Subject:** Request for Work Session & Staff Report – Commissioner Appointment Process Review
**From:** Commissioner Casey Miller
**Date:** January 7, 2026
**To:** Board of Commissioners
**Cc:** County Staff, County Counsel

---

**Purpose**

To request a publicly noticed work session (or discussion item) to **review, update, and refine** the Commissioner Appointment Process before we begin the upcoming vacancy process.

This effort is intended to ensure:

- transparency,

- consistency,

- fairness,

- clarity for the community,

- and a shared understanding among all commissioners.

This memo is *not* a critique of the previous process; it is simply an opportunity to improve and modernize the structure moving forward.

---

**Background**

The 2025 commissioner vacancy process highlighted several areas where criteria, methodology, and responsibilities were not formally adopted by the Board in a public meeting.

Given the high level of community interest in the appointment of a new commissioner and the significance of the role, it is appropriate—and good governance—for the Board to review the process and formally adopt clear procedural steps, criteria, and expectations before initiating the new appointment cycle.

---

**Request**

I respectfully request that the Board:

1. **Schedule a work session or discussion item** dedicated to reviewing the commissioner appointment process; and

2. **Direct staff to provide a written staff report** that outlines the current process, identifies decision points, and provides options for Board consideration.

This will allow the Board—myself and Commissioner Chuck, and soon the newly appointed commissioner—to collaboratively refine and finalize a clear, transparent process the public can understand.

---

**Suggested Elements for the Initial Staff Report**

These are minimal baseline elements to ensure we have a starting point we can build from and revise as needed:

**1. Application Design & Content**

- Current application form
- Proposed revisions
- Questions that are legally permissible vs. impermissible
- Whether political affiliation questions belong in a nonpartisan seat
- How applicant contact information is collected and handled

**2. Eligibility & Qualification Criteria**

- Statutory requirements
- Any additional non-statutory criteria the Board may consider
- Recommendations for clarity

**3. Rating & Evaluation System**

- Options for scoring rubrics
- Possible weighting systems
- Methods for combining scores

- Transparency guidelines for scoring

**4. Interview Process**

- Proposed standardized interview questions

- Format options (time limits, structure, order of questions)

- Whether written closing statements should be included

**5. Public Participation Opportunities**

- When and how the public can provide input

- Publication process for applications

- Processes for responding to public comment

**6. Timeline & Workflow**

- Step-by-step timeline from vacancy to appointment

- Responsibilities of staff vs. Board

- Internal deadlines

- Notice requirements

**7. Draft Procedural Flowchart**

A visual, simple diagram of the whole process.

This initial staff report is not expected to resolve everything—it simply gives the Board a structured starting point so we can refine, modify, and finalize a publicly adopted process.

**Agenda Requests from Casey Miller (Since July 2024)**

To:Kenneth Lipp;+2 others
Cc:Todd Richmond

Wed 7/17/2024 3:10 PM

Memo re HB 2806 Executive Session topics - safety and cyber security.pdf

All -

Let's make sure that the entire BOC is surely aware of this update in executive session.

 E. g. - If we have another IT cyber security exercise knowing this option **(Cyber Security Executive Session)** would be useful to role play with how and when we utilize this option to mitigate a cyber-attack.

And would we or could we bring in CIS and other staff to those discussions when we have them?

Thank you,

Casey Miller
County Commissioner, Chair

To:Timothy Johnson
Cc:Kristin Yuille;Kenneth Lipp;Kathleen Kellay

Thu 8/15/2024 3:34 PM

Tim (& all) -

I would appreciate some support materials and analysis. Landers has submitted a memo with signature lines for the BOC asking for general fund dollars. I presume that other BOC would have similar questions.

*Is there an official BOC agenda request?*

A staff report and overview of the "Lincoln County's Deflection Program" (thus far) to support the memo is needed.

Areas of interest:

- What is the intent of the Deflection Program (the basic overview & philosophy).
- What are the citations for deflection vs. criminal charges in our County?
- Projected number (even ballpark) of people we anticipate going through treatment under our new deflection program? What is our current status? and What do we hope to achieve? What barriers is our program likely to face? What is the plan for LC and Newport police departments? How will OSP participate?
- *What percentage of law enforcement encounters are candidates for treatment?*
- Grant budget overview: how will the dollars be allocated withing the program itself. Spreadsheet, etc.?

- Revenue (incoming?): as more dollars come in from (OR Legislature, Feds, OJD, or our County) how and where will the dollars be allocated?
- Budget projections: what is the outlook and sustainability in the coming years for this deflection programming?
- Copy of the grant application that was submitted
- Who are the treatment and resource providers?
- Where are the current gaps in our program's current development that will be resolved in time?
- What needs to be developed outside of the grant program for current and continued success?

With HB 4002 our hope is more leverage to get community members into mental health and substance abuse treatment. My understanding is that with Measure 110 community members who were "encountered" and to be in possession of drugs were given a 1 800 number.  (Do we even have any number of how many 1800 numbers were given out under measure 110?)

Transparency and accountability for how the 110 dollars are being used to get more community members into treatment has been a concern of the community. And, of course, the community deserves to understand how their tax dollars are at work.

Regards,

Casey Miller
County Commissioner, Chair


To:Mikel Diwan;Kenneth Lipp;Timothy Johnson
Cc:Kristin Yuille

Thu 9/12/2024 11:23 AM

All -

This was submitted @BOC thus all commissioners should be aware of it as it populates "public comment".

At our next meeting we'll recognize the submission and likely ask staff to analyze the request.

From there it might be resolved administratively or if necessary, return the matter back to the Board for review in another meeting.

Regards,
Casey Miller

From: clmiller@co.lincoln.or.us <clmiller@co.lincoln.or.us>

Sent: Thursday, October 24, 2024 12:56 PM

To: OGEC Training * OGEC <training@ogec.oregon.gov>

Subject: Lincoln County Commissioner Casey Miller, Chair Training Request - Website


You don't often get email from clmiller@co.lincoln.or.us. Learn why this is important

Oregon Government Ethics Law (CH 244) Training Options:

2.5 hours Overview

Lobby Law (CH 171) Training Options:

Public Meetings Law (CH 192) Training Options:

2.5 hours Overview: 2.5 hours Overview: This session will cover both public meetings law as well as the executive session provisions. This session meets the statutory training requirement.

Trainings are available in-person, virtually via Zoom/Teams, or through Workday Learning.

In-person

About how many people do you expect to attend?

15+

Are you able to open your training to other public bodies in your area?

Yes, we have the space to host

Please provide a brief description of your A/V set-up. We use a polling software that requires the use of an OGEC laptop and WIFI.

In our Board of Commissioner Meeting Room. We can provide A/V equipment needs, availability of WIFI access, live stream and recording.

1st Choice Date

11/13/2024

2nd Choice Date

11/27/2024

1st Choice Time

2:00 - 4:00 p.m.

2nd Choice Time

2:00 - 4:00 p.m.

Organization

Lincoln County Commissioner Casey Miller, Chair

www.co.lincoln.or.us

clmiller@co.lincoln.or.us

Additional Information

OGEC - My priority as Chair of the Lincoln County Commission is engaging OGEC for Public Meetings Law (CH 192) Training Options and Oregon Government Ethics Law (CH 244) Training. If we could bundle these training(s) into one long session that is worth considering. I think it would be advantageous that our organization includes the immediate

staff of the Board of Commissioners, County Administration and entire Legal Counsel team. Additionally, I would like to include our Management Team which is composed of department heads and elected officials. As we have additional room in our Board chambers, I would like to extend the training to other jurisdiction elected officials, perhaps through an RSVP process. In our Board of Commissioner Meeting Room. We can provide A/V equipment needs, availability of WIFI access, live stream and recording for additional education to the community. I've selected two initial dates for consideration. 11/13/24 and 11/27/24. These dates and times would follow our regular Board of Commissioners meeting. Of course, any forthcoming opportunity is desired to maximize participation and engagement. Please advise and thank you for the opportunity, Casey Miller, Chair Lincoln County Commission

To:Jenna Wallace;Timothy Johnson
Cc:Aimee Wirick;Anna Cooper

Sun 11/17/2024 1:04 PM

All -

Ms. Wallace raise several important questions. My desire is that we collaborate cooperatively to help all departments understand and create clarity of budget controls, process and procedure.

I am examining our budget document now and trying to identify in fund lines of HR and Legal where our contracted service dollars are located. Please advise.

II is important to me, I hope the other commissioners, and the budget committee that we a can clearly identify the externalization of contractual services as well as how we identify and allocate internal service charges legal or otherwise.

I have placed the topic of "Contracted Legal Services" in the section of "Future Considerations" in my 11.27.24 memo to the BOC.

Regards,

Casey Miller
County Commissioner, Chair

Memo & Requests for the 11.27.24 BOC Meeting
To: Commissioners, Staff, and Community*
From:
Casey Miller
County Commissioner, Chair
c. 541.270.6796
clmiller@co.lincoln.or.us

Agenda Setting Process

I suggest we initially discuss creating a resolution to define the agenda setting process and procedure.

Our staff puts considerable time and effort into creating the meeting agenda, packet, and audio/video presentations. It's important to me that we respect their workflow. Establishing clear timelines for internal and external submissions will help us create a final agenda that empowers our community to engage with the Board as fully as possible.

Request: Add to Agenda (11.27.24) Discussion item: "Agenda Setting Process & Procedure"

OGEC Training

OGEC has said they can come to Lincoln County and conduct training for Public Meetings Law (CH 192) and Oregon Government Ethics Law (CH 244). OGEC through email said, "Would a day in the February 18th-21st or 24th-28th range work for your board members?" County administrator also responded, "After learning of the Oregon Ethics Commission timetable for presentation in February, staff can work to prepare calendar dates for either a face-to-face or online training similar to the state Bureau of Labor training County staff had two years ago. I will check on any conflicting dates or scheduling issues and report back."

Request: Add to Agenda (11.27.24) Reports item: "Oregon Government Ethics Training Update"

County Commons

Newport Rotary has its most important fundraising event during the Annual Fair and Rodeo event. After attending a Rotary meeting last week, both myself and Rotary organizers are unclear if they will be able to use the commons this July.

Request: Add to Agenda (11.27.24) Reports item: "County Commons and Annual Fair Update"

Anderson Creek Road Drainage Improvements

Several months ago, I was contacted by a family member regarding their property on Anderson Creek Road. Since then, our public works staff have physically investigated the location and had several discussions with the family and our administration to review the possible drainage improvements within the right-of-way (ROW) to lessen the flooding issues.

Request: Add to Agenda (11.27.24) Reports or Discussion: "Anderson Creek Road Drainage Improvements"

Lincoln County Water Systems Alliance (LCWSA)

On the 10.23.24 Board of Commissioners meeting, Billie Jo Smith, Lincoln County Water Systems Alliance (LCWSA), presented before the commission. It was expected that she would return on the 11.6.24 meeting for a discussion or possible resolution to support the LCWSA.

Request: Add to Agenda (11.27.24) Reports, Discussion, or Decision/Action item: "Lincoln County Water Systems Alliance"

Johnson Creek Bridge

At our 11.6.24 meeting, we received considerable public input regarding Johnson Creek Bridge. I am sure we all agree that the situation is an issue of public concern. This week, a member of the Bear Creek Special Road district reached out to me and said they had not yet met with members of our staff. An update would be appreciated.

Request: Add to Agenda (11.27.24) Reports, Discussion, or Decision/Action item: "Johnson Creek Bridge"

Commissioner Miller - Report(s):

• Please anticipate an Association of Counties Conference update, including my work as our Forest Trust Land Advisory Committee representative. At AOC, we will be considering and acting on a 2025 operating budget, holding elections for Officers and CFTLC Board of Directors, hearing the annual report from The Department of Forestry, as well as an update on a proposed bill concept for 2025, the proposed Habitat Conservation Plan, and updates to the Forest Management Plan on our State Forests and Trust Lands.

• I recently attended an OGEC virtual training on Executive Session. Attached infographics are attached here.

• I visited Johnson Creek Bridge and spoke with residents who live on the south side of the bridge. Photos available.

Future Meeting Topics and Considerations

• FEMA Floodplain Rules

• Climate Action Plan Activity

• Contracted Legal Services Update

• Community Services Consortium and Cascades West Council of Governments

• Finance Director Position

• Fire Defense Board Request

• Public Records Requests

• More to come…

*Public Input appears under the public input section of the agenda with other written submissions. Use of the BOC email should ensure that all commissioners receive the email and that it is part of the public record. This memo has been submitted through our online community input form and the email boc@co.lincoln.or.us.


To:boc
Cc:Geneva Campitelli
Bcc:yachatsnews@gmail.com;+4 others

Tue 12/10/2024 8:30 PM


Miller - Memo & Report - 12.11.24 - BOC Meeting (Final Combined).pdf
Commissioner Memo/Report for the (12.11.24) Board of Commissioners Meeting

To: Commissioners, Staff, and Community & Media

From:
Casey Miller
County Commissioner, Chair

Thank you,

Casey Miller

County Commissioner, Chair

To:Timothy Johnson
Cc:Geneva Campitelli;boc

Sun 1/5/2025 5:19 PM

Assistant Legal Counsel - Job Description.pdf
BOC AGENDA REQUEST FORM - 1.8.24 - Contract Legal Services.pdf

Legal Counsel - Job Description.pdf

Memo - Agenda Request (1.8.24) - Contract Legal Services.pdf
ORS 203.145 - Appointment of Legal Counsel.pdf
BOC AGENDA REQUEST - 1.8.24 - Executive Session.pdf
Executive - Closed Session (Excerpt).pdf
Executive Session Checklist.pdf
H. Legal Counsel - Executive (closed) Session.pdf
Memo - Agenda Request (1.8.24) - Executive Session.pdf

All -

Please find attached agenda requests and packet documents for the coming commissioners meeting.

I am aware of the first agenda notice went out 1.3.24.  I ask that we send out a revised agenda notice as new items are added prior to the meeting.

Note this type of executive session typically excludes media.

Any questions, let me know.

Thank you,

Casey Miller
County Commissioner, Chair

To:Geneva Campitelli
Cc:Timothy Johnson

Mon 1/6/2025 9:45 AM

My request for Agenda - Executive Session: H. Legal Counsel is to Discuss litigation. We have received Notice of Tort Claim.

Administrator & Chair -

Agenda Item – Discussion – Ordinance #517

Attachments:

- Personnel Rules
- Ordinance #517
- SECTION 6. ORS 192.660
- Memo and Agenda Requests

This is a formal agenda request to review Ordinance #517 (and immediately thereafter or in parallel) make recommendations to update the county's personnel rules reflecting the organizational position of the county administrator.

We should discuss whether the governing body has adopted hiring standards, criteria and policy directives in meetings open to the public in which the public has had the opportunity to comment on the standards, criteria and policy directives for chief operating officer positions.

Further, there is no identification of the administrator position in Lincoln County's Personnel rules. This is problematic for many reasons. How staff identifies chain of command regarding complaints in the rules is just one example.

Following, it would be logical for the performance evaluation of "counsel as interim administrator" to follow our ordinance review considering that county counsel position(s) were in the interim position of administrator for 10 months prior to our current administrator's arrival. (County counsel was appointed as interim administrator in July of 2021.)

The lack of identification of Liaison Commissioners and the fact that the ordinance itself, which states 24 months or sooner for review, means the Board is considerably overdue for this ordinance review and that it should be completed as soon as possible.

It should be noted that the current administrator's evaluation(s) that were requested and scheduled have been premature from the 10,000-foot view of good process. Please note I have requested this ordinance be reviewed previously.

Commissioner Jacobson's final date is approaching us quicky. Any other house cleaning before a new commissioner arrives is advisable. "Resolution for agenda procedure" is also advised prior to the arrival of a new commissioner.

This agenda request is not intended in any way for deliberation in advance of the meeting between commissioners.

Regards,
Casey Miller


To:Geneva Campitelli;Timothy Johnson

Tue 1/14/2025 11:03 AM

All - I am in transit from attending meetings in Salem.

My request to the chair and staff is that we convene a work session as soon as possible to review the process and procedure and finalize the application for commissioner position.

I will create a "formal agenda request" later today that we convene a noticed public meeting work session. Considering that the application and applicants will come before the public body at a future date we need to vet the application and process through the BOC meeting process.

I appreciate that everybody wants to get this rolling, but we need to make sure we do these procedural steps.

Thank you, Casey


**Agenda Request - Discussion - Commission Vacancy**

Administrator (and Chair)-

I appreciate Administrator Johnson acknowledging my request for a work session regarding "Commission Vacancy" sent by me to staff on 1.14.25.

This agenda request update is provided by me to Chair Hall at the 1.22.25 commissioners meeting.

It is clearly of community importance and time is of the essence. We've received a number of public comments so far and there has been media coverage.

Given the timing of this vacancy with what has been happening in the office I feel that we might look for other possible options to make this interim appointment (other than 2x commissioners) and create clarity on the procedure.

- Could the Governor's Office assist and identify a candidate from the applicants?
- Perhaps the Association of Counties to provide an impartial organization to assist on this appointment?
- Who are the candidates thus far? (How do we identify individuals in any conversations that we should not be having conversations with?)
- What if there is a deadlock on applicants?
- These are but a few things we might discuss.


How many applications have we received?
What is the process and procedure?

Casey Miller




Casey Miller, Tim Johnson
Cc:Geneva Campitelli

Mon 1/27/2025 2:29 PM

Tim -

Any updates on the Building Code Division and Non-Building Employees
situation would be appreciated.

I would recommend an BOC agenda discussion item/work session or separate MTEAM meeting with Planning Director and BCD Official as necessary to resolve or explore the situation further.

Thank you,

Casey Miller
County Commissioner


To:Timothy Johnson;boc

Fri 1/31/2025 2:39 PM

All -

The County Commission is ultimate responsible entity for the fair and uniform treatment of all employees.

**My directive is that the entire Board meet in executive session to discuss several matters in a correct and fair procedural process.**

I have secured contract legal services to ensure the Board to have outside and impartial legal guidance.  I am directing Administrator Johnson to make arrangement with this counsel and a meeting date for BOC.

We need to address several things promptly and thoroughly, maintaining confidentiality to limit possible ongoing adversity to county employees, administration, and others.

Thank you,

Casey Miller
County Commissioner


To:Jenna Wallace;Claire Hall;Walter Chuck

Tue 2/25/2025 5:13 PM

All -

February 25, 2025

From: Board of Commissioner Office Casey Miller, County Commissioner

To: Board of Commissioners Office Commissioner Hall, Chair
Incoming Commissioner, Walter Chuck - to be sworn in 2.28.25

RE: Executive Session Requested - ORS 192.660(2)(b)

REQUEST TO CONVENE THE GOVERNING
BODY - NOT TO DELIBERATE IN ADVANCE OF THE MEETING

**Ex. 2**
**Page 33 of 60**

Commissioners Hall, Chair –

I request that we arrange for the media to be notified and an agenda to be publicized, so the Board can convene an executive session to discuss ORS 192.660(2)(b) personnel issues.

More support materials and details to follow.

Regards,

Casey Miller

To:pres@lcea-oregon.org;David Collier;Claire Hall;+4 others

Tue 2/25/2025 4:00 PM

All -

As a technical note... Walter Chuck will not be sworn in until 2.28.25 - 3PM. Yet, he appears to have a working email prior to being sworn in.

I have previously requested executive session (documented numerous times) to discuss this and other matters.  I have made the request internally through county administrator and in the public meeting itself.

*My request: Please. Let us meet as professionals and work through the concerns of this and others regarding county government. It is essential.*

Personnel Rules: "The Lincoln County Board of Commissioners (BOC) values the public service provided by the employees of Lincoln County. It is the intent of the Board to treat employees in a fair and consistent manner in all aspects of the employment relationship.  The Lincoln County Board of Commissioners has the ultimate responsibility and authority for the administration of these policies."  (https://www.co.lincoln.or.us/987/Lincoln-County-Personnel-Rules-PDF)

I request the BOC gather to discuss ORS 192.660(2)(d), labor negotiations; ORS 192.660(2)(b), personnel issues.

Thank you,

Casey Miller
County Commissioner

To:Kenneth Lipp;Geneva Campitelli
Cc:Claire Hall;Walter Chuck

Mon 3/3/2025 1:10 PM

Date:
3.2.25

To:
Kenneth Lipp
Geneva Campitelli

**Re: Agenda 3.5.25 - Associated Packet Documents - Requests**

There are a number of items on the agenda that have no support documents uploaded into the packet. I would like to be sufficiently prepared in advance of the meeting.  Any ideas when we will upload this information?

H. Execution of Documents

i. 2025-2027 Community Dispute Resolution Program Grant Funds
iii. Daniel Helfrich Fair Board

VII. DISCUSSION/INFORMATION (Note the Board could act on the following topics)

A. Short Term Rental Moratorium - Presented by Kristin Yuille, County Counsel

VIII. REPORTS

1.  Staff and Partner Report

XI. EXECUTIVE SESSION

NO ITEMS

**Regarding agenda requests...**

On 2.20.25 - I requested the BOC gather to discuss ORS 192.660(2)(d), labor negotiations; ORS 192.660(2)(b), personnel issues.

Any ideas of why we are not meeting in executive session?

*Can we also add - agenda category:*

XII  **OTHER BUSINESS**

This would facilitate an opportunity for discussion and open dialogue that has been absent from our meetings for quite some time.

I have no current understanding of how/why the agenda is getting created.  It would be really nice to have some understanding of what is going on and more opportunity to be heard as a commissioner.

*BOC is included here and not for deliberation between us in advance of the meeting.*

Thank you,

Casey Miller

County Commissioner

Casey Miller

To:Geneva Campitelli;Kenneth Lipp

Bcc:Walter Chuck

Thu 3/6/2025 2:25 PM

<mark>* INFORMATION ONLY - NOT FOR DELIBERATION - BOC & STAFF TRAINING</mark>

**CIS Spring Supervisor Training 2025 - for Commissioner Chuck**

**Spring Supervisor Training 2025: Tee up New Hires for Success — How to Recruit, Onboard and Supervise with the Long Game in Mind**
**https://cis.sabacloud.com/**

Objectives: Develop successful strategies for addressing different types of conflicts; Explain the role of various verbal and nonverbal elements (posture, tone of voice, silence, physical distance, etc.) as they pertain to conflict resolution; Recognize the positive impact that apologizing has in reducing the length and severity of most conflicts; Illustrate the value of empathy and perspective-taking as a successful conflict resolution technique

This training is designed for supervisors and managers at all levels who want to strengthen their approach to recruiting, onboarding, and supervising new employees. Whether you're a new supervisor looking to build foundational skills or an experienced leader seeking to refine and enhance your team-building strategies, this session will provide valuable insights.

The cost of conflict in the workplace is significant, both in terms of time and money. Conflicts are estimated to result in over $359 billion in lost productivity, and an average of 42% of every manager's time is spent dealing with various conflicts.

**Spring Supervisor Training 2025: Tee up New Hires for Success — How to Recruit, Onboard and Supervise with the Long Game in Mind - Class|Course ID: CIS_ILT_SST2025|V 1**

Thank you,

Casey Miller

**From:** Casey Miller
**Sent:** Friday, March 14, 2025 12:11 PM
**To:** Casey Miller <clmiller@co.lincoln.or.us>

**Cc:** boc <boc@co.lincoln.or.us>
**Subject:** BOC Agenda Item(s) Request - from Commissioner Miller

All -

Please add: Work Session or Discussion Item on the coming Agenda *(or any scheduled BOC meeting as needed when needed with appropriate notice)*

**Continuity of Operations and/or Ordinance #517 Discussion**

I believe the Board and MTEAM needs an immediate update and discussion for continuity of operations:

- Who is performing supervision of departmental directors at this time?

- Who is the central point of contact for non-supervisory questions and projects previously performed by Mr. Johnson?

- Did Johnson or Jacobson leave any project lists or priorities?

- Should the Board appoint an interim administrator?

- When will the Board have a bigger analysis of #517

It is possible that we can have an interim administrator "in the interim". We could temporarily return to BOC as supervisors. Whatever the Board decides we need tighten up the current situation and create a shared awareness for everyone's benefit. *It has been over a month since the resignation of Johnson.*

The role of the County Administrator as outlined in Ordinance #517 includes various supervisory and administrative responsibilities. Supervision and liaison are two different categories and functions identified in #517.

- The County Administrator is responsible for the general administration of County affairs and service districts. Ensures the enforcement of all Board policies, codes, ordinances, and contracts. Authority over Department Directors (except Elected Officials and County Counsel). Coordinates with directors to ensure efficiency and economy in County operations. Prepares and submits the annual budget in coordination with the Finance Director and Management Team.

- Liaison Commissioner is a member of the Board of Commissioners assigned to one or more County departments, offices, committees, or agencies. The purpose of the Liaison Commissioner is to stay informed about issues pertinent to the assigned department, office, committee, or agency. The Liaison Commissioner does not have administrative authority but is responsible for communicating information to the Board.

- In case of a vacancy, "**the Board**" appoints an Acting County Administrator. A temporary designee can also be appointed to assume responsibilities during absences.

In the bigger picture I urge the Board to consider following through with the original architecture of #517 which recommended "first evaluation within 24 months of the ordinance adoption to determine if any changes in duties or authority are needed."

Looking forward I believe our governance model and any revisions be an inclusive conversation where MTEAM is at the table. Has the administrator model served the needs of our organization?

I am distributing a survey to commissioners for comparative models across a number of areas. So far, the responses are encouraging. We are not alone in working though our needs to define, revise and evolve our organizational management approaches.

More to come in this. I appreciate your consideration and collaboration.

Regards,

Casey Miller

County Commissioner

c. 541.270.6796
w. 541.265.0211

clmiller@co.lincoln.or.us


**Date:**
4.13.25

**To:**
Commissioner Hall, Chair
Commissioner Chuck

**Cc:**
Mr. Dominic Carollo
Kenneth Lipp, PIO

**Forward:**
CIS pre-loss
Local News & Media

**Re:**
**Agenda Item Request - 4.16.25 - Contract Legal Services**
Not meant for deliberation by the BOC in advance of the meeting

*I made this agenda request previously to Administrator Johnson/Hall/Jacobson (documented 1.8.25 - previous agenda request attached here.) This item never appeared on the agenda.*

Considering that we have the resignations of Jacobson, Johnson and new Commissioner Chuck - I thought I

would give this agenda request another try. I spoke with Mr. Carollo Friday (4.11.25) and he is still willing to provide services if a majority of the BOC agrees. His contract is attached here.

**Agenda Subject:**
Contract Legal Services with Carollo Law

**Category/Type:**
Discussion, Decision/Action, Executive Session

**Purpose/Overview:**
For the BOC to review and discuss the relevance of independent legal counsel for various items of concern that the county is dealing with.

Possible Scope of Work/Projects:

- General Counsel Services
- Participation in BOC meetings if needed
- Other work sessions, special meetings, executive session
- Personnel Rules interpretation, updates
- Special projects & more

To be expected Carollo Law has the experience necessary to help advise the BOC through set up and implementation of executive session in accordance with public records and meeting laws.

Dominic serves as county counsel for Harney County and Grant County and also provides a variety of as-needed services to other counties and their offices of county counsel.

Project approvals/administration of contract:
TBD. Typically, they would work with our legal team. Contract included here.

Contact:
Dominic M. Carollo
Carollo Law Group, LLC
Ph: (541) 957-5900
dcarollo@carollolegal.com

Thank you for your consideration,

Casey Miller

To:Casey Miller;Walter Chuck;Claire Hall
Cc:Kenneth Lipp

Sun 4/13/2025 3:14 PM

**Ex. 2**
**Page 39 of 60**

*Note: my agenda request on Friday had the incorrect agenda request date of 4.26.25*

<u>*However, the current agenda item that did appear does address*</u> *some of my concerns: Agenda item on 4.16.25 - VII (DISCUSSION/INFORMATION - A. Review of Order #02-25-062 Appointing Hall as "Liaison Commissioner" Pursuant to LCC 7.205 to 7.245.* ***Whether or not the breadth and depth of the discussion regarding systemic management complexity occurs in the meeting with Chuck, Hall and I remain to be seen this Wednesday.***

**Date:**
4.11.25

**To:**
Commissioner Hall, Chair
Commissioner Chuck

**Cc:**
Kenneth Lipp, PIO

**Forward**
Local news & media
Management Team

**Re:**
**Agenda Item Request 4.16.24 - Continuity of Operations**
*Not meant for deliberation in advance of the meeting.*
*(previously requested by me to the BOC on 3.29.25)*

**Agenda Subject:**
Continuity of Operations

**Category/Type:**
Discussion

**Purpose/Overview:**
How is and has the commission been managing county operations in absence of its county administrator whose resignation was effective February 7th?

<u>Points of Consideration</u>

- How are we supervising departmental directors at this time?
- Who has been delegated access to Administrator Johnson's email and what does that workflow look like?

- Who is the central point of contact for non-supervisory questions and projects that would normally be directed to Johnson? (I have received requests for information updates about projects that administrator was working on. How are we approaching these inquiries?)

- Did Johnson or Jacobson leave any project lists or priorities?

- Should the Board appoint an interim administrator?

- ETC, the subjects of consideration are many.

It is possible that we can have an interim administrator "in the interim". We could temporarily return to BOC as supervisors. Whatever the Board decides <u>we need to tighten up the current situation and create a shared awareness for everyone's benefit.</u> *It has been over two months since the resignation of Johnson.*

The role of the County Administrator as outlined in Ordinance #517 includes various supervisory and administrative responsibilities. Supervision and liaison are two different categories and functions identified in #517.

From Ordinance #517:

- The <u>County Administrator</u> is responsible for the general administration of County affairs and service districts. Ensures the enforcement of all Board policies, codes, ordinances, and contracts. Authority over Department Directors (except Elected Officials and County Counsel). Coordinates with directors to ensure efficiency and economy in County operations. Prepares and submits the annual budget in coordination with the Finance Director and Management Team.

- <u>Liaison Commissioner</u> is a member of the Board of Commissioners assigned to one or more County departments, offices, committees, or agencies. The purpose of the Liaison Commissioner is to stay informed about issues pertinent to the assigned department, office, committee, or agency. The Liaison Commissioner does not have administrative authority but is responsible for communicating information to the Board.

  - <u>In case of a vacancy,</u> "**the Board**" appoints an Acting County Administrator. A temporary designee can also be appointed to assume responsibilities during absences.

In the bigger picture I urge the Board to consider following through with the original architecture of #517 which recommended "first evaluation within 24 months of the ordinance adoption to determine if any changes in duties or authority are needed."

Looking forward our governance model and any revisions needs to be an inclusive conversation where MTEAM is at the table. Has the administrator model served the needs of our organization? Where should we take our experience with Johnson and modify this position JD?

Many points of discussion needed.

***Finally, requests from me to review Ordinance #517/Administrator go all the way back to the "performance evaluation" of the administrator position in April, June, August, and September of 2024.***

***In February of 2023 I began to introduce the idea of "How's it going with the Administrator Concept" to our Management team.***

Thank you,

Casey Miller
County Commissioner

To:Casey Miller;Walter Chuck;Claire Hall
Cc:Jenna Wallace;Kenneth Lipp

Sun 4/13/2025 3:41 PM

**Executive Session - ORS 192.660(2)(b) - Personnel Matters**
*This email is not meant to initiate deliberation of the BOC amongst each other prior to meeting.*

**Date:**
4.13.25

**To:**
Commissioner Hall, Chair
Commissioner Chuck

**Cc:**
DA Wallace
Kenneth Lipp, PIO

**Forward:**
CIS Representatives
Local News & Media

**Re:**
**Executive Session - ORS 192.660(2)(b) - Personnel Matters**
*Not meant for deliberation in advance of the meeting.*
*(Agenda item - previously requested: 1.31.25, 2.20.25, 3.3.25)*

**Agenda Subject:**
Personnel Matters - Executive Session

**Category/Type:**
Executive Session

**Purpose/Overview:**
This email is a formal request for BOC to convene in executive session to discuss personnel matters.

An executive session can be added to the agenda for 4.16.25 or a separate time identified to accommodate DA Wallace's court schedule.

***The Board is not statutorily required to have counsel present in executive session.***

If the Board would like counsel present - Miller has previously identified Carollo Law who is willing to serve the commission as independent counsel may be most appropriate in concerns identified. I ask the BOC to show its inclusivity to address any needs of our fellow elected officials.

We can demonstrate the trust and collaboration that is needed local governance.

Thank you,

Casey Miller
County Commissioner

To:Walter Chuck;Claire Hall

Tue 5/20/2025 9:13 PM

Board, Counsel, HR - Personnel Policy 2024.pdf
Executive Session Agenda Request - from Miller - 3.4.25.pdf
Executive Session Checklist 2024.pdf
Guide for Public Officials - State of Oregon.pdf
Personnel Rules - Lincoln County - November 2024.pdf
Public Records and Meeting Manual 2024.pdf

May 20, 2025
*(Drafted 3.4.25)*

From: Board of Commissioner Office Casey Miller, County Commissioner
To: Board of Commissioners Office Commissioner Hall, Chair Commissioner Chuck

RE: Executive Session Requested - HR and Legal Department Update ORS 192.660(2)(h), litigation; ORS 192.660(2)(d), labor negotiations; ORS 192.660(2)(b), personnel issues

AGENDA REQUEST TO CONVENE THE GOVERNING BODY - NOT TO DELIBERATE IN ADVANCE OF THE MEETING

Packet documents:

- Board, Counsel, HR - Personnel Policy 2024
- Executive Session Agenda Request - from Miller - 3.4.25
- Executive Session Checklist 2024
- Guide for Public Officials - State of Oregon
- Personnel Rules - Lincoln County - November 2024
- Public Records and Meeting Manual 2024

Requested packet information: a financial expenditures overview in the categories below

Commissioners–

The Lincoln County Board of Commissioners has the ultimate responsibility and authority for the administration of the county's personnel policy. Human Resources and County Counsel help develop and manage our rules and procedures. I request an HR and Legal department update on behalf of the Board.

Please use executive session provide a data driven overview of:

• Grievances: formal complaints or concerns raised by employees regarding their workplace treatment, or application of policies
• Grievances as they fall under collective bargaining agreements
• Workplace investigations and timelines (internal and external)
• Employee impacts (administrative leave, paid leave, staffing, etc.)
• Current litigations, pending litigations, role of CIS Insurance
• Financial impact (past and projected) of grievances, disputes, investigations, litigation

The governing body may utilize executive session(s) to review and resolve any sensitive and confidential matters. According to the Public Records and Meeting Manual 2024, executive sessions may be used for various purposes, including:

1. Employment and Discipline of Public Officers – Executive sessions can be held to discuss confidential discussions on personnel matters that may involve disputes. ORS 192.660(2)(b)

2. Legal Consultations – Governing bodies may use executive sessions to confer with legal counsel regarding their legal rights and duties concerning current or anticipated litigation. ORS 192.660(2)(h)

3. Labor Negotiations – Executive sessions can be used to conduct deliberations with labor negotiators, which helps resolve disputes related to collective bargaining without public disclosure. ORS 192.660(2)(d)

To be effective and fulfill our commitment to uphold the county's personnel rules the entire Board needs situational awareness. *Let's move forward, creating a baseline standard (now) and consider proactive monthly updates to review and resolve our needs.*

I request your cooperation to ensure the Board of Commissioners delivers on its commitment to ensuring fairness, equity, and a positive working environment for all county employees.

**The total sum of expenditures involved in HR and Legal costs in this domain constitutes an impact to the county's financial picture.**

Together we can create and maintain "systematic and equitable principles and scientific methods governing all employee benefits, policies, performance standards and other incidents of County employment." (Article 2)

Thank you for your participation.

Respectfully,
Casey Miller Lincoln County Commissioner

Casey Miller
County Commissioner
c. 541.270.6796
w. 541.265.0211
clmiller@co.lincoln.or.us

Casey Miller

To:Claire Hall;Walter Chuck
Cc:Kenneth Lipp;Geneva Campitelli

Wed 5/28/2025 9:48 AM

Public Meeting Law Requirements.pdf

May 28, 2025

From: Casey Miller, County Commissioner
To: Commissioner Hall, Chair & Commissioner Chuck
Cc: Staff

RE: BOC Special Meeting - 5.29.25 (10am) - Agenda and Packet Materials Needed

REQUEST FOR MEETING INFORMATION - NOT TO DELIBERATE IN ADVANCE OF THE MEETING

Commissioners & Staff –

According to my (county outlook) calendar the entire Board has a special meeting with topic Thompson Sanitary. 5.29.25 (10am) in the BOC chambers.

Calendar title - "**BOC Special Meeting (Thompson's Sanitary Service)**"

If accurate, this constitutes a public meeting of the governing body ORS 192.

Currently, there is no agenda or packet materials on the county's website. No details have been provided or appear to have been released to the community in regard to this meeting.

I encourage our team to publish and provide the appropriate information required so that all may have the context and support material for an effective and informed discussion.

Thank you,

Casey Miller


To:Casey Miller
Cc:**M-Team**
Bcc:Claire Hall;Walter Chuck;Kenneth Lipp

Fri 5/30/2025 1:17 PM

**May 30, 2025**
**To:** MTEAM
**Cc:** Board of Commissioners (and/or Budget Committee)
**Re:** Hiring Freeze & Requests – Financial and Service Impacts

---

**Recommendations/Agenda Packet Information:**

- The Board meet in an upcoming MTEAM Work Session or create Budget Committee agenda item to review hiring requests.

- Provide the Board, MTEAM or Budget Committee a summary of operational and service impacts, accompanied by relevant financial data.

---

Over the past several weeks, I have received a series of emails requesting that I approve individual hiring exceptions. I want to be supportive of our management team's staffing needs and to help ensure continuity in delivering essential services to our community.

That said, I am uncomfortable with the current process of making these decisions by email. I believe these important choices deserve the benefit of full context—specifically, access to job descriptions, service impact statements, and associated financial data—in a format that supports informed and transparent decision-making.

Our Budget Officer has provided an articulate Budget Message and Transmittal that outlines general strategies, including vacancy management and strategic adaptation. However, they do not provide specific assessments on the consequences of leaving individual positions unfilled or the full implications of filling certain positions.

I would strongly prefer that we review all pending hiring requests together, in a dedicated MTEAM Work Session or during a publicly noticed Budget Committee meeting. This would allow us to collectively establish prioritization, understand financial tradeoffs, and maintain transparency throughout the decision-making process.

To date, there has been no standardized narrative, contextual information, job descriptions, or financial summaries accompanying the hiring requests. This limits the Board's ability to fully understand the scope of each request.

In the interest of public trust and legal compliance, it is important that we avoid inadvertently making decisions or forming consensus outside of a public meeting. I appreciate everyone's ongoing efforts to find creative and fiscally responsible solutions during this challenging budget cycle. Recognition to Mr. Pierce and Finance for their ongoing support.

Your continued cooperation is essential as we demonstrate to the public that we are committed to both service continuity and sound fiscal stewardship.

**Thank you,**
Casey Miller
Commissioner, Lincoln County Board of Commissioners


Casey Miller
County Commissioner


**To:** Casey Miller <clmiller@co.lincoln.or.us>
**Cc:** M-Team <M-Team@co.lincoln.or.us>; Kenneth Lipp <klipp@co.lincoln.or.us>
**Subject:** Agenda Requests – Board of Commissioner Meeting – 6.18.25

**To:**

Claire Hall, Commission Chair

Walter Chuck, Commissioner

Kristin Yuille, Legal Counsel

**Cc:**

MTEAM (Management Team)

Kenneth Lipp, Public Information Officer


**Re:** Agenda Requests – Board of Commissioner Meeting – 6.18.25

NOT INTENDED FOR BOC DELIBERATION PRIOR TO THE PUBLIC MEETING - REQUEST FOR TOPICS INCLUDED ON THE PUBLIC MEETING AGENDA


1. **Budget Hiring Freeze and Position Petitions - Decision/Discussion and/or Work Session**

**Purpose:** Requesting a collaborative meeting between the Board of Commissioners and the Management Team to discuss the fiscal and operational impacts of filling positions. As stewards of Lincoln County's resources, it is essential we evaluate the broader implications of personnel decisions in the context of our evolving budget outlook.

**Packet Items:**

- Memo - Budget - MTEAM - 6.12.24

- Collier - Petitions to Commissioners - ALL EMAILS - May & June 2025

2. **Agenda Resolution/Rules - BOC Meeting Agenda**

**Purpose:** Create transparency, clarity, equity and prioritization about how the agenda is made. Enable all elected officials, management team, and community to have conversations desired by county government.

**Packet Items:**

- Agenda Requests (Summary & ALL Emails) - Miller Since July 2024

- BOC Meeting Types & Frequency - Benton, Deschutes, Tillamook


3. **Letters and inquiries to the Board include the following items: Neighbors for Kids, Economic Development Alliance, Visit Otter Rock, Waldport Chamber of Commerce (various Chambers)**

**Purpose:** Ensure that the Board is following up with important community stakeholders and their requests, concerns, contracts, etc.

**Packet Items:**

- EDALC - 4.30.25

- Neighbors For Kids to all commissioners - 4.24.25

- Visit Otter Rock - 4.18.25

- Waldport Chamber - Report and Contract - 2025

**(4) Grievance - OGEC - public record and meeting law grievance from Miller**

**Purpose:** Bring more communications to the public meeting where the topics best serve the commission, MTEAM and community. I allege that the email(s) and process violate ORS 192.610–192.690 and meets the definition of a "serial meeting" under Oregon's Public Meetings Law. These email communications are being used to arrive at a decision or consensus outside of a noticed public meeting.

Packet Items:

- Grievance (OGEC) - Hiring Freeze Petitions - 6.10.25

- OGEC Grievance Process – 2025

- OGEC Brochure - Public Meeting Law 2024

Regards, Casey Miller


MEMO – DROUGHT UPDATE – 6.18.25

To:

Board of Commissioners – Chuck and Hall

Management Team

PIO – Kenneth Lipp

Cc:

Community Stakeholders

Community and Media


Current Drought Conditions

- Streamflow measurements on Beaver Creek and other local watersheds are at or below typical

August levels as of early June.

- Pete Parsons' climate forecast verification report indicates below-average precipitation and

warmer-than-average conditions across March–May 2025.

- Concerns have been raised by water providers, agricultural users, and conservation districts.

- The Lincoln County Drought Committee is scheduled to meet on June 17, 2025.

Steps for Requesting a State Drought Declaration

To initiate a state-level drought declaration under ORS 536, the following steps must be taken:

1. Pass a local drought emergency resolution by the Lincoln County Board of Commissioners.

2. Submit a formal request letter to the Oregon Drought Readiness Council, including:

- Observed and anticipated drought impacts

- Local mitigation efforts

- Desired outcomes of a state declaration (e.g., access to emergency water tools)

- Supporting documentation (e.g., local data, Pete Parsons' report)

3. Participate in the state review process through the Water Availability Committee and Drought Readiness Council.

Recommended County Commission Actions

- Schedule a special or regular meeting to pass the local drought declaration resolution.

- Use the Oregon Water Resources Department (OWRD) template to draft the resolution and formal request letter.

- Include all relevant data and stakeholder input.

- Submit materials to:

- Cameron Greenwood (OWRD): cameron.a.greenwood@water.oregon.gov

- Curtis Peetz (OEM): curtis.peetz@oem.oregon.gov

- Coordinate with the Drought Committee during the June 17 meeting to discuss stakeholder roles.

- Begin public outreach and voluntary conservation messaging.


Optional Proactive Measures

- Initiate internal tracking of drought impacts across sectors.

- Identify critical water users and infrastructure at risk.

- Develop communication strategies to inform residents and businesses about drought preparedness.

The Value of Water and the Role of County Leadership

Water is a foundational element of life, health, and economic resilience in Lincoln County. From drinking water and agriculture to recreation, wildlife, and local industry, nearly every aspect of our community relies on the availability of clean, sustainable water resources.

As County Commissioners, our responsibilities extend beyond administrative governance—we

are also stewards of the public trust. In the face of growing climate unpredictability and

increasing resource strain, it is imperative that we lead with foresight and unity. The inherent

value of water demands that we approach drought preparedness and water conservation not

just as emergency response, but as long-term community resilience planning.

Lincoln County should take a collaborative and proactive stance, working alongside water

districts, conservation groups, tribal nations, agricultural producers, and residents to conserve,

sustain, and protect this vital resource. Stewardship today ensures that future generations will

inherit a region with a livable climate, reliable water supply, and a thriving natural environment.

See you soon and always - advise and reach out when in doubt!

Casey Miller

**To:** Board of Commissioners Office
**Cc:** MTEAM
**From:** Commissioner Casey Miller
**Date:** 6.24.25
**Subject:** Agenda Discussion Item - Removal of Recorded Public Meeting Video – Request for Explanation & Redundancy Planning

Colleagues,

I am writing to request meeting discussion and explanation regarding the recent removal of a recorded Board of Commissioners meeting video that had previously been posted on the county's website. BOC meetings have been consistently recorded, archived, and made available to the public and media for transparency, public reference, and recordkeeping. This longstanding practice supports both good governance and public trust.

I have been contacted by the news media and by community members regarding the 6.18.25 video removal. I inquired (6.20.25) with staff for clarification on the rationale and authority behind this action and have yet to receive any response.

As commissioners, we are charged with upholding the principles of transparency, public accountability, and lawful governance. Oregon law treats public meeting recordings as public records, subject to statutory retention and access requirements. According to ORS 192.005(5), a public record includes:

"any information that is prepared, owned, used or retained by a public body and relates to an activity, transaction or function of the public body."

Furthermore, removal or destruction of a public record without proper authority may constitute tampering under **ORS 162.305** - "destroy, mutilate, conceal, remove or make a false entry in a public record."

Even if the video was removed for technical reasons or in good faith, the lack of explanation and documentation leaves the public and this body without assurance that we are complying with Oregon's laws and that we create our own internal policies to ensure integrity.

**I respectfully request the following actions:**

1. **A formal explanation** from the Public Information Officer or County Administration regarding:

- o   The reason for removal of the meeting video;

- o   Who authorized the action and under what policy or directive;

- o   Whether the original video file has been retained;

- o   Whether the removal complies with Oregon's public records retention law and county policy.

2. **Consider drafting video recording and archiving protocols**, including:

- o   Identification of video retention in a forthcoming communication policy or public information plan;

- o   Retention timelines consistent with the Oregon Secretary of State's Local Government Retention Schedule;

- o   Public accessibility expectations and internal procedures for removal or redaction;

3. **Review of redundancy and backup systems**, such as:

- o   Secure cloud-based backup of all public meeting recordings;

- o   A secondary hosting solution (e.g., YouTube, Vimeo, or a mirrored government archive site);

- o   Real-time backups during meetings to avoid technical loss or data tampering concerns.

I request this matter be placed on an upcoming Board agenda to ensure full transparency and to reinforce the Board's commitment to the public's right to access.

Sincerely,
Commissioner Casey Miller

## AGENDA ITEM REQUEST - BOC NOT TO DELIBERATE IN ADVANCE

## MEMORANDUM

TO: Lincoln County Board of Commissioners, Management Team, and Community Stakeholders

FROM: Commissioner Casey Miller

DATE: 6.25.25

RE: Agenda Request – Proposal for Weekly or Biweekly Management Team Work Sessions

## 1. Purpose

This memorandum serves to formally request an agenda item for discussion at the next regular Board of Commissioners' meeting. I am proposing the establishment of weekly or biweekly Management Team Work Sessions to improve communication, collaboration, and operational continuity—especially during the current period without a County Administrator.

## 2. Background & Current Challenges

Lincoln County currently faces a dual challenge:

- • a) Administrator Vacancy and Lack of Centralized Supervision

Since the resignation of our County Administrator, no interim administrator has been appointed. While Commissioner Hall is currently serving as liaison to department heads, this role does not constitute formal supervision nor does it fully support the management needs that existed under the administrator model. As a result, department heads lack clear direction, consistent support, and a central forum to resolve issues that require Board input or interdepartmental coordination.

- b) Breakdown in Internal and External Communication

Numerous inquiries—between commissioners, from department heads and elected officials, and from community stakeholders—are going unanswered. The lack of a systematic process for tracking and resolving requests or concerns is creating confusion, inconsistency, and in some cases, frustration across the organization and community.

## 3. Proposed Solution: Management Team Work Sessions

I propose the County establish regularly scheduled Management Team Work Sessions, held weekly or biweekly. These sessions would serve as a structured venue to:

• Elevate unresolved departmental issues
• Address interdepartmental coordination challenges
• Receive and triage community stakeholder concerns
• Identify which matters can be resolved administratively versus those requiring formal Board action

These sessions would be:
• More structured than our current biweekly M-Team meetings
• Less formal than the Commissioners' regular business meetings
• Staffed with agenda items submitted via a new departmental issue form (see attached draft)

Each form submission is reviewed at the Work Session and routed appropriately to a future work sessions or BOC regular business meeting. Potential outcomes include:
• Resolution within or between departments
• Direction or consensus from the Board (as appropriate) if needed
• These work sessions generate referrals to the formal BOC bi-monthly business meeting or additional executive sessions when required

Forms that are marked as confidential in nature will automatically be withheld from the public meeting packet. Instead, they will be routed into the executive session portion of the work session for preliminary review in accordance with Oregon public meetings law. Recommended that all MTEAM attend OGEC Executive Session training for future reference.

## 4. Benefits

This proposed model provides:
• Continuity of operations during the administrator vacancy
• Improved internal responsiveness to staff, elected officials and media
• Greater accountability and follow-through on community concerns
• A platform that will likely become a permanent feature of County operations to foster stronger cross-departmental collaboration and equity in decision-making

## 5. MTEAM Request for Input

Please review the attached Departmental Request & Issue Submission Form and share your suggestions for improving the structure, content, or overall workflow of this process. I welcome your ideas on how to make this work most effectively.

Our shared purpose is to strengthen:
• Customer service—to both internal and external stakeholders
• Equity and fairness in governance and operations
• Transparency and collaboration across departments and leadership

Thank you for your thoughtful consideration. I look forward to a productive discussion about how we can implement this approach to better serve one another and the public. This idea might be somewhat new to us but is not unusual for other jurisdictions to engage multiple meetings to streamline operations and recommendations that can be carried over to the regular BOC business meeting. This is a public meeting concept. All provisions of public records and meeting laws apply to this work session.

As soon as possible I propose that we discuss the efficacy of Ordinance #517 and circle back to review the efficacy of the administrator position and job description - before that position is hired and that any job description tweaks that are needed be implemented. This is a CIS best practice recommendation.

Until a new county administrator is identified the Board and MTEAM approach this concept proactively; these work session agendas may vary in focus, timing and length until a central point of focus such as a new administrator is hired, we'll have to be flexible, creative and collaborative.

Sincerely,
Commissioner Casey Miller
Lincoln County Board of Commissioners

**From:** Casey Miller
**Sent:** Tuesday, August 5, 2025 12:46 PM
**To:** Casey Miller <clmiller@co.lincoln.or.us>
**Subject:** Agenda Item Request - Transient Room Tax (TRT) Use in Unincorporated Areas


**NOT FOR DELIBERATION IN ADVANCE OF MEETING BY BOC**

**(Attachments to compose packet materials for BOC agenda meeting category - Discussion Item)**

**Otter Rock (11).jpg**

**Otter Rock (12).jpg**

**Otter Rock (16).jpg**

**Otter Rock (19).jpg**

**Otter Rock (26).jpg**

**Otter Rock (29).jpg**

**Otter Rock (37).jpg**


**MEMORANDUM**
To: Lincoln County Board of Commissioners
From: Commissioner Casey Miller
Date: 8.5.25
Subject: Transient Room Tax (TRT) Use in Unincorporated Areas

**Background & Significance of TRT Revenue**

Transient Room Tax (TRT) is a critical funding mechanism for promoting tourism and supporting tourism-related facilities throughout Lincoln County. In accordance with ORS 320.350, at least 70% of net new or increased TRT revenue must be used for tourism promotion or tourism-related facilities.

In Lincoln County, TRT revenue—particularly from unincorporated areas— funds a wide range of efforts, including chamber of commerce contracts, public attractions like the Oregon Coast Aquarium and Historical Society, and other functions.

However, there is no current countywide strategic framework or formal evaluation process that ensures: Equity in how TRT funds are distributed among incorporated and unincorporated areas; Transparency in showing residents and business owners how their TRT tax contributions are being used; Discussion about legislative activity and how those potential changes may affect the county's elasticity and desire for using TRT.

**Otter Rock**

Over the past two years, Lincoln County has received many inquiries from Otter Rock (Lutz) regarding the use of TRT revenues collected from lodging providers in unincorporated areas, particularly Otter Rock. These inquiries have pointed out the absence of equitable marketing support or framework that demonstrates how communities contributing significantly to the County's TRT base are being equitably supported.

In response to these concerns, former County Administrator convened a meeting in 2024 with Lutz and Commissioner Miller and advised Otter Rock to form a nonprofit to be eligible for TRT funds. Based on this guidance, Visit Otter Rock was legally formed, obtained IRS nonprofit status, and submitted a formal funding request in April 2025.

Mr. Johnson's encouragement was not casual; it was accompanied by a specific verbal commitment that $20,000 in TRT funding would be allocated to Visit Otter Rock to support local tourism promotion efforts. Documentation, public statements, and direct testimony from those involved affirm this intent.

Despite that commitment, and despite significant effort and expense undertaken by Lutz in good faith, the County has not honored the promised funding, nor has it conducted a full review of how TRT allocations are benefiting (or failing to benefit) unincorporated areas.

The Board has renewed contracts with the Waldport and Toledo Chambers and the Lincoln County Historical Society (July 2025) but has yet to facilitate Visit Otter Rock's progress and follow-up.

**Relevance of Legislative Activity**

Recent and pending bills in the Oregon Legislature—including HB 3962 and related proposals—seek to modify the 70/30 restriction on TRT spending, potentially allowing counties more flexibility to use funds for public safety, infrastructure, and community services.

If such changes pass, counties will have broader discretion in allocating TRT dollars between tourism promotion and essential services.

These proposals have gained traction and are expected to resurface in future sessions (2026), with strong advocacy on both sides (Counties and LOC supporting flexibility, ORLA and Destination Organizations opposing it).

**Lincoln County should engage in the following:**

1. Understand exactly how TRT has historically been used, down to contract recipients, deliverables, and benefits to incorporated and unincorporated areas.

2. Develop a structured policy framework for evaluating TRT investments, ensuring equitable distribution, measurable returns, and adaptability to future legal allowances.

3. Be ready if legislative changes occur. Any increased flexibility for TRT should compel the county to at least explore how TRT would be allocated and used for infrastructure and public safety, etc.

**Recommendations**

1. Place this matter on an upcoming BOC agenda for formal review.

2. Initiate a full overview of TRT allocations countywide, including:

   o Where are dollars spent

   o What deliverables are provided by recipients

   o How unincorporated areas are served

3. Direct staff to evaluate the Visit Otter Rock request on its original merit, based on the 2024 direction provided by the County Administrator, and return to the Board with a recommendation for action.

4. Establish policy clarity going forward about TRT expectations, reporting, and equitable reinvestment in revenue-generating areas.

5. Continue to monitor legislative activity and begin to further contemplate what impacts that might have for the county's policies and approach on TRT.

**Conclusion**

TRT revenues collected and distributed by the county should compel it to create a transparent and strategic approach to ensure they are being reinvested effectively and equitably. Lincoln County made a clear and actionable commitment to Otter Rock which acted in good faith based on County guidance, but the County has not reciprocated with follow-through. More broadly, this is both a governance and ethical obligation for the county to seek quality improvement in its approach to handling TRT.

I request the Board take this matter and that we work together to create a fair and accountable TRT strategy moving forward.

Respectfully,

Casey Miller
Commissioner, Lincoln County

To: Casey Miller
Bcc: **M-Team;** Walter Chuck;Claire Hall;+3 others

Thu 8/14/2025 4:50 PM

2025 Homie House - Overview.pdf
**To: Lincoln County Board of Commissioners**

**From: Commissioner Casey Miller**

**Date: 8.14.25**

**Subject:** Highlight Tyler Watkins, Founder of The Homie House, to Present at a Board Meeting

**Purpose**
I recommend that the Board facilitate Tyler Watkins, founder of *The Homie House (THH)*, to present at an upcoming Board of Commissioners meeting. This presentation would provide an overview of THH's mission, programming, and opportunities for the community.

**About The Homie House**
The Homie House is a Lincoln County–based nonprofit seeking to transform the lives of local youth by supporting and advancing their academic, emotional, and social development. Through highly individualized, wrap-around support, THH empowers young people—many of whom face challenges at home, in school, or in their neighborhoods—to become the next generation of leaders.

**THH's year-round, multi-year programming includes:**

- Weekly experiential learning and monthly service-learning opportunities.

- Weekly mentor check-ins with trained and trusted staff.

- Summer programs fostering community and connection.

- Educational coaching and one-on-one tutoring from staff and volunteer teachers.

- Apprenticeships with local businesses for high school credit.

- Encouragement for students to participate in sports and extracurricular activities to build teamwork, leadership, and resilience.

- A strong emphasis on service-learning, with students completing an average of 60 service hours before graduation.

**Recommendation**
I request scheduling Tyler Watkins for a 10–15 minute presentation during a Board meeting, followed by a brief Q&A session. This will provide an opportunity for the Board and the public to better understand THH's mission, programs, and potential role in addressing youth development needs across Lincoln County.

Thank you,

Casey Miller
County Commissioner

From: Casey Miller
To: Casey Miller
Bcc: **M-Team;** Walter Chuck; Kenneth Lipp; +7 others

Fri 8/15/2025 11:35 AM

==AGENDA REQUEST _ NOT FOR DELIBERATION IN ADVANCE OF MEETING BY BOC==

**To:** Lincoln County Board of Commissioners

**From:** Commissioner Casey Miller
**Date:** 8.15.25
**Subject:** Agenda Request to Discuss "Agenda Requests" as a future Agenda Category/Item on Board Agendas

---

**Purpose**

I am requesting the addition of a potentially standing agenda category titled **"Agenda Requests"** to our regular Board of Commissioners meetings. This item would serve as a brief discussion period for commissioners to introduce and provide context for their submitted agenda requests, and for the full Board to consider whether those agenda requests merit inclusion on a future agenda.

---

**Background and Rationale**

At present, there is no formal mechanism for the public and all commissioners to transparently review and discuss agenda requests prior to their approval or rejection. This results:

1. **Lack of Transparency:** Agenda decisions are made without public awareness of what has been requested and why.

2. **No Collective Review:** Lincoln County's Commissioners do not have a structured opportunity to hear each other's rationale for agenda items in a public setting. Prioritization of meeting topics should be made collectively by all three elected officials in collaboration with staff.

---

**Proposed Options**

- The "Agenda Requests" category could be placed near the start of the meeting.

- Commissioners would have the opportunity to briefly outline the purpose of their submitted requests.

- The Board could then decide by consensus whether to place the item on a future agenda for full discussion or action.

- This process would apply to all commissioners equally and would be recorded in the public record.

---

**Benefits**

- **Increases Transparency:** The public will know what topics commissioners are seeking to discuss.

- **Ensures Equal Access:** All commissioners have the same pathway to raise matters for consideration.

- **Strengthens Governance:** Keeps agenda-setting within the elected body's responsibility, reinforcing the Board's role as the decision-making authority.

---

**Agenda Request**

I request the Board add this topic as a Discussion Item at our commissioners meeting for exploration and discussion.

Thank you, Casey

**RESOLUTION NO. _____**

**Acknowledging the Oregon Government Ethics Commission (OGEC) Investigation and Directing Temporary Suspension of Certain Digital Approval Workflows Pending Compliance Review**

---

**WHEREAS,** the Oregon Government Ethics Commission (OGEC) has voted to open a formal investigation (Case No. 25-412PCF) into potential violations of Oregon's Public Meetings Law (ORS 192.610-705) by the Lincoln County Board of Commissioners, including the use of private or electronic approval workflows to conduct County business; and

**WHEREAS,** the OGEC's Preliminary Review Report (September 19, 2025) found a "substantial objective basis" to believe that members of the Board may have participated in decision-making through electronic systems (including NeoGov) and by email polling, outside of properly noticed public meetings; and

**WHEREAS,** the County continues to utilize additional electronic workflow platforms such as SeamlessDocs (SeamlessGov) for approvals involving out-of-state travel, grant concept papers, and other Board-level or policy-relevant actions; and

**WHEREAS,** the public's right to transparency and the Board's duty to deliberate and decide in public session are fundamental to Oregon law (ORS 192.620), and it is the intent of this Board to fully cooperate with the OGEC investigation and to restore public confidence in the County's processes; and

**WHEREAS,** it is prudent and consistent with best practices for the Board to suspend potentially non-compliant workflows pending review, and to ensure that all administrative decisions that require or involve Board approval are properly noticed, deliberated, and recorded in accordance with Oregon's Public Meetings Law;

---

**NOW, THEREFORE, BE IT RESOLVED BY THE LINCOLN COUNTY BOARD OF COMMISSIONERS THAT:**

1. **Acknowledgment of OGEC Investigation**
   The Board acknowledges the OGEC's ongoing investigation and affirms its intent to cooperate fully with all requests for information and documentation.

2. **Temporary Suspension of Certain Digital Workflows**
   Pending legal review and OGEC findings, the Board hereby directs that **NeoGov and SeamlessDocs (SeamlessGov)** shall not be used to facilitate, record, or execute

Board-level or policy-related decisions, including hiring approvals, budget exceptions, travel authorizations, and grant submissions.

3. **Administrative Inventory and Compliance Report**
   The Board directs the **Human Resources Director and County Counsel**, in consultation with the **Finance Director** and **Public Information Officer**, to prepare a **comprehensive inventory and report** identifying all administrative decisions that have been made by or on behalf of the Board outside of public meetings since January 1, 2023.

   o The report shall include all actions routed through NeoGov, SeamlessDocs, or any other workflow systems used to obtain or record Commissioner approval.

   o The report shall specify the date, subject matter, participants, and approval pathway for each item identified.

   o The report shall be delivered to the Board of Commissioners and the OGEC Compliance & Enforcement Coordinator **no later than 30 days** from the effective date of this Resolution.

4. **Future Process and Compliance Verification**
   County Counsel and HR shall jointly recommend a verified compliance framework for all future administrative workflows to ensure full alignment with **ORS 192.610–705** and Oregon Department of Justice guidance regarding public meeting and records obligations.

5. **Public Notice and Transparency Commitment**
   The Board reaffirms that all deliberations and decisions concerning County governance, personnel, and budget matters shall occur in open, public meetings, and that transparency will remain the cornerstone of County operations.

---

**ADOPTED** this15th day of October, 2025, by the Lincoln County Board of Commissioners.

| Commissioner | Vote | Signature |
|---|---|---|
| Claire Hall, Chair | ☐ Yes ☐ No | _____ |
| Walter Chuck, Commissioner | ☐ Yes ☐ No | _____ |
| Casey Miller, Commissioner | ☐ Yes ☐ No | _____ |

**Prepared by:**

Commissioner Casey Miller

Lincoln County Board of Commissioners

clmiller@co.lincoln.or.us

c. (541) 270-6796