Román D. Hernández, OSB No. 011730
rhernandez@cablehuston.com
Jared M. Ahern, OSB No. 221919
jahern@cablehuston.com
Olivia M. Loftin, OSB No. 225812
oloftin@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, Oregon 97201
Tele: (503) 224-3092
Fax: (503) 224-3167

*Attorneys for Defendants Lincoln County, David
Collier, Kelly Meininger in her capacity as the
Personal representative of the Estate of Claire Hall,
Walter Chuck, and Kristin Yuille*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CASEY MILLER, <br><br> Plaintiff, <br><br> v. <br><br> LINCOLN COUNTY, a public body, DAVID COLLIER, in his individual capacity, KELLY MEININGER, in her capacity as the personal representative of the estate of CLAIRE HALL, WALTER CHUCK, in his individual capacity, and KRISTIN YUILLE, in her individual capacity, <br><br> Defendants. | Case No. 6:26-cv-00499-AA <br><br> **DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF CASEY MILLER IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> (Request for Oral Argument) |

DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF
CASEY MILLER IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION

**LOCAL RULE 7-1 CERTIFICATION**

Counsel for Defendants conferred with counsel for Plaintiff via telephone on May 5, 2026 regarding the substance of this motion. Counsel for Plaintiff indicated that Plaintiff opposed the relief requested.

**MOTION TO STRIKE**

Defendants move to strike the Declaration of Casey Miller in Support of Plaintiff's Motion for Preliminary Injunction, ECF No. 16, from the record. This motion is supported by the record, the concurrently filed Declaration of Jared M. Ahern, and the points and authorities herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On March 13, 2026, Plaintiff filed an unverified Complaint against Defendants. ECF 1. On March 31, Plaintiff filed a Motion for Preliminary Injunction, without submitting any evidence in support of his motion. ECF 11. Defendants filed their Response to Plaintiff's Motion for Preliminary Injunction on April 14, 2026, with supporting declarations. ECF 12–14. Among other arguments, Defendants stated that Plaintiff failed to carry his burden of demonstrating he is entitled to a preliminary injunction, because he did not provide any evidence in support of his motion, such as a verified complaint or a declaration. ECF 12 p. 10; *CI Games S.A. v. Destination Films*, No. 2:16-CV-05719-SVW-JC, 2016 WL 9185391, at \*11 (C.D. Cal. Oct. 25, 2016) (A plaintiff must clearly show it is entitled to a preliminary injunction with "factual support beyond the allegations of the complaint. . . ."). Defendants' Opposition was based on strong legal arguments showing that Plaintiff's Motion should be dismissed.

On April 21, 2026, Plaintiff's counsel, Ms. Beth Creighton, called Mr. Jared Ahern, counsel for the Defendant regarding what she believed to be Plaintiff's deadline to file Plaintiff's

Page 1 – DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF CASEY MILLER IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Reply. Declaration of Jared Ahern ("Ahern Decl.") ¶ 2. At no time during that conversation, did Plaintiff's counsel inform Mr. Ahern that Plaintiff intended to file a declaration along with his Reply, nor did she seek his consent to do so. Ahern Decl. ¶ 3. It is apparent that Plaintiff did not seek leave of the Court to file the Declaration of Casey Miller along with his Reply in support of his Motion.

Only <u>after</u> Defendants raised this as an issue in their Response, did Plaintiff file his Reply with a supporting Declaration. ECF 15–16. Plaintiff's Declaration is 33 paragraphs long and includes two exhibits, which provide additional details and evidence regarding the allegations in his opening Motion. The evidence Plaintiff provided is related to issues raised in Plaintiff's Motion, and accordingly, Plaintiff could have provided the evidence at that time. Plaintiff is attempting a retroactive cure of his legal filing, which should be rejected by this Court.

The Ninth Circuit Court of Appeals has held that when a party files new evidence for the first time on Reply that they could have filed with their opening motion, and the other party does not have a chance to respond, District Courts should not consider the new evidence. *See Provenz v Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply should not be considered by a district court without giving the non-movant an opportunity to respond); *see also Tovar v. U.S. Postal Serv.*, 3 F3d 1271, 1273 n.3 (9th Cir. 1993) ("To the extent that [a reply] presents new information, it is improper."). District Courts within this Circuit have applied this principle of law given that it results in unfair prejudice to a party who has not been able to respond to the newly filed evidence. *See Reyna v. City of Portland*, 769 F. Supp. 3d. 1161, 1190 (D. Or. Mar. 7, 2025) ("Although Reyna has neither filed a motion to strike the City's new evidence nor sought leave to respond to that evidence, the court notes that new evidence in a reply to a motion for summary judgment is inappropriate if it 'should have been addressed in the opening brief.'"

(quoting *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006)); *Martin for C.M. v. Hermiston Sch. Dist. 8R*, 499 F. Supp. 3d 813, 827 (D. Or. 2020) ("The Court declines to consider [Defendant's] declaration because Defendants submitted it for the first time in their reply, could have filed it with their motion, and Plaintiffs did not have a chance to respond."); *California Expanded Metal Prods. Co. v. Klein*, 426 F. Supp. 3d 730, 742–743 (W.D. Wash. 2019) (the court struck supplemental declaration and all portions of reply brief relying on the declaration, as declaration alleged new evidence that could have been presented in the opening brief). "It is well established that new arguments and evidence presented for the first time in Reply are waived." *Docusign, Inc.*, 468 F. Supp. 2d at 1307 (granting a motion to strike in connection with a preliminary injunction motion, where reply raised new evidence and argument which should have been addressed in opening brief and new evidence too extensive to merely allow supplemental briefing).

Plaintiff reviewed the Defendants' Opposition and noted the strength of its legal arguments, and noted that his Motion was bound to fail. Indeed, by filing the Declaration of Casey Miller along with his Reply, what Plaintiff is doing by filing his evidence only after Defendants have pointed out the legal deficiencies of his Motion, is a retroactive cure of the legal deficiencies his Motion. This Court should reject Plaintiff's attempt at a retroactive cure of his filing. *See Skidmore v. J.R. Simplot Company*, No. 1:23-cv-00477-BLW, 2025 WL 3754341, at *7 (D. Idaho Dec. 29, 2025) (in granting defendant's motion to strike plaintiffs' new evidence submitted with reply brief the court held: "[P]laintiffs raise new arguments and new factual assertions that were not presented in their summary-judgment motions, *and they attempt to retroactively cure deficiencies in their initial filings by adding record citations that did not appear in their opening briefs*." (emphasis added)).

Page 3 – DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF CASEY MILLER IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff chose not file <u>any</u> evidence in support of his Motion. Instead, Plaintiff chose to lie in wait, and only provided evidence he could have filed with his opening Motion along with his Reply, which unfairly prejudices Defendants. Indeed, Defendants are not able to respond to Plaintiff's evidence filed along with his Reply. And, Plaintiff is attempting a retroactive cure of his legal deficiencies of his initial motion, only after the Defendants have pointed them out to him. Accordingly, the Court should strike Plaintiff's Declaration, the exhibits thereto, and the portions of Plaintiff's Reply that rely on this information, given that Defendants have had no opportunity to respond to that evidence.

DATED May 5, 2026.

CABLE HUSTON LLP

By: s/ Román D. Hernández
   Román D. Hernández, OSB No. 011730
   rhernandez@cablehuston.com
   Jared M. Ahern, OSB No. 221919
   jahern@cablehuston.com
   Olivia M. Loftin, OSB No. 225812
   oloftin@cablehuston.com
   1455 SW Broadway, Suite 1500
   Portland, OR 97201

   *Attorneys for Defendants Lincoln County, David Collier, Kelly Meininger in her capacity as the Personal representative of the Estate of Claire Hall, Walter Chuck, and Kristin Yuille*