Román D. Hernández, OSB No. 011730
rhernandez@cablehuston.com
Jared M. Ahern, OSB No. 221919
jahern@cablehuston.com
Olivia M. Loftin, OSB No. 225812
oloftin@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, Oregon 97201
Tele: (503) 224-3092
Fax: (503) 224-3167

*Attorneys for Defendants Lincoln County, David
Collier, Kelly Meininger, in her capacity as the
personal representative of the Estate of Claire Hall,
Walter Chuck, and Kristin Yuille*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CASEY MILLER,<br><br>         Plaintiff,<br><br>   v.<br><br>LINCOLN COUNTY, a public body, DAVID COLLIER, in his individual capacity, KELLY MEININGER, in her capacity as the personal representative of the estate of CLAIRE HALL, WALTER CHUCK, in his individual capacity, and KRISTIN YUILLE, in her individual capacity,<br><br>         Defendants. | Case No. 6:26-cv-00499-AA<br><br>**DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS**<br><br>(Request for Oral Argument) |

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

**TABLE OF CONTENTS**

Page(s)

I.  INTRODUCTION ................................................................................................ 2

II.  BACKGROUND ............................................................................................... 3

III.  LEGAL STANDARDS ...................................................................................... 6

    A.  LEGAL STANDARD FOR SPECIAL MOTIONS TO STRIKE UNDER ORS 31.150. ............................................................................................. 6

    B.  LEGAL STANDARD FOR MOTIONS TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). ......................................................... 7

IV.  MOTION 1: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM UNDER ORS 31.150. ... 8

    A.  Step One: Plaintiff's Claims Arise Out of Protected Activity. .............................. 8

    B.  Step Two: Plaintiff Fails To Meet His Burden of Proving He Will Succeed on His Whistleblower Retaliation Claim ......................................................................... 10

        1.  Plaintiff Cannot Prevail on His Whistleblower Retaliation Claim Because It Is Time-Barred. .................................................................................... 10

        2.  Plaintiff Cannot Prevail on a Whistleblower Retaliation Claim Because He Is Not an Employee ................................................................................ 12

        3.  Plaintiff Cannot Establish a Whistleblower Retaliation Claim Because He Has Not Suffered an Adverse Employment Decision. ............................... 13

        4.  Plaintiff Cannot Establish a Whistleblower Retaliation Claim Because Defendants Have Legitimate, Non-Discriminatory Reasons for Any Alleged Adverse Employment Decision. ............................................................... 15

        5.  Plaintiff Cannot Establish a Whistleblower Retaliation Claim Against the Individual Defendants Because They Are Not "Employers." ..................... 17

V.  MOTION 2: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM. ..................... 18

    A.  The Court Should Dismiss Plaintiff's Whistleblower Claim as It Is Time-Barred. ................................................................................................ 18

    B.  Alternatively, the Court Should Dismiss Plaintiff's Whistleblower Claim for Failure to State a Claim ........................................................................................ 19

VI.  MOTION 3: THE COURT SHOULD GRANT THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM. ................................................................................................ 19

VII.  CONCLUSION ................................................................................................ 20

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andrade-Tafolla v. United States*,
536 F. Supp. 3d 764 (D. Or. 2021) ............................................................................ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................... 7

*Ballinger v. Klamath Pacific Corp.*,
135 Or. App. 438 (1995) ...................................................................................... 17, 19

*Baral v. Schnitt*,
1 Cal. 5th 376 (2016) ................................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007) ..................................................................................................... 7

*Burlington N. & Santa Fe Ry. Co. v. White*,
548 U.S. 53 (2006) ..................................................................................................... 14

*Card v. Pipes*,
398 F. Supp. 2d 1126 (D. Or. 2004) .................................................................... 10, 18

*Houston v. Yoncalla Sch. Dist. No. 32*,
No. 6:13-CV-01318-AA, 2014 WL 3514984 (D. Or. July 11, 2014) ........................ 14

*Huynh v. Chase Manhattan Bank*,
465 F.3d 992 (9th Cir. 2006) .................................................................................... 10

*Lindsey v. Clatskanie People's Util. Dist.*,
140 F. Supp. 3d 1077 (D. Or. 2015) .................................................................... 10, 12

*Manatt v. Bank of Am., NA*,
339 F.3d 792 (9th Cir. 2003) .................................................................................... 14

*Mazur v. Kaiser Found. Hosps.*,
No. 6:23-CV-0969-AA, 2025 WL 895358 (D. Or. Mar. 24, 2025) ..................... 11, 18

*Miller v. Watson*,
No. 3:18-CV-00562-SB, 2019 WL 1871011 (D. Or. Feb. 12, 2019) ...................... 8, 9

*Mouktabis v. Clackamas Cnty.*,
327 Or. App. 763 (2023) ........................................................................................ 6, 8

*Mullen v. Meredith Corp.*,
271 Or. App. 698 (2015) ............................................................................................. 1

*Reiber v. City of Pullman*,
   No. 11-CV-0129-TOR, 2013 WL 3984442 (E.D. Wash. Aug. 1, 2013) .................................. 16

*Reyna v. City of Portland*,
   769 F. Supp. 3d 1161 (D. Or. 2025) ................................................................................ passim

*Schram v. Albertson's, Inc.*,
   146 Or. App. 415 (1997) .............................................................................................. 17, 20

*Sornson v. Oregon Comm'n on Child.*,
   887 F. Supp. 2d 1111 (D. Or. 2012) .............................................................................. 13, 19

*Steele v. Mayoral*,
   231 Or. App. 603 (2009) ............................................................................................... 13, 14

*Supermail Cargo, Inc., v. United States*,
   68 F.3d 1204 (9th Cir. 1995) ............................................................................................... 11

*Young v. State*,
   177 Or. App. 295 (2001) ......................................................................................... 12, 13, 19

**Statutes**

ORS 31.150.............................................................................................. 1, 3, 6, 7, 8, 9, 10

ORS 31.152(3) ................................................................................................................. 1, 6

ORS 243.323.................................................................................................................. 11, 18

ORS 279.340...................................................................................................................... 12

ORS 279.640.................................................................................................................. 13, 19

ORS 656.751...................................................................................................................... 12

ORS 659A.030................................................................................................................ 11, 18

ORS 659A.082................................................................................................................ 11, 18

ORS 659A.112................................................................................................................ 11, 18

ORS 659A.199.............................................................................................................. passim

ORS 659A.200................................................................................................................ 12, 13

ORS 659A.203.............................................................................................................. passim

ORS 659A.370................................................................................................................ 11, 18

ORS 659A.875................................................................................................................ 11, 18

ORS 659A.885................................................................................................................ 11, 18

ORS 659.030............................................................................................................ 17, 19, 20

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, counsel for Defendants Lincoln County, David Collier, Kelly Meininger, in her capacity as the personal representative of the estate of Claire Hall, Walter Chuck, and Kristin Yuille ("Defendants") conferred with counsel for Plaintiff Casey Miller concerning Defendants' Motions on the phone on May 22, 2026. The parties were unable to resolve the issues raised in the Motions via conferral.

**MOTIONS**

**Motion No. 1**: Under Oregon's anti-SLAPP[1] statute, ORS 31.150 et seq., Defendants move to strike Plaintiff's second claim for relief, whistleblower retaliation under ORS 659A.199 and ORS 659A.203, as this claim is based on Defendants' protected activities under ORS 31.150(2)(a)(A) and (D), and Plaintiff cannot meet his burden to prove that there is a probability he will prevail on his whistleblower retaliation claim under ORS 31.150(4). Defendants request an award of reasonable attorneys' fees. ORS 31.152(3). In support of Defendants' motion to strike, Defendants rely on the pleadings and record in this action, the Declaration of Kristin Yuille ("Yuille Decl."), the Declaration of David Collier ("Collier Decl."), and the memorandum of points and authorities and below.

**Motion No. 2**: Defendants also move this Court for an order dismissing Plaintiff's whistleblower retaliation claim without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6), because it is time-barred, and also, fails to state a claim for relief because Plaintiff is not an "employee," did not suffer an adverse action, and Defendants had legitimate, non-discriminatory reasons for any alleged adverse action.

---

[1] "SLAPP" stands for "Strategic Lawsuits Against Public Participation." *Mullen v. Meredith Corp.*, 271 Or. App. 698, 700 (2015).

Page 1 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

**Motion No. 3**: The individual Defendants, Collier, Meininger in her capacity as the personal representative of the estate of Hall, Chuck, and Yuille, move this Court for an order dismissing Plaintiff's whistleblower retaliation claim without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6), as it fails to state a claim for relief because they cannot be liable to Plaintiff under this claim since they are not "employers" under the whistleblower retaliation statute.

In support of Defendants' motions to dismiss, Defendants rely on the pleadings and record in this action, all material properly subject of judicial notice by this Court, and the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION

Plaintiff has been a Lincoln County commissioner since 2023. For over a year, Plaintiff has been causing disruptions at County business meetings, encouraging the public to undermine the County government, and deterring County employees and officials from attending meetings that he attends due to his conduct. Plaintiff's Complaint is a politically motivated attempt to bypass the County's established practices to try and avoid the consequences for his actions.

While Plaintiff's entire Complaint is without merit, at this time Defendants only move against his second cause of action for whistleblower retaliation under ORS 659A.199 and ORS 659A.203. [2] The Court should strike Plaintiff's second cause of action under Oregon's anti-SLAPP statute because it arises out of protected activity by Defendants, and Plaintiff cannot show a probability of success on that claim.

---

[2] Plaintiff's first claim for relief for alleged First Amendment violations is also meritless, and Defendants will address that claim at the appropriate time in these proceedings.

Page 2 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

Oregon's anti-SLAPP statute requires two steps of analysis, and if both steps are satisfied the Court must strike the claim. For the first step, Defendants' alleged actions giving rise to Plaintiff's whistleblower retaliation claim are protected activities under Oregon's anti-SLAPP statute, ORS 31.150(2)(a)(A) and (D), because investigations into an elected official's behavior and the related report that was issued are protected activities, and any other alleged actions were in relation to or a result of the investigation and in the public's interest.

As for the second step, Plaintiff cannot meet his burden of proving he will succeed on the merits of his whistleblower retaliation claim for several reasons. First, he is not an employee and has not suffered an adverse employment decision. And, even if he had suffered an adverse employment decision, Defendants have legitimate, non-discriminatory reasons for their actions. Second, Plaintiff's whistleblower retaliation claim is barred by the one-year statute of limitations, as he filed his complaint over a year after the alleged unlawful employment practice took place. Finally, Plaintiff has improperly asserted his whistleblower retaliation claim against the individual Defendants, but the individuals cannot be "employers" for the purposes of Oregon's unlawful employment practice statutes. They thus cannot be liable on this claim.

For the same reasons that Plaintiff will not be able to carry his burden on step two of the anti-SLAPP analysis with respect to his whistleblower retaliation claim, the Court should dismiss that claim for failure to state a claim as these fatal legal defects are apparent from the face of Plaintiff's Complaint.

## II.    BACKGROUND

Plaintiff was sworn in as a County commissioner in January 2023. Yuille Decl. ¶ 2. The County commissioner position is an elected position, and County commissioners are not employees. *Id*.; Compl. ¶ 11.

The County conducts its business at twice monthly Board of Commissioner ("Board") meetings, over which the chair of the Board presides. Yuille Decl. ¶ 3. The Board can only conduct County business with the agreement of a majority of the Board. *Id*. The County's established practice is that the chair of the Board, County administrator, and County counsel meet before County business meetings to set the agenda. Yuille Decl. ¶ 4. Board meeting agenda items will only be added to the agenda with approval from the chair, County administrator, and County counsel at agenda-setting meetings. *Id*. Alternatively, agenda items can be added by agreement of at least two commissioners on the Board. *Id*.

Plaintiff has submitted agenda items for consideration, and those items were rejected if he did not receive approval from at least one of the other Commissioners. Yuille Decl. ¶ 5. Agenda items may also be rejected if they have not gone through legal review, which is required before placement on the agenda. *Id*.

On September 18, 2024, the Board held a regular County business meeting. Yuille Decl. ¶ 6. At this meeting, Plaintiff disclosed confidential personnel matters, medical information about a County employee, bullied and disrespected fellow commissioners and County staff, and made comments that reflected poorly on the County and were for personal gain. *Id*. Plaintiff's conduct led several County employees to file reports with human resources, which caused the County to hire a third party to investigate whether Plaintiff's conduct violated the County rules. Yuille Decl. ¶ 7.

Plaintiff alleges that the County's actions after this meeting constitute retaliation for protected speech he made at this meeting. This is not correct. Even if anything Plaintiff said at the September 18, 2024 meeting constituted protected speech, the County's actions after that meeting were not retaliatory. The County would have initiated an investigation and implemented

Page 4 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

security measures to protect its staff and other elected officials from harassment and disruption regardless of whether Plaintiff engaged in any alleged protected activity at the September 18, 2024 Board meeting. Yuille Decl. ¶ 8. This is because, as a result of Plaintiff's actions, (1) key employees working in the courthouse administration office chose to work from home when Board business meetings took place at the courthouse due to Plaintiff's disruptive behavior; (2) Plaintiff was widely perceived to have encouraged members of the public to undermine and antagonize the County government in various ways; and (3) some management team meeting participants said they would not attend the meetings if Plaintiff also attended. Yuille Decl. ¶ 9.

As a result of Plaintiff's behavior, the outcome of the third-party investigation, and the impact Plaintiff's actions had on the County, the County implemented security measures to ensure its staff's safety and the County's ability to run efficiently. Yuille Decl. ¶ 10.

For example, the County barred Plaintiff from attending County management meetings. Collier Decl. ¶ 2. Plaintiff's role as a commissioner does not give him the right to attend these meetings—which are different than the County business meetings discussed above—the purpose of which is to exchange information between departments. Collier Decl. ¶ 3. Despite having no obligation to do so, the County offered Plaintiff the opportunity to discuss these meetings with Collier. Collier Decl. ¶ 4. Plaintiff never asked Collier for information about these meetings. Collier Decl. ¶ 5.

The County also barred Plaintiff from accessing his former office within the County courthouse, which is a space shared by administration and legal staff. Yuille Decl. ¶ 11. Instead, the County rented Plaintiff an office space less than 0.3 miles from the County courthouse. Yuille Decl. ¶ 12. This was to ensure that other County staff felt safe coming to work and could

Page 5 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

perform their jobs. Yuille Decl. ¶ 13. Plaintiff has an office provided by the County, but has chosen not to use it and to complain in the media to draw attention to himself. Yuille Decl. ¶ 14.

On March 13, 2026, Plaintiff filed this case, alleging violations of his First Amendment rights and whistleblower retaliation—even though he is not an employee of the County. Plaintiff alleges that the County initiated an investigation against him on September 19, 2024, and that during the investigation he was unable to access his office or communicate with County employees. Compl. ¶¶ 15–18. Plaintiff also alleges the County prohibited him from attending County management meetings and adding items to the agenda for the County business meetings. *Id*. at ¶¶ 26–27. On January 15, 2025, the County issued the results of the investigation and issued a related media release. *Id*. at ¶¶ 28–29. Finally, Plaintiff alleges that the County has continued to deny him access to his office. *Id*. at ¶ 33.

## III.    LEGAL STANDARDS

### A.    LEGAL STANDARD FOR SPECIAL MOTIONS TO STRIKE UNDER ORS 31.150.

Oregon's anti-SLAPP statute provides "a mechanism for a defendant to move to strike certain nonmeritorious claims predicated on speech and petitioning activity potentially entitled to constitutional protection." *Mouktabis v. Clackamas Cnty.*, 327 Or. App. 763, 766 (2023) (internal citations omitted); *see generally* ORS 31.150 *et seq*. The statute is to "be liberally construed in favor of the exercise of rights described in ORS 31.150(2)." ORS 31.152(6).

The court engages in a two-step burden shifting process in deciding anti-SLAPP motions. *Mouktabis*, 327 Or. App. at 766. First, the defendant has the burden to show that the activity giving rise to the plaintiff's claims falls under one of the protected activities outlined in ORS 31.150(2). *Id.* "If the court determines that a claim falls within one of those four categories, then the burden shifts to the plaintiff in the action to establish that there is a probability that the

Page 6 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case." *Id*. at 766–767 (internal citations omitted). If the plaintiff cannot meet this burden, the court should grant the anti-SLAPP motion. ORS 31.150(4).

> ## B.  LEGAL STANDARD FOR MOTIONS TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

The court must dismiss a claim that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The facts alleged in the complaint must amount to a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief." *Andrade-Tafolla v. United States*, 536 F. Supp. 3d 764, 770 (D. Or. 2021).

"In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party." *Id.* While the court must draw all reasonable inferences from the factual allegations in plaintiff's favor, the "court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations." *Id.* (citing *Iqbal*, 556 U.S. at 678–79). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

/ /

/ /

/ /

Page 7 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

IV.    **MOTION 1: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM UNDER ORS 31.150.**

A.    **Step One: Plaintiff's Claims Arise Out of Protected Activity.**

Under ORS 31.150(2)(a), the protected activities include:

(A) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

(B) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

(C) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

(D) Any other conduct in furtherance of the exercise of the constitutional right of assembly, petition or association or the constitutional right of free speech or freedom of the press in connection with a public issue or an issue of public interest.

ORS 31.150(2)(a)(A)–(D). To determine whether the facts giving rise to Plaintiff's claims arises out of one of these protected activities, "[the court] examine[s] the conduct that is targeted by the claims in the complaint." *Mouktabis*, 327 Or. App. at 771 (internal citations omitted). "The inquiry turns on the nature of the claims asserted against a defendant and the alleged actions of the defendant giving rise to the claims." *Id*.

"[C]ourts have consistently recognized that anti-SLAPP statutes protect internal investigations into alleged misconduct conducted or directed by a governmental body." *Miller v. Watson*, No. 3:18-CV-00562-SB, 2019 WL 1871011, at *5 (D. Or. Feb. 12, 2019). Additionally, a memorandum summarizing the findings of an investigation is protected activity under ORS 31.150(2)(a)(D), as it "concerns an issue of public interest because it contains the findings of an investigation into the alleged misconduct of a public official and a candidate for public office." *Id*.

Page 8 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

Plaintiff alleges several County actions give rise to his whistleblower claims. First, Plaintiff alleges that the County initiated an investigation against him on September 19, 2024, and that during the investigation he was unable to access his office or communicate with County employees. Compl. ¶¶ 15–18. Plaintiff alleges that on January 15, 2025, the County issued the results of the investigation and issued a related media release. *Id.* at ¶¶ 28–29.

The County's investigation into Plaintiff's behavior and the related report that was issued are protected activities under ORS 31.150(2)(a)(A) and (D), as it was a government investigation into Plaintiff's—an elected official's—misconduct, content which is well within the public interest. *Miller*, 2019 WL 1871011 at *5 (stating that internal investigations into an alleged misconduct by a governmental body and related memos with the findings of such investigations of a public official are protected activities).

Second, Plaintiff alleges the County barred him from attending County management meetings (Compl. ¶ 26), barred him from adding items to the agenda for the County business meetings (*Id.* at ¶ 27), and barred him from accessing his offices at the County (*Id.* at ¶¶ 17, 33). The County's conduct was in connection with the investigation that it undertook and was in connection with the public interest of holding a public official accountable for misconduct and seeking to prevent future misconduct. ORS 31.150(2)(a)(D). Accordingly, these actions that the County took as part of its investigation into Plaintiff are protected activities under ORS 31.150(2)(a)(D). [3]

---

[3] To the extent Plaintiff's claims arise out of both protected and unprotected activity, the Court should grant Defendants' Motion to Strike as to the protected activity. *Baral v. Schnitt*, 1 Cal. 5th 376, 392 (2016) (stating "when the defendant seeks to strike particular claims supported by allegations of protected activity that appear alongside other claims within a single cause of action, the motion cannot be defeated by showing a likelihood of success on the claims arising from unprotected activity.").

Page 9 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

**B.      Step Two: Plaintiff Fails To Meet His Burden of Proving He Will Succeed on His Whistleblower Retaliation Claim.**

As the first step of the anti-SLAPP analysis is satisfied, Plaintiff has the burden of showing, by "substantial evidence," that he is likely to succeed on his claim. ORS 31.150(4). A plaintiff fails to meet this burden if the plaintiff's claim would be dismissed for failure to state a claim. *Card v. Pipes*, 398 F. Supp. 2d 1126, 1137 (D. Or. 2004) (finding that "[b]ecause plaintiff's claims are dismissed for insufficient service or for failure to state a claim, plaintiff cannot establish a probability that he will prevail by presenting substantial evidence to support a prima facie case, and defendants' special motion to strike is granted.").

To establish a prima facie case of whistleblower retaliation under ORS 659A.199 or ORS 659A.203, "a plaintiff must show that he (1) engaged in a protected activity, (2) suffered an adverse employment decision, and (3) there was a causal link between the protected activity and the adverse employment decision." *Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1091 (D. Or. 2015) (internal citations omitted). Plaintiff cannot establish that he is likely to succeed on his whistleblower claim because the claim is time-barred, he is not an employee, has not suffered any adverse employment decisions, and Defendants had legitimate, nondiscriminatory reasons for any alleged adverse employment decisions they may have taken. Further, Plaintiff cannot succeed on a whistleblower retaliation claim against the individual Defendants, as they are not "employers."

**1.      Plaintiff Cannot Prevail on His Whistleblower Retaliation Claim Because It Is Time-Barred.**

A Court may dismiss a claim as time-barred under Rule 12(b)(6) where "the running of the statute is apparent of the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (internal citations omitted). The Court should dismiss a claim as time-barred if it "appears beyond doubt that the plaintiff can prove no set of facts that would establish

Page 10 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

the timeliness of the claim." *Supermail Cargo, Inc., v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

The statute of limitations for whistleblower claims under ORS 659A.199 and ORS 659A.203 is one year after the date of the alleged employment practice. ORS 659A.875 ("A civil action under ORS 659A.885 alleging an unlawful employment practice other than a violation of ORS 243.323, 659A.030, 659A.082, 659A.112 or 659A.370 must be commenced within one year after the occurrence of the unlawful employment practice . . . ."); *Mazur v. Kaiser Found. Hosps.*, No. 6:23-CV-0969-AA, 2025 WL 895358, at *6 (D. Or. Mar. 24, 2025) (stating that ORS 659A.199 claims have a one-year statute of limitations); *Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1174 (D. Or. 2025) (stating that, with respect to whistleblower claims brought under ORS 659A.199 and ORS 659A.203, "[t]he parties agree that the relevant statutes of limitations allowed [plaintiff] one year after the "unlawful employment practice" to bring her claim, by filing a complaint . . . . in court.").

Plaintiff alleges that the County initiated an investigation against him as of September 19, 2024, and that during the investigation he was unable to access his office or communicate with County employees. Compl. ¶¶ 15–18. Plaintiff also alleges the County forbade him from attending County management meetings and adding items to the agenda for the County business meetings. *Id*. at ¶¶ 26–27. On January 15, 2025, the County published the results of the investigation and issued a related media release. *Id*. at ¶¶ 28–29. Finally, Plaintiff alleges that the County deactivated his keycard to the County offices in February 2025. *Id*. at ¶ 33. All of the County's alleged actions which Plaintiff alleges are the basis for his whistleblower retaliation claim occurred between September 2024 and February 2025. But Plaintiff did not file this lawsuit until March 13, 2026, more than a year after the County's alleged adverse actions

Page 11 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

occurred. Accordingly, Plaintiff filed this lawsuit beyond the expiration of the one-year statute of limitations. For this reason, Plaintiff cannot carry his burden that he would prevail on his whistleblower retaliation claim.

### 2. Plaintiff Cannot Prevail on a Whistleblower Retaliation Claim Because He Is Not an Employee.

Plaintiff cannot establish a prima facie case of retaliation under ORS 659A.199 or ORS 659A.203 because he is not an employee. To establish a prima facie case of whistleblower retaliation under ORS 659A.199 or ORS 659A.203, "a plaintiff must show that he (1) engaged in a protected activity, (2) suffered an adverse employment decision, and (3) there was a causal link between the protected activity and the adverse employment decision." *Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1091 (D. Or. 2015). Oregon courts have determined that elected officials are not considered state employees in similar circumstances. *Young v. State*, 177 Or. App. 295, 998–303 (2001) (stating that elected officials are not considered state employees under another employment statute, ORS 279.340). ORS 659A.200 defines "employee" as:

> (a) Employed by or under contract with the state or any agency of or political subdivision in the state;
>
> (b) Employed by or under contract with any person authorized to act on behalf of the state, or agency of the state or subdivision in the state, with respect to control, management or supervision of any employee;
>
> (c) Employed by the public corporation created under ORS 656.751;
>
> (d) Employed by a contractor who performs services for the state, agency or subdivision, other than employees of a contractor under contract to construct a public improvement;
>
> (e) Employed by or under contract with any person authorized by contract to act on behalf of the state, agency or subdivision;
>
> (f) Employed by a nonprofit organization; or
>
> (g) Serving as a member of a board of directors of a nonprofit organization who is not otherwise considered an employee.

Page 12 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

ORS 659A.200(2).

As a commissioner, Plaintiff is an elected official in Lincoln County. Compl. ¶¶ 11, 44; Yuille Decl. ¶ 2. Elected officials are not considered employees and are not included in the definition of employee in ORS 659A.200(2). ORS 659A.200(2); *Young*, 177 Or. App. at 998–303 (stating that elected officials are not considered employees under another employment statute, ORS 279.640). Accordingly, Plaintiff cannot establish a prima facie case of retaliation under ORS 659A.199 or ORS 659A.203, as he is not an employee, and therefore he will not succeed on his whistleblower retaliation claim. *Sornson v. Oregon Comm'n on Child.*, 887 F. Supp. 2d 1111, 1123 (D. Or. 2012) (The Court granted motion to dismiss whistleblower claims, as "[t]he plain language of Oregon's statutory scheme simply does not support the proposition that a plaintiff may bring a whistleblowing claim against an 'employer' which never actually employed, controlled, managed, or supervised the plaintiff.").

### 3.    Plaintiff Cannot Establish a Whistleblower Retaliation Claim Because He Has Not Suffered an Adverse Employment Decision.

Even if Plaintiff were somehow an employee (and he is not), Plaintiff would still be unable to demonstrate a substantial probability of prevailing on his whistleblower claims because he has not suffered an adverse action. Under both ORS 659A.199 and ORS 659A.203, "[a]n adverse action need not affect the terms or conditions of employment. It must, however, be material[.]" *Steele v. Mayoral*, 231 Or. App. 603, 616 (2009) (internal citation omitted); *see also Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1176–1178 (D. Or. 2025) (holding that an adverse employment action is one that is "reasonably likely to deter [an employee] from engaging in protected activity. . . ."). In *Mayoral*, the Oregon Court of Appeals held that materially adverse employment actions are "distinct from trivial harms, such as personality conflicts or snubbing by coworkers and supervisors; typically, 'petty slights, minor annoyances,

Page 13 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

and simple lack of good manners' will not deter complaints by victims of discrimination." *Mayoral*, 231 Or. App. at 616 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

In the general employment retaliation context, "mere ostracism or offensive utterance by co-workers does not qualify as an adverse employment action." *Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1181 (D. Or. 2025) (internal citations omitted); *see also Manatt v. Bank of Am., NA*, 339 F.3d 792, 803 (9th Cir. 2003) ("Mere ostracism in the workplace is not grounds for a retaliation claim, however, and [plaintiff's] claim on this theory must therefore fail."). Exclusion from meetings is also not necessarily an adverse employment action. *Houston v. Yoncalla Sch. Dist. No. 32*, No. 6:13-CV-01318-AA, 2014 WL 3514984, at *10 (D. Or. July 11, 2014) (stating that "exclusion from school meetings was not a 'disciplinary action' taken in context of his employment.").

Plaintiff alleges that during the County's investigation, he was unable to communicate with County agents and employees and has been unable to access his office at the County. Compl. ¶¶ 17, 33, 38. This is not an adverse employment action. At most, it is merely ostracism from other County employees, and therefore does not rise to an adverse employment decision. *Reyna*, 769 F. Supp. 3d at 1181. Further, Plaintiff was still able to communicate with people in the County through a liaison, and the County offered him a new office to complete his job duties. Compl. ¶ 18; Yuille Decl. ¶¶ 11–14.

Plaintiff also alleges that the County barred him from attending County management meetings. Compl. ¶ 26. However, exclusion from meetings is not an adverse employment action, especially when it does not affect any other aspects of the plaintiff's role. *Houston*, 2014 WL 3514984, at *10. Plaintiff's role as a commissioner (not an employment role within the County)

Page 14 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

does not provide him with the right to attend these management meetings, the purpose of which is to exchange information between departments. Collier Decl. ¶ 3. Despite having no obligation to do so, the County offered Plaintiff the opportunity to discuss these meetings with Collier. Collier Decl. ¶ 4. Plaintiff never asked Collier for information about these meetings. Collier Decl. ¶ 5. The County's decision to prohibit Plaintiff from attending County management meetings is not an adverse employment decision, as it is not a part of his job as commissioner to attend these meetings and the fact that he is unable to attend does not impact his role.

Finally, Plaintiff alleges that the County prohibited him from adding items to the agenda for the County business meetings. Compl. ¶ 27. Plaintiff cannot prevail on this theory because it is not true. Plaintiff misstates the process by which a commissioner can add items to the Board business meeting agendas. Board meeting agenda items are added to the agenda with approval from the chair, County administrator, and County counsel at agenda-setting meetings. Yuille Decl. ¶ 4. Alternatively, agenda items can be added by at least two commissioners on the Board. *Id*.

Plaintiff has submitted agenda items for consideration, and those items were rejected if he did not receive approval from at least one of the other commissioners. Yuille Decl. ¶ 5. Agenda items may also be rejected if they have not gone through legal review, which is required before placement on the agenda. Yuille Decl. ¶ 5. Accordingly, Plaintiff's supposed inability to put items on the agenda is merely a case of Plaintiff misunderstanding an established County practice, and not an adverse employment decision.

> **4. Plaintiff Cannot Establish a Whistleblower Retaliation Claim Because Defendants Have Legitimate, Non-Discriminatory Reasons for Any Alleged Adverse Employment Decision.**

Finally, even if the Court determined that Plaintiff is an employee (he is not), and that Plaintiff has suffered adverse employment decisions (he has not), Plaintiff would still be unable

Page 15 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

to prove he will be successful on his whistleblower claims because Defendants have legitimate, non-discriminatory reasons for any alleged adverse employment decisions.

"Once a *prima facie* case has been made, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action. This burden is one of production, not persuasion and involves no credibility assessment." *Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1181 (D. Or. 2025) (internal citations omitted).

Plaintiff alleges that the County initiated an investigation against him as of September 19, 2024, and then barred him from accessing his office, communicating with County employees, and prohibited him from attending management meetings. Compl. ¶¶ 15, 17, 18, 26. Further, the County published the results of the investigation and issued a related media release. *Id*. at ¶¶ 28–29. Plaintiff cannot establish a whistleblower retaliation claim because all of these County actions were legitimate, non-discriminatory responses to the complaints the County received about Plaintiff's actions. *See Reiber v. City of Pullman*, No. 11-CV-0129-TOR, 2013 WL 3984442, at *19 (E.D. Wash. Aug. 1, 2013) (plaintiff could not establish causation on a retaliation claim, as defendants entitled to pursue investigation into plaintiffs after serious complaints lodged).

On September 18, 2024, the Board held a regular County business meeting. Yuille Decl. ¶ 6. At this meeting, Plaintiff disclosed confidential personnel matters, medical information about a County employee, bullied and disrespected fellow commissioners and County staff, and made comments that reflected poorly on the County and were for personal gain. *Id*. Plaintiff's conduct led several individuals to file reports with human resources, which caused the County to hire a third party to investigate whether Plaintiff's conduct violated the County rules. Yuille Decl. ¶ 7.

Page 16 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

The County initiated an investigation and implemented security measures to protect its staff and other elected officials from harassment and disruption after legitimate concerns were raised, and not to retaliate against Plaintiff's alleged protected activity at the September 18, 2024 Board meeting. Yuille Decl. ¶ 8. This is because, as a result of Plaintiff's actions, (1) key employees working in the courthouse administration office choose to work from home when Board business meetings occur at the courthouse due to Plaintiff's disruptive behavior; (2) Plaintiff is widely perceived to have encouraged members of the public to attack the County government in various ways; and (3) some management team meeting participants said that would not attend the meetings if Plaintiff also attended. Yuille Decl. ¶ 9. Because the County would have taken these security measures regardless of its motive, Plaintiff will not be able to demonstrate that he is likely to succeed on his whistleblower retaliation claim, and therefore the Court should grant Defendants' Motion to Strike.

### 5.     Plaintiff Cannot Establish a Whistleblower Retaliation Claim Against the Individual Defendants Because They Are Not "Employers."

Plaintiff cannot establish a claim for whistleblower retaliation against the individual Defendants because they are not "employers." In Oregon, an individual, even a corporate employer's agent, is not an "employer" for purposes of unlawful employment practice statutes, as even if the agent has control over the employees, they are not an employer if "the authority to 'control' those employees was not 'reserv[ed]' to them." *Ballinger v. Klamath Pacific Corp.*, 135 Or. App. 438, 452 (1995) (analyzing who is considered an employer under ORS 659.030); *Schram v. Albertson's, Inc.*, 146 Or. App. 415, 421–422 (1997) (stating that with respect to ORS 659.030, except in the context of an aiding and abetting claim, an individual supervisor cannot be liable "in an individual capacity, because the statutory definition of 'employer' does not include individuals with supervisory authority").

Page 17 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

Plaintiff alleges a statutory whistleblower retaliation claim against the individual Defendants. *See generally* Compl., ¶¶ 42–48. The individual Defendants include Collier (the County Human Resources Director); Hall (a County commissioner); Chuck (a County commissioner; and Yuille (the County Counsel). *Id*. ¶¶ 7–10. None of these individuals have any control over Miller beyond acting as agents for the County. Plaintiff cannot succeed on a whistleblower claim against the individual Defendants, as they are not "employers" and cannot be liable for these claims.

## V.    MOTION 2: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM.

The Court should dismiss Plaintiff's whistleblower claims under Rule 12(b)(6) for many of the same reasons that Plaintiff will be unable to carry his burden on step two of the anti-SLAPP analysis. *Card v. Pipes*, 398 F. Supp. 2d 1126, 1137 (D. Or. 2004) (finding that "[b]ecause plaintiff's claims are dismissed for insufficient service or for failure to state a claim, plaintiff cannot establish a probability that he will prevail by presenting substantial evidence to support a prima facie case, and defendants' special motion to strike is granted.").

### A.    The Court Should Dismiss Plaintiff's Whistleblower Claim as It Is Time-Barred.

For the same reasons discussed in Section IV(B)(1), because Plaintiff is bringing this claim more than a year after the alleged retaliatory conduct occurred, Plaintiff's whistleblower retaliation claim is time-barred and thus fails to state a claim under Rule 12(b)(6). ORS 659A.875 ("A civil action under ORS 659A.885 alleging an unlawful employment practice other than a violation of ORS 243.323, 659A.030, 659A.082, 659A.112 or 659A.370 must be commenced within one year after the occurrence of the unlawful employment practice . . . ."); *Mazur v. Kaiser Found. Hosps.*, No. 6:23-CV-0969-AA, 2025 WL 895358, at *6 (D. Or. Mar. 24, 2025) (stating that ORS 659A.199 claims have a one-year statute of limitations); *Reyna v.*

Page 18 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

*City of Portland*, 769 F. Supp. 3d 1161, 1174 (D. Or. 2025) (stating that, with respect to whistleblower claims brought under ORS 659A.199 and ORS 659A.203, "[t]he parties agree that the relevant statutes of limitations allowed [plaintiff] one year after the 'unlawful employment practice' to bring her claim, by filing a complaint . . . . in court.").

> **B.      Alternatively, the Court Should Dismiss Plaintiff's Whistleblower Claim for Failure to State a Claim.**

Even if Plaintiff's whistleblower claim is timely (it is not), the Court should still dismiss it for failure to state a claim for other reasons. As discussed in detail in Section IV(B)(2), as an elected official is not considered an employee, Plaintiff cannot establish a case for whistleblower retaliation, and therefore this claim should be dismissed. Compl. ¶¶ 11, 44 (Plaintiff refers to himself as an elected official); *Young v. State*, 177 Or. App. 295, 998–303 (2001) (stating that elected officials are not considered employees under another employment statute, ORS 279.640); *Sornson v. Oregon Comm'n on Child.*, 887 F. Supp. 2d 1111, 1123 (D. Or. 2012) (The Court granted motion to dismiss whistleblower claims, as "[t]he plain language of Oregon's statutory scheme simply does not support the proposition that a plaintiff may bring a whistleblowing claim against an 'employer' which never actually employed, controlled, managed, or supervised the plaintiff.").

## VI.    MOTION 3: THE COURT SHOULD GRANT THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM.

For the reasons outlined in Section IV(B)(5) of Defendants' Motion to Strike, the Court must dismiss the whistleblower retaliation claim against the individual Defendants—Collier, Meininger in her capacity as the personal representative of the estate of Hall, Chuck, and Yuille—as they are not "employers" and therefore cannot be liable. *Ballinger v. Klamath Pacific Corp.*, 135 Or. App. 438, 452 (1995) (analyzing who is considered an employer under ORS

Page 19 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

659.030); *Schram v. Albertson's, Inc.*, 146 Or. App. 415, 421–422 (1997) (stating that with respect to ORS 659.030, except in the context of an aiding and abetting claim, an individual supervisor cannot be liable "in an individual capacity, because the statutory definition of 'employer' does not include individuals with supervisory authority").

## VII.    CONCLUSION

For the many reasons stated above, the Court should strike Plaintiff's whistleblower retaliation claim because it arises out of Defendants' protected activity and Plaintiff is not likely to succeed on his claim, and should dismiss Plaintiff's whistleblower retaliation claim for similar reasons.

DATED: May 22, 2026.

CABLE HUSTON LLP


By: s/  Román D. Hernández
    Román D. Hernández, OSB No. 011730
    rhernandez@cablehuston.com
    Jared M. Ahern, OSB No. 221919
    jahern@cablehuston.com
    Olivia M. Loftin, OSB No. 225812
    oloftin@cablehuston.com
    1455 SW Broadway, Suite 1500
    Portland, OR 97201

    *Attorneys for Defendants Lincoln County, David Collier, Kelly Meininger, in her capacity as the personal representative of the Estate of Claire Hall, Walter Chuck, and Kristin Yuille*