Román D. Hernández, OSB No. 011730
rhernandez@cablehuston.com
Jared M. Ahern, OSB No. 221919
jahern@cablehuston.com
Olivia M. Loftin, OSB No. 225812
oloftin@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, Oregon 97201
Tele: (503) 224-3092
Fax: (503) 224-3167

*Attorneys for Defendants Lincoln County, David
Collier, Kelly Meininger in her capacity as the
Personal representative of the Estate of Claire Hall,
Walter Chuck, and Kristin Yuille*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CASEY MILLER, | Case No. 6:26-cv-00499-AA |
| Plaintiff, | |
| v. | **DECLARATION OF KRISTIN YUILLE IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE** |
| LINCOLN COUNTY, a public body, DAVID COLLIER, in his individual capacity, KELLY MEININGER, in her capacity as the personal representative of the estate of CLAIRE HALL, WALTER CHUCK, in his individual capacity, and KRISTIN YUILLE, in her individual capacity, | |
| Defendants. | |

I, Kristin Yuille, being duly sworn, hereby declare:

1.      I am County Counsel for Lincoln County. I make this declaration in support of

Defendants' Special Motion to Strike. I have personal knowledge of the matters set forth herein

Page 1 – DECLARATION OF KRISTIN YUILLE

and, if called upon to do so, could testify competently to their truth.

2. Plaintiff Casey Miller was sworn in as a County commissioner in January 2023. The County commissioner position is an elected position, and County commissioners are not employees.

3. The County conducts its business at twice monthly Board of Commissioner ("Board") meetings, over which the Chair of the Board presides. The Board can only conduct County business with the agreement of a majority of the Board.

4. The County's established practice is that the chair of the Board, County administrator, and County counsel meet before the next County business meeting to set the agenda. Board meeting agenda items will only be added to the agenda with approval from the Chair, County Administrator, and County Counsel at agenda-setting meetings. Alternatively, agenda items can be added by at least two commissioners on the Board.

5. Plaintiff has submitted agenda items for consideration, and those items were rejected if he did not receive approval from at least one of the other Commissioners. Agenda items may also be rejected if they have not gone through legal review, which is required before placement on the agenda.

6. On September 18, 2024, the Board held a regular County business meeting. At this meeting, Plaintiff disclosed confidential personnel matters, medical information about a County employee, disrespected fellow commissioners and County staff, and made comments that reflected poorly on the County and were seemingly for personal gain.

7. Plaintiff's conduct led several individuals to file reports with human resources, which caused the County to hire a third party to investigate whether Plaintiff's conduct violated the County Personnel Rules.

8. The County would have initiated an investigation and implemented security measures to protect its staff and other elected officials from harassment and disruption regardless of whether Plaintiff engaged in any alleged protected activity at the September 18, 2024, Board meeting.

Page 2 – DECLARATION OF KRISTIN YUILLE

9. This is because, as a result of Plaintiff's actions, (1) key employees working in the courthouse administration office choose to work from home when Board business meetings occur at the courthouse due to Plaintiff's disruptive behavior; (2) Plaintiff is widely perceived to have encouraged members of the public to undermine the County government in various ways; and (3) some management team meeting participants said that would not attend the meetings if Plaintiff also attended.

10. As a result of Plaintiff's behavior, the third-party investigation, and the impact Plaintiff's actions had on the County and its employees, the County determined it necessary to implement security measures to ensure its staff's safety and the County's ability to run efficiently.

11. The County informed Plaintiff he would no longer be able to access his office from within the County courthouse, which is a space shared by administration and legal staff.

12. Instead, the County temporarily rented Plaintiff a separate office space less than 0.3 miles from the County courthouse.

13. This was to ensure that other County staff felt safe coming to work and could perform their jobs.

14. Plaintiff still has an office provided by the County, which he has chosen not to use. The County continues to rent this office space for Plaintiff's use.

I hereby declare that the above statements are true to the best of my knowledge and belief and understand that they are made for use as evidence in court and are subject to penalty for perjury.

DATED: May 20, 2026.

_____
Kristin Yuille

Page 3 – DECLARATION OF KRISTIN YUILLE