Román D. Hernández, OSB No. 011730
rhernandez@cablehuston.com
Jared M. Ahern, OSB No. 221919
jahern@cablehuston.com
Olivia M. Loftin, OSB No. 225812
oloftin@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, Oregon 97201
Tele: (503) 224-3092
Fax: (503) 224-3167

*Attorneys for Defendants Lincoln County, David
Collier, Kelly Meininger, in her capacity as the
personal representative of the Estate of Claire Hall,
Walter Chuck, and Kristin Yuille*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CASEY MILLER,<br><br>        Plaintiff,<br><br>     v.<br><br>LINCOLN COUNTY, a public body, DAVID COLLIER, in his individual capacity, KELLY MEININGER, in her capacity as the personal representative of the estate of CLAIRE HALL, WALTER CHUCK, in his individual capacity, and KRISTIN YUILLE, in her individual capacity,<br><br>        Defendants. | Case No. 6:26-cv-00499-AA<br><br>**DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Request for Oral Argument) |

**TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ........................................................................................ 2

II.   BACKGROUND ......................................................................................... 3

III.  LEGAL STANDARDS .............................................................................. 7

      A.    Legal Standard for Special Motions to Strike Under ORS 31.150. ........................ 7

      B.    Legal Standard for Motions to Dismiss Under Federal Rule of Civil Procedure
            12(b)(6). ........................................................................................ 7

IV.   MOTION 1: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE
      PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM UNDER ORS 31.150. ... 8

      A.    Step One: Plaintiff's Claims Arise Out of Protected Activity. .............................. 8

      B.    Step Two: Plaintiff Fails to Meet His Burden of Proving He Will Succeed on His
            Whistleblower Retaliation Claim. .......................................................... 11

            1.    Plaintiff Cannot Prevail on His Whistleblower Retaliation Claim Because It
                  Is Time-Barred. ....................................................................... 13

            2.    Plaintiff Cannot Prevail on a Whistleblower Retaliation Claim Because He
                  Is Not an Employee. ................................................................. 14

            3.    Plaintiff Cannot Establish a Whistleblower Retaliation Claim Because He
                  Has Not Suffered an Adverse Employment Decision. ........................... 15

            4.    Plaintiff Cannot Establish a Whistleblower Retaliation Claim Because
                  Defendants Have Legitimate, Non-Discriminatory Reasons for Any Alleged
                  Adverse Employment Decision. .................................................... 18

V.    MOTION 2: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO
      DISMISS PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM. .................... 20

      A.    The Court Should Dismiss Plaintiff's Whistleblower Claim as It Is Time-Barred.
            ................................................................................................... 20

      B.    Alternatively, the Court Should Dismiss Plaintiff's Whistleblower Claim for
            Failure to State a Claim. ..................................................................... 21

VI.   AS PLAINTIFF HAS ALREADY AMENDED HIS COMPLAINT, THE COURT
      SHOULD GRANT DEFENDANTS' MOTIONS WITHOUT LEAVE TO FURTHER
      AMEND. ....................................................................................................... 21

VII.  CONCLUSION............................................................................................ 22

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Andrade-Tafolla v. United States*,
536 F. Supp. 3d 764 (D. Or. 2021) ....................................................................... 7, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................... 7, 8

*Baral v. Schnitt*,
1 Cal. 5th 376 (2016) ............................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007) .................................................................................................. 7

*Burlington N. & Santa Fe Ry. Co. v. White*,
548 U.S. 53 (2006) .................................................................................................... 16

*Card v. Pipes*,
398 F. Supp. 2d 1126 (D. Or. 2004) ................................................................... 12, 20

*Detwiler v. Mid-Columbia Med. Ctr.*,
3:22-CV-01306-JR, 2022 WL 19977290 (D. Or. Dec. 20, 2022) ........................... 12

*DiNicola v. Serv. Emps. Int'l Union, Loc. 503*,
CIV. 08-6317-HO, 2011 WL 3477074 (D. Or. Aug. 5, 2011) ................................. 12

*Handy v. Lane Cnty.*,
360 Or. 605 (2016) .................................................................................................... 10

*Herring Networks, Inc. v. Maddow*,
8 F.4th 1148 (9th Cir. 2021) ..................................................................................... 21

*Houston v. Yoncalla Sch. Dist. No. 32*,
No. 6:13-CV-01318-AA, 2014 WL 3514984 (D. Or. July 11, 2014) ................. 16, 17

*Huynh v. Chase Manhattan Bank*,
465 F.3d 992 (9th Cir. 2006) .................................................................................... 13

*Lindsey v. Clatskanie People's Util. Dist.*,
140 F. Supp. 3d 1077 (D. Or. 2015) .................................................................... 12, 14

*Manatt v. Bank of Am., NA*,
339 F.3d 792 (9th Cir. 2003) .................................................................................... 16

*Mazur v. Kaiser Found. Hosps.*,
  No. 6:23-CV-0969-AA, 2025 WL 895358 (D. Or. Mar. 24, 2025) .................................. 13, 20

*Miller v. Watson*,
  No. 3:18-CV-00562-SB, 2019 WL 1871011 (D. Or. Feb. 12, 2019) ....................................... 9

*Mouktabis v. Clackamas Cnty.*,
  327 Or. App. 763 (2023)............................................................................... 7, 8, 9, 11

*Mullen v. Meredith Corp.*,
  271 Or. App. 698 (2015)........................................................................................... 1

*Page v. Parsons*,
  249 Or. App. 445 (2012)......................................................................................... 10

*Reiber v. City of Pullman*,
  No. 11-CV-0129-TOR, 2013 WL 3984442 (E.D. Wash. Aug. 1, 2013).................................. 19

*Reyna v. City of Portland*,
  769 F. Supp. 3d 1161 (D. Or. 2025) ................................................................... passim

*Sornson v. Oregon Comm'n on Child.*,
  887 F. Supp. 2d 1111 (D. Or. 2012) ................................................................. 15, 21

*Steele v. Mayoral*,
  231 Or. App. 603 (2009) ........................................................................................ 16

*Stewart v. Rolling Stone LLC*,
  181 Cal. App. 4th 664 (2010) ................................................................................. 11

*Supermail Cargo, Inc., v. United States*,
  68 F.3d 1204 (9th Cir. 1995) ................................................................................. 13

*Verizon Delaware, Inc. v. Covad Commc'ns Co.*,
  377 F.3d 1081 (9th Cir. 2004) ............................................................................... 22

*Young v. State*,
  177 Or. App. 295 (2001)................................................................................. 14, 15, 21

**Statutes**

ORS 31.150............................................................................................................ passim
ORS 31.152......................................................................................................... 1, 7
ORS 203.240........................................................................................................ 17
ORS 243.323.................................................................................................. 13, 20
ORS 279.340...................................................................................................... 14

ORS 279.640 .................................................................................................. 15, 21

ORS 656.751 ....................................................................................................... 15

ORS 659A.030 ..................................................................... 2, 12, 13, 14, 15

ORS 659A.112 ............................................................................................... 13, 20

ORS 659A.082 ............................................................................................... 13, 20

ORS 659A.199 ............................................................................................. passim

ORS 659A.200 ............................................................................................... 14, 15

ORS 659A.203 ............................................................................................. passim

ORS 659A.370 ............................................................................................... 13, 20

ORS 659A.875 ............................................................................................... 13, 20

ORS 659A.885 ............................................................................................... 13, 20

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, counsel for Defendants Lincoln County, David Collier, Kelly Meininger, in her capacity as the personal representative of the Estate of Claire Hall, Walter Chuck, and Kristin Yuille ("Defendants") conferred with counsel for Plaintiff Casey Miller concerning Defendants' Motions on the phone on June 4, 2026. The parties were unable to resolve the issues raised in the Motions via conferral.

**MOTIONS**

**Motion No. 1**:  Under Oregon's anti-SLAPP[1] statute, ORS 31.150 et seq., Defendants move to strike Plaintiff's second claim for relief, whistleblower retaliation under ORS 659A.199, ORS 659A.203, and ORS 659A.030(1)(h), as this claim is based on Defendants' protected activities under ORS 31.150(2)(a)(A) and (D), and Plaintiff cannot meet his burden to prove that there is a probability he will prevail on his whistleblower retaliation claim under ORS 31.150(4). Defendants request an award of reasonable attorneys' fees. ORS 31.152(3). In support of Defendants' motion to strike, Defendants rely on the pleadings and record in this action, the Declaration of Kristin Yuille dated May 20, 2026 (ECF No. 23) ("Yuille Decl."), Declaration of Kristin Yuille dated June 3, 2026 (ECF No. 27) ("Second Yuille Decl."), Declaration of David Collier dated May 20, 2026 (ECF No. 22) ("Collier Decl."), and the memorandum of points and authorities below.

**Motion No. 2**:  Defendants also move this Court for an order dismissing Plaintiff's whistleblower retaliation claim without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6), because it is time-barred, and also, fails to state a claim for relief because

---

[1] "SLAPP" stands for "Strategic Lawsuits Against Public Participation." *Mullen v. Meredith Corp.*, 271 Or. App. 698, 700 (2015).

Page 1 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff is not an "employee," did not suffer an adverse action, and Defendants had legitimate, non-discriminatory reasons for any alleged adverse action.

In support of Defendants' motions to dismiss, Defendants rely on the pleadings and record in this action, all material properly subject of judicial notice by this Court, and the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff has been a Lincoln County commissioner since 2023. For over a year and a half, Plaintiff has been causing disruptions at County business meetings, encouraging the public to undermine the County government, and deterring County employees and officials from attending meetings that he attends due to his conduct. Plaintiff's lawsuit is a politically motivated attempt to bypass the County's established practices and to try and avoid the natural consequences of his disruptive actions.

Though Plaintiff's initial complaint was without merit, and his amended complaint is no better, at this time Defendants only move to dismiss and strike Plaintiff's second cause of action for whistleblower retaliation under ORS 659A.199, ORS 659A.203, and ORS 659A.030(1)(h).[2]

The Court should strike Plaintiff's second cause of action under Oregon's anti-SLAPP statute because it arises out of protected activity by Defendants, and Plaintiff cannot show a probability of success on that claim. Oregon's anti-SLAPP statute requires two steps of analysis, and if both steps are satisfied the Court must strike the claim. For the first step, Defendants' alleged actions giving rise to Plaintiff's whistleblower retaliation claim are protected activities under Oregon's anti-SLAPP statute, ORS 31.150(2)(a)(A) and (D), because investigations into

---

[2] Plaintiff's first claim for relief for alleged First Amendment violations is also meritless, and Defendants will address that claim at the appropriate time in these proceedings.

Page 2 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

an elected official's behavior and the related report are protected activities, and the other alleged actions giving rise to Plaintiff's claims against Defendants were in relation to or a result of the investigation and in the public's interest.

As for the second step, Plaintiff cannot meet his burden of proving he will succeed on the merits of his whistleblower retaliation claim for several reasons. First, it is barred by the one-year statute of limitations, as he filed his complaint over a year after the alleged unlawful employment practice took place. Next, Plaintiff is not an employee and cannot assert a claim for whistleblower retaliation. Even if he was an employee, he has not suffered an adverse employment decision. And, even if he had suffered an adverse employment decision, Defendants have legitimate, non-discriminatory reasons for their actions.

For the same reasons that Plaintiff will not be able to carry his burden on step two of the anti-SLAPP analysis with respect to his whistleblower retaliation claim, the Court should dismiss that claim for failure to state a claim because these fatal legal defects are apparent from the face of Plaintiff's amended complaint. Finally, the Court should dismiss Plaintiff's whistleblower retaliation claim without leave to amend, as Plaintiff has already amended his complaint and further attempts would prove futile.

## II.    BACKGROUND

Plaintiff was sworn in as a County commissioner in January 2023. Yuille Decl. ¶ 2. The County commissioner position is an elected position, and County commissioners are not employees. *Id*.; First Amended Complaint ("FAC") ¶ 11.

The County conducts its business at twice monthly Board of Commissioner ("Board") meetings, over which the chair of the Board presides. Yuille Decl. ¶ 3. The Board can only conduct County business with the agreement of a majority of the Board. *Id*. The County's

Page 3 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

established practice is that the chair of the Board, County administrator, and County counsel meet before County business meetings to set the agenda. Yuille Decl. ¶ 4. Board meeting agenda items will only be added to the agenda with approval from the chair, County administrator, and County counsel at agenda-setting meetings. *Id*. Alternatively, agenda items can be added by agreement of at least two commissioners on the Board. *Id*.

Plaintiff has submitted agenda items for consideration, and those items were rejected if he did not receive approval from at least one of the other Commissioners. Yuille Decl. ¶ 5. Agenda items may also be rejected if they have not gone through legal review, which is required before placement on the agenda. *Id*.

On September 18, 2024, the Board held a regular County business meeting. Yuille Decl. ¶ 6. At this meeting, Plaintiff disclosed confidential personnel matters, medical information about a County employee, bullied and disrespected fellow commissioners and County staff, and made comments that reflected poorly on the County and were for personal gain. *Id*. Plaintiff's conduct led several County employees to file reports with human resources, which caused the County to hire a third party to investigate whether Plaintiff's conduct violated County rules. Yuille Decl. ¶ 7.

Plaintiff alleges that the County's actions after this meeting constitute retaliation for protected speech he made at this meeting. This is not correct. Even if anything Plaintiff said at the September 18, 2024 meeting constituted protected speech, the County's actions after that meeting were not retaliatory. This is because the County would have initiated an investigation and implemented security measures to protect its staff and other elected officials from Plaintiff's harassment and disruption regardless of whether Plaintiff engaged in any alleged protected activity at the September 18, 2024 Board meeting. Yuille Decl. ¶ 8. This is because, as a result of

Page 4 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff's actions, (1) key employees working in the courthouse administration office chose to work from home when Board business meetings took place at the courthouse due to Plaintiff's disruptive behavior; (2) Plaintiff was widely perceived to have encouraged members of the public to undermine and antagonize the County government in various ways; and (3) some management team meeting participants said they would not attend the meetings if Plaintiff also attended. Yuille Decl. ¶ 9.

As a result of Plaintiff's behavior, the outcome of the third-party investigation, and the impact Plaintiff's actions had on the County, the County implemented security measures to ensure its staff's safety and the County's ability to run efficiently. Yuille Decl. ¶ 10.

For example, the County barred Plaintiff from attending County management meetings. Collier Decl. ¶ 2. Plaintiff's role as a commissioner does not give him the right to attend these meetings—which are different than the County business meetings discussed above—the purpose of which is to exchange information between departments. Collier Decl. ¶ 3. Despite having no obligation to do so, the County offered Plaintiff the opportunity to discuss these meetings with Collier. Collier Decl. ¶ 4. Plaintiff never asked Collier for information about these meetings. Collier Decl. ¶ 5.

The County also barred Plaintiff from accessing his former office within the County courthouse, which is a space shared by administration and legal staff. Yuille Decl. ¶ 11. Instead, the County rented Plaintiff office space less than 0.3 miles from the County courthouse. Yuille Decl. ¶ 12. This was to ensure that other County staff felt safe coming to work and could perform their jobs. Yuille Decl. ¶ 13. Plaintiff has an office provided by the County, but has chosen not to use it and to instead complain in the media to draw attention to himself. Yuille Decl. ¶ 14.

Page 5 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

On March 13, 2026, Plaintiff filed this case, alleging violations of his First Amendment rights and whistleblower retaliation—even though he is not an employee of the County. ECF No. 1. On May 22, 2026, Defendants filed a motion to dismiss and motion to strike under ORS 31.150 requesting this Court dismiss and strike Plaintiff's whistleblower retaliation claim. ECF No. 21. On May 26, 2026, in response to Defendants' motion, Plaintiff filed a First Amended Complaint. ECF No. 24.

The changes Plaintiff made to his complaint are minor and only resolved some of the issues Defendants raised in their first motion to dismiss and motion to strike. Plaintiff still alleges that the County initiated an investigation against him on September 19, 2024, and that during the investigation he was unable to access his office or communicate with County employees. FAC ¶¶ 15–18. Plaintiff also still alleges the County prohibited him from attending County management meetings and adding items to the agenda for the County business meetings. *Id*. at ¶¶ 26–27. On January 15, 2025, the County issued the results of the investigation and issued a related media release. *Id*. at ¶¶ 28–29. Finally, Plaintiff still alleges that the County has continued to deny him access to his office. *Id*. at ¶ 33. The only statements Plaintiff added to his amended complaint relevant to this motion, are statements amounting to legal conclusions that Defendants' activity is not protected activity under the first anti-SLAPP step. See FAC ¶¶ 51–52, 54.These legal conclusions do not undermine the arguments in Defendants' anti-SLAPP motion.

Accordingly, Defendants, once again, move to strike under ORS 31.150 and move to dismiss Plaintiff's amended complaint for many of the same reasons alleged in Defendants' first attempt to dismiss Plaintiff's whistleblower claim.

## III.    LEGAL STANDARDS

### A.    Legal Standard for Special Motions to Strike Under ORS 31.150.

Oregon's anti-SLAPP statute provides "a mechanism for a defendant to move to strike certain nonmeritorious claims predicated on speech and petitioning activity potentially entitled to constitutional protection." *Mouktabis v. Clackamas Cnty.*, 327 Or. App. 763, 766 (2023) (internal citations omitted); *see generally* ORS 31.150 *et seq*. The statute is to "be liberally construed in favor of the exercise of rights described in ORS 31.150(2)." ORS 31.152(6).

The court engages in a two-step burden shifting process in deciding anti-SLAPP motions. *Mouktabis*, 327 Or. App. at 766. First, the defendant has the burden to show that the activity giving rise to the plaintiff's claims falls under one of the protected activities outlined in ORS 31.150(2). *Id.* "If the court determines that a claim falls within one of those four categories, then the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case." *Id*. at 766–767 (internal quotations omitted). If the plaintiff cannot meet this burden, the court should grant the anti-SLAPP motion. ORS 31.150(4).

### B.    Legal Standard for Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

The court must dismiss a claim that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The facts alleged in the complaint must amount to a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief." *Andrade-Tafolla v. United States*, 536 F. Supp. 3d 764, 770 (D. Or. 2021).

Page 7 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

"In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party." *Id.* While the court must draw all reasonable inferences from the factual allegations in plaintiff's favor, the "court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations." *Id.* (citing *Iqbal*, 556 U.S. at 678–79). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## IV.    MOTION 1: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM UNDER ORS 31.150.

### A.    Step One: Plaintiff's Claims Arise Out of Protected Activity.

Under ORS 31.150(2)(a), the protected activities include:

> (A) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;
>
> (B) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;
>
> (C) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
>
> (D) Any other conduct in furtherance of the exercise of the constitutional right of assembly, petition or association or the constitutional right of free speech or freedom of the press in connection with a public issue or an issue of public interest.

ORS 31.150(2)(a)(A)–(D). To determine whether the facts giving rise to Plaintiff's claims arises out of one of these protected activities, "[the court] examine[s] the conduct that is targeted by the claims in the complaint." *Mouktabis*, 327 Or. App. at 771 (internal quotations omitted). "The

Page 8 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

inquiry turns on the nature of the claims asserted against a defendant and the alleged actions of the defendant giving rise to the claims." *Id*.

"[C]ourts have consistently recognized that anti-SLAPP statutes protect internal investigations into alleged misconduct conducted or directed by a governmental body." *Miller v. Watson*, No. 3:18-CV-00562-SB, 2019 WL 1871011, at *5 (D. Or. Feb. 12, 2019). Additionally, a memorandum summarizing the findings of an investigation is protected activity under ORS 31.150(2)(a)(D), as it "concerns an issue of public interest because it contains the findings of an investigation into the alleged misconduct of a public official and a candidate for public office." *Id*.

Plaintiff alleges several protected County actions give rise to his whistleblower claims. First, Plaintiff alleges that the County initiated an investigation against him on September 19, 2024, and that during the investigation he was unable to access his office or communicate with County employees. FAC ¶¶ 15–18. Plaintiff alleges that on January 15, 2025, the County issued the results of the investigation and issued a related media release. *Id*. at ¶¶ 28–29.

The County's investigation into Plaintiff's behavior and the related report are protected activities under ORS 31.150(2)(a)(A) and (D), as it was a government investigation into Plaintiff's—an elected official's—misconduct, content which is well within the public interest. *Miller*, 2019 WL 1871011 at *5 (stating that internal investigations into an alleged misconduct by a governmental body and related memos with the findings of such investigations of a public official are protected activities).

Second, Plaintiff alleges the County barred him from attending County management meetings (FAC ¶ 26), barred him from adding items to the agenda for the County business meetings (*Id*. at ¶ 27), and barred him from accessing his offices at the County (*Id*. at ¶¶ 17, 33).

Page 9 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

The County's conduct was in connection with the investigation that it undertook and was also in connection with the public interest of holding a public official accountable for misconduct and seeking to prevent future misconduct. ORS 31.150(2)(a)(D). Accordingly, these actions that the County took as part of its investigation into Plaintiff are protected activities under ORS 31.150(2)(a)(D).[3]

Plaintiff's amended complaint is an obvious attempt by him to avoid Defendants' anti-SLAPP arguments, yet he merely added statements amounting to legal conclusions that Defendants' conduct did not arise out of protected activity under ORS 31.150. FAC ¶¶ 51–52, 54. Specifically, Plaintiff made the following legal conclusions that are disguised as factual allegations:

- "For clarity purposes, no oral or written statement(s) made, or other document(s) submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law, or conduct in furtherance of the exercise of the constitutional right of assembly, petition or association or the constitutional right of free speech or freedom of the press in connection with a public issue or an issue of public interest are included in the retaliatory action(s) that harmed Plaintiff." FAC ¶ 51.

- "The materially adverse action(s) Defendants took against Plaintiff were not criticism alone, part of the give and take of the political process, a minor indignity, or itself a form of speech, but were a form of punishment which deprived Plaintiff of the ability to exercise the full authority he enjoyed by virtue of his popular election." FAC ¶ 52.

- "The aiding, abetting, incitement, compulsion, or coercion the individual Defendants COLLIER, HALL, CHUCK and YUILLE engaged in as referenced in

---

[3] To the extent Plaintiff's claims arise out of both protected and unprotected activity, the Court should grant Defendants' Motion to Strike as to the protected activity. *Baral v. Schnitt*, 1 Cal. 5th 376, 392 (2016) (stating "when the defendant seeks to strike particular claims supported by allegations of protected activity that appear alongside other claims within a single cause of action, the motion cannot be defeated by showing a likelihood of success on the claims arising from unprotected activity."). Oregon courts can look to California decisions in interpreting and applying Oregon law, as Oregon's anti-SLAPP statute is modeled after California's anti-SLAPP statute. *Page v. Parsons*, 249 Or. App. 445, 461–62 (2012); *see also Handy v. Lane Cnty.*, 360 Or. 605, 623 n. 12 (2016) (discussing pre-2001 California cases as controlling and post-2001 California cases as "persuasive").

Page 10 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

paragraph 53 in this complaint were not were not [sic] oral or written statement(s) made, or other document(s) submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law, or conduct in furtherance of the exercise of the constitutional right of assembly, petition or association or the constitutional right of free speech or freedom of the press in connection with a public issue or an issue of public interest." FAC ¶ 54.

These new allegations Plaintiff included in his amended complaint almost directly mirror the definitions of protected activities in ORS 31.150(2)(a). The Court should not look to Plaintiff's legal conclusions to determine whether Plaintiff's claims arise out of protected activity, but rather, "[the court] examine[s] the conduct that is targeted by the claims in the complaint." *Mouktabis*, 327 Or App at 771; *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 679 (2010), *as modified on denial of reh'g* (Feb. 24, 2010) ("The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability and whether that activity constitutes protected speech or petitioning. Thus, we do not evaluate the first prong of the anti-SLAPP test solely through the lens of a plaintiff's cause of action." (internal citations and quotations omitted)). Because these statements are mere legal conclusions, the actual activity that gives rise to Plaintiff's claims should be the sole focus of the Court when determining if Defendants' conduct is protected activity under ORS 31.150. Despite his legal conclusions trying to cover it up, Defendants' conduct that forms the basis of Plaintiff's claims does arise out of protected activity under ORS 31.150(2)(a)(D), and accordingly, the first step of the anti-SLAPP analysis is met.

> **B.     Step Two: Plaintiff Fails to Meet His Burden of Proving He Will Succeed on His Whistleblower Retaliation Claim.**

As the first step of the anti-SLAPP analysis is satisfied, Plaintiff has the burden of showing, by "substantial evidence," that he is likely to succeed on his claim. ORS 31.150(4). A plaintiff fails to meet this burden if the plaintiff's claim would be dismissed for failure to state a

Page 11 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

claim. *Card v. Pipes*, 398 F. Supp. 2d 1126, 1137 (D. Or. 2004) (finding that "[b]ecause plaintiff's claims are dismissed for insufficient service or for failure to state a claim, plaintiff cannot establish a probability that he will prevail by presenting substantial evidence to support a prima facie case, and defendants' special motion to strike is granted.").

To establish a prima facie case of whistleblower retaliation under ORS 659A.199 or ORS 659A.203, "a plaintiff must show that he (1) engaged in a protected activity, (2) suffered an adverse employment decision, and (3) there was a causal link between the protected activity and the adverse employment decision." *Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1091 (D. Or. 2015) (internal citations omitted). ORS 659A.030(1)(h) is merely an aiding and abetting claim, which states that it is an unlawful employment practice "[f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so." ORS 659A.030(1)(h).

Plaintiff cannot establish that he is likely to succeed on his whistleblower claim because the claim is time-barred, he is not an employee, has not suffered any adverse employment decisions, and Defendants had legitimate, nondiscriminatory reasons for any alleged adverse employment decisions they may have taken. Because Plaintiff cannot succeed on his whistleblower retaliation claim, he can also not succeed on his aiding and abetting claim under ORS 659A.030(1)(h). *DiNicola v. Serv. Emps. Int'l Union, Loc. 503*, CIV. 08-6317-HO, 2011 WL 3477074, at *7 (D. Or. Aug. 5, 2011) (dismissing plaintiff's ORS 659A.030(1)(g) claim because "without a violation of Chapter 659A Whistleblower laws, this claim fails.");[4] *see also Detwiler v. Mid-Columbia Med. Ctr.*, 3:22-CV-01306-JR, 2022 WL 19977290, at *5 (D. Or.

---

[4] ORS 659A.030(1)(h) was renumbered (used to be numbered ORS 659A.030(1)(g)) effective September 26, 2025.

Page 12 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Dec. 20, 2022) ("the plaintiff must first establish a violation of the underlying Chapter 659A laws to bring a cognizable aiding and abetting claim.").

### 1.    Plaintiff Cannot Prevail on His Whistleblower Retaliation Claim Because It Is Time-Barred.

A Court may dismiss a claim as time-barred under Rule 12(b)(6) where "the running of the statute is apparent of the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (internal citations omitted). The Court should dismiss a claim as time-barred if it "appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc., v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

The statute of limitations for whistleblower claims under ORS 659A.199 and ORS 659A.203 is one year after the date of the alleged employment practice. ORS 659A.875 ("A civil action under ORS 659A.885 alleging an unlawful employment practice other than a violation of ORS 243.323, 659A.030, 659A.082, 659A.112 or 659A.370 must be commenced within one year after the occurrence of the unlawful employment practice . . . ."); *Mazur v. Kaiser Found. Hosps.*, No. 6:23-CV-0969-AA, 2025 WL 895358, at *6 (D. Or. Mar. 24, 2025) (stating that ORS 659A.199 claims have a one-year statute of limitations); *Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1174 (D. Or. 2025) (stating that, with respect to whistleblower claims brought under ORS 659A.199 and ORS 659A.203, "[t]he parties agree that the relevant statutes of limitations allowed [plaintiff] one year after the "unlawful employment practice" to bring her claim, by filing a complaint . . . . in court.").

Plaintiff alleges that the County initiated an investigation against him as of September 19, 2024, and that during the investigation he was unable to access his office or communicate with County employees. FAC ¶¶ 15–18. Plaintiff also alleges the County forbade him from attending

Page 13 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

County management meetings and adding items to the agenda for the County business meetings. *Id.* at ¶¶ 26–27. On January 15, 2025, the County published the results of the investigation and issued a related media release. *Id.* at ¶¶ 28–29. Finally, Plaintiff alleges that the County deactivated his keycard to the County offices in February 2025. *Id.* at ¶ 33. All of the County's alleged actions which Plaintiff alleges are the basis for his whistleblower retaliation claim occurred between September 2024 and February 2025. But Plaintiff did not file this lawsuit until March 13, 2026, more than a year after the County's alleged adverse actions occurred. Accordingly, Plaintiff filed this lawsuit beyond the expiration of the one-year statute of limitations. For this reason, Plaintiff cannot carry his burden that he would prevail on his whistleblower retaliation claim.

### 2. Plaintiff Cannot Prevail on a Whistleblower Retaliation Claim Because He Is Not an Employee.

Plaintiff cannot establish a prima facie case of retaliation under ORS 659A.199 or ORS 659A.203, and therefore also ORS 659A.030(1)(h), because he is not an employee. To establish a prima facie case of whistleblower retaliation under ORS 659A.199 or ORS 659A.203, "a plaintiff must show that he (1) engaged in a protected activity, (2) suffered an adverse employment decision, and (3) there was a causal link between the protected activity and the adverse employment decision." *Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1091 (D. Or. 2015). Oregon courts have determined that elected officials are not considered state employees in similar circumstances. *Young v. State*, 177 Or. App. 295, 299–303 (2001) (stating that elected officials are not considered state employees under another employment statute, ORS 279.340). ORS 659A.200 defines "employee" as:

(a) Employed by or under contract with the state or any agency of or political subdivision in the state;

Page 14 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

(b) Employed by or under contract with any person authorized to act on behalf of the state, or agency of the state or subdivision in the state, with respect to control, management or supervision of any employee;

(c) Employed by the public corporation created under ORS 656.751;

(d) Employed by a contractor who performs services for the state, agency or subdivision, other than employees of a contractor under contract to construct a public improvement;

(e) Employed by or under contract with any person authorized by contract to act on behalf of the state, agency or subdivision;

(f) Employed by a nonprofit organization; or

(g) Serving as a member of a board of directors of a nonprofit organization who is not otherwise considered an employee.

ORS 659A.200(2).

As a commissioner, Plaintiff is an elected official in Lincoln County. FAC ¶¶ 11, 44; Yuille Decl. ¶ 2. Elected officials are not considered employees and are not included in the definition of employee in ORS 659A.200(2). ORS 659A.200(2); *Young*, 177 Or. App. at 299–303 (stating that elected officials are not considered employees under another employment statute, ORS 279.640). Accordingly, Plaintiff cannot establish a prima facie case of retaliation under ORS 659A.199 or ORS 659A.203, and therefore ORS 659A.030(1)(h), as he is not an employee. As a result, he cannot carry his burden that he is likely to succeed on his whistleblower retaliation claim. *Sornson v. Oregon Comm'n on Child.*, 887 F. Supp. 2d 1111, 1123 (D. Or. 2012) (The Court granted motion to dismiss whistleblower claims, as "[t]he plain language of Oregon's statutory scheme simply does not support the proposition that a plaintiff may bring a whistleblowing claim against an 'employer' which never actually employed, controlled, managed, or supervised the plaintiff.").

### 3.   Plaintiff Cannot Establish a Whistleblower Retaliation Claim Because He Has Not Suffered an Adverse Employment Decision.

Even if Plaintiff were somehow an employee (and he is not), Plaintiff would still be unable to demonstrate a substantial probability of prevailing on his whistleblower claims because

Page 15 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

he has not suffered an adverse action. Under both ORS 659A.199 and ORS 659A.203, "[a]n adverse action need not affect the terms or conditions of employment. It must, however, be material[.]" *Steele v. Mayoral*, 231 Or. App. 603, 616 (2009) (internal citation omitted); *see also Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1176–1178 (D. Or. 2025) (stating that an adverse employment action is one that is "reasonably likely to deter [an employee] from engaging in protected activity. . . ."). In *Mayoral*, the Oregon Court of Appeals stated that materially adverse employment actions are "distinct from trivial harms, such as personality conflicts or snubbing by coworkers and supervisors; typically, 'petty slights, minor annoyances, and simple lack of good manners' will not deter complaints by victims of discrimination." *Mayoral*, 231 Or. App. at 616 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

In the general employment retaliation context, "mere ostracism or offensive utterance by co-workers does not qualify as an adverse employment action." *Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1181 (D. Or. 2025) (internal citations omitted); *see also Manatt v. Bank of Am., NA*, 339 F.3d 792, 803 (9th Cir. 2003) ("Mere ostracism in the workplace is not grounds for a retaliation claim, however, and [plaintiff's] claim on this theory must therefore fail."). Exclusion from meetings is also not necessarily an adverse employment action. *Houston v. Yoncalla Sch. Dist. No. 32*, No. 6:13-CV-01318-AA, 2014 WL 3514984, at *10 (D. Or. July 11, 2014) (stating that "exclusion from school meetings was not a 'disciplinary action' taken in context of his employment.").

Plaintiff alleges that during the County's investigation, he was unable to communicate with County agents and employees and has been unable to access his office at the County. FAC ¶¶ 17, 33, 38. This is not an adverse employment action. At most, it is merely ostracism from

Page 16 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

other County employees, and therefore does not rise to an adverse employment decision. *Reyna*, 769 F. Supp. 3d at 1181. Further, Plaintiff was still able to communicate with people in the County through a liaison, and the County offered him a new office to complete his job duties. FAC ¶ 18; Yuille Decl. ¶¶ 11–14.

Plaintiff also alleges that the County barred him from attending County management meetings. FAC ¶ 26. However, exclusion from meetings is not an adverse employment action, especially when it does not affect any other aspects of the plaintiff's role. *Houston*, 2014 WL 3514984, at *10. Plaintiff's role as a commissioner—which, again, is not an employment role within the County—does not provide him with the right to attend these management meetings, the purpose of which is to exchange information between departments. Collier Decl. ¶ 3. Despite having no obligation to do so, the County offered Plaintiff the opportunity to discuss these meetings with Collier. Collier Decl. ¶ 4. Plaintiff never asked Collier for information about these meetings. Collier Decl. ¶ 5. The County's decision to prohibit Plaintiff from attending County management meetings is not an adverse employment decision, as it is not a part of his job as commissioner to attend these meetings, and the fact that he is unable to attend does not impact his role.

Finally, Plaintiff alleges that the County prohibited him from adding items to the agenda for the County business meetings. FAC ¶ 27. Plaintiff cannot prevail on this theory because it is not true. Plaintiff misstates the process by which a commissioner can add items to the Board business meeting agendas. Board meeting agenda items are added to the agenda with approval from the chair, County administrator, and County counsel at agenda-setting meetings. Yuille Decl. ¶ 4. Alternatively, agenda items can be added by at least two commissioners on the Board. *Id*; *see also* ORS 203.240 (stating that County business can only be conducted with the

Page 17 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

agreement of a majority of the Board).

Plaintiff has submitted agenda items for consideration, and those items were rejected if he did not receive approval from at least one of the other commissioners. Yuille Decl. ¶ 5. Agenda items may also be rejected if they have not gone through legal review, which is required before placement on the agenda. *Id*. These are the reasons why Plaintiff's agenda items have been rejected—not because the County has barred him from adding items to the agenda in retaliation for his allegedly protected activities.

This is proven by the fact that when Plaintiff actually follows the established procedure for adding items to the agenda, his items are added to the agenda. Second Yuille Decl. ¶ 4. For example, Plaintiff stated that he had an agenda item entitled "Memorandum of Understanding," but continuously failed to provide a copy of the document for County counsel's review. *Id*. When he finally provided the document for review in April 2026, the agenda item was approved and placed on the May 13, 2026 meeting agenda. *Id*. Accordingly, Plaintiff's alleged bar from adding items on the agenda is no such thing. Instead, it is an example Plaintiff misunderstanding of an established County practice, and is not an adverse employment decision.

> **4.    Plaintiff Cannot Establish a Whistleblower Retaliation Claim Because Defendants Have Legitimate, Non-Discriminatory Reasons for Any Alleged Adverse Employment Decision.**

Finally, even if the Court determined that Plaintiff is an employee (he is not), and that Plaintiff has suffered adverse employment decisions (he has not), and that his claim was timely (it is not) Plaintiff would still not be able to prove he will be successful on his whistleblower claims because Defendants have legitimate, non-discriminatory reasons for any alleged adverse employment decisions.

"Once a *prima facie* case has been made, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action. This burden is one of

Page 18 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

production, not persuasion and involves no credibility assessment." *Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1181 (D. Or. 2025) (internal quotations omitted).

Plaintiff alleges that the County initiated an investigation against him as of September 19, 2024, and then barred him from accessing his office, communicating with County employees, and prohibited him from attending management meetings. FAC ¶¶ 15, 17, 18, 26. Further, the County published the results of the investigation and issued a related media release. *Id*. at ¶¶ 28–29. Plaintiff cannot establish a whistleblower retaliation claim because all of these County actions were legitimate, non-discriminatory responses to the complaints the County received about Plaintiff's actions. *See Reiber v. City of Pullman*, No. 11-CV-0129-TOR, 2013 WL 3984442, at *20 (E.D. Wash. Aug. 1, 2013) (plaintiff could not establish causation on a retaliation claim, as defendants entitled to pursue investigation into plaintiffs after serious complaints lodged).

On September 18, 2024, the Board held a regular County business meeting. Yuille Decl. ¶ 6. At this meeting, Plaintiff disclosed confidential personnel matters, medical information about a County employee, bullied and disrespected fellow commissioners and County staff, and made comments that reflected poorly on the County and were for personal gain. *Id*. Plaintiff's conduct led several individuals to file reports with human resources, which caused the County to hire a third party to investigate whether Plaintiff's conduct violated the County rules. Yuille Decl. ¶ 7.

The County initiated an investigation and implemented security measures to protect its staff and other elected officials from harassment and disruption after legitimate concerns were raised, and not to retaliate against Plaintiff's alleged protected activity at the September 18, 2024 Board meeting. Yuille Decl. ¶ 8. This is because, as a result of Plaintiff's actions, (1) key

Page 19 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

employees working in the courthouse administration office choose to work from home when Board business meetings occurred at the courthouse due to Plaintiff's disruptive behavior; (2) Plaintiff is widely perceived to have encouraged members of the public to undermine and disrupt the County government in various ways; and (3) some management team meeting participants said that would not attend the meetings if Plaintiff also attended. Yuille Decl. ¶ 9. Because the County would have taken these security measures regardless of its motive, Plaintiff will not be able to demonstrate that he is likely to succeed on his whistleblower retaliation claim, and therefore the Court should grant Defendants' Motion to Strike.

## V.   MOTION 2: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM.

The Court should dismiss Plaintiff's whistleblower claim under Rule 12(b)(6) for many of the same reasons that Plaintiff will be unable to carry his burden on step two of the anti-SLAPP analysis. *Card v. Pipes*, 398 F. Supp. 2d 1126, 1137 (D. Or. 2004) (finding that "[b]ecause plaintiff's claims are dismissed for insufficient service or for failure to state a claim, plaintiff cannot establish a probability that he will prevail by presenting substantial evidence to support a prima facie case, and defendants' special motion to strike is granted.").

### A.   The Court Should Dismiss Plaintiff's Whistleblower Claim as It Is Time-Barred.

For the same reasons discussed in Section IV(B)(1), because Plaintiff is bringing this claim more than a year after the alleged retaliatory conduct occurred, Plaintiff's whistleblower retaliation claim is time-barred and thus fails to state a claim under Rule 12(b)(6). ORS 659A.875 ("A civil action under ORS 659A.885 alleging an unlawful employment practice other than a violation of ORS 243.323, 659A.030, 659A.082, 659A.112 or 659A.370 must be commenced within one year after the occurrence of the unlawful employment practice . . . ."); *Mazur v. Kaiser Found. Hosps.*, No. 6:23-CV-0969-AA, 2025 WL 895358, at *6 (D. Or. Mar.

Page 20 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

24, 2025) (stating that ORS 659A.199 claims have a one-year statute of limitations); *Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1174 (D. Or. 2025) (stating that, with respect to whistleblower claims brought under ORS 659A.199 and ORS 659A.203, "[t]he parties agree that the relevant statutes of limitations allowed [plaintiff] one year after the 'unlawful employment practice' to bring her claim, by filing a complaint . . . . in court.").

> **B.      Alternatively, the Court Should Dismiss Plaintiff's Whistleblower Claim for Failure to State a Claim.**

Even if Plaintiff's whistleblower claim is timely (it is not), the Court should still dismiss it for failure to state a claim for other reasons. As discussed in detail in Section IV(B)(2), as an elected official is not considered an employee, Plaintiff cannot establish a case for whistleblower retaliation, and therefore this claim should be dismissed. FAC ¶¶ 11, 44 (Plaintiff refers to himself as an elected official); *Young v. State*, 177 Or. App. 295, 998–303 (2001) (stating that elected officials are not considered employees under another employment statute, ORS 279.640); *Sornson v. Oregon Comm'n on Child.*, 887 F. Supp. 2d 1111, 1123 (D. Or. 2012) (The Court granted motion to dismiss whistleblower claims, as "[t]he plain language of Oregon's statutory scheme simply does not support the proposition that a plaintiff may bring a whistleblowing claim against an 'employer' which never actually employed, controlled, managed, or supervised the plaintiff.").

> **VI.     AS PLAINTIFF HAS ALREADY AMENDED HIS COMPLAINT, THE COURT SHOULD GRANT DEFENDANTS' MOTIONS WITHOUT LEAVE TO FURTHER AMEND.**

"In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161 (9th Cir. 2021) (internal quotations omitted) (affirming lower court's decision to grant party's anti-SLAPP motion and

Page 21 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

dismissing the claims with prejudice). Though the Ninth Circuit stated that "granting a defendant's anti-SLAPP motion to strike a plaintiff's *initial complaint* without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment[,]" the court also stated that "[i]f the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (emphasis added).

Here, the fact that Plaintiff amended his complaint before a decision was made on Defendants' initial motion to strike was made is inconsequential. Now, this motion is in response to an amended complaint, and not an initial complaint, and therefore Defendants are entitled to anti-SLAPP remedies. *Id*. As discussed in detail throughout this motion, Defendants have many remaining grounds to request dismissal of Plaintiff's whistleblower claim, and allowing Plaintiff to continue to amend his complaint would be futile, as well as prejudicial to Defendants. Therefore, the Court should grant Defendants' motions without leave to amend.

## VII.    CONCLUSION

For the many reasons stated above, the Court should strike Plaintiff's whistleblower retaliation claim because it arises out of Defendants' protected activity and Plaintiff is not likely to succeed on his claim, and it should dismiss Plaintiff's whistleblower retaliation claim for similar reasons, without leave to amend.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

Page 22 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

DATED: June 9, 2026.

CABLE HUSTON LLP

By: s/  Román D. Hernández
    Román D. Hernández, OSB No. 011730
    rhernandez@cablehuston.com
    Jared M. Ahern, OSB No. 221919
    jahern@cablehuston.com
    Olivia M. Loftin, OSB No. 225812
    oloftin@cablehuston.com
    1455 SW Broadway, Suite 1500
    Portland, OR 97201

    *Attorneys for Defendants Lincoln County, David Collier, Kelly Meininger, in her capacity as the personal representative of the Estate of Claire Hall, Walter Chuck, and Kristin Yuille*

Page 23 – DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT