Román D. Hernández, OSB No. 011730
rhernandez@cablehuston.com
Jared M. Ahern, OSB No. 221919
jahern@cablehuston.com
Olivia M. Loftin, OSB No. 225812
oloftin@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, Oregon 97201
Tele: (503) 224-3092
Fax: (503) 224-3167

*Attorneys for Defendants Lincoln County, David
Collier, Kelly Meininger, in her capacity as the
personal representative of the Estate of Claire Hall,
Walter Chuck, and Kristin Yuille*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CASEY MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>LINCOLN COUNTY, a public body, DAVID COLLIER, in his individual capacity, KELLY MEININGER, in her capacity as the personal representative of the estate of CLAIRE HALL, WALTER CHUCK, in his individual capacity, and KRISTIN YUILLE, in her individual capacity,<br><br>    Defendants. | Case No. 6:26-cv-00499-AA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants Lincoln County, David Collier, Kelly Meininger, in her capacity as the

personal representative of the Estate of Claire Hall, Walter Chuck, and Kristin Yuille

Page 1 – DEFENDANTS' REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

("Defendants") respectfully submit this reply in support of their Special Motion to Strike and Motion to Dismiss Plaintiff's First Amended Complaint. This reply is supported by the points and authorities below, the records and files in this case, and the concurrently filed Declaration of Jared M. Ahern ("Ahern Decl.").

## **INTRODUCTION**

While the Court granted Plaintiff's motion for preliminary injunction, this motion involves distinct issues. Plaintiff's motion for preliminary injunction was based on his First Amendment claim only. In this motion, Defendants move against his other claim for whistleblower retaliation only. While Plaintiff's opposition muddies the waters by referring to the First Amendment and making related arguments, this Court does not need to wade into the merits of any First Amendment issues to resolve this motion. Instead, this motion addresses the lack merit of Plaintiff's whistleblower retaliation claim under an Oregon employment law statute.

Plaintiff's whistleblower retaliation claim fails for several reasons, and the Court should both strike it under Oregon's anti-SLAPP statute and dismiss it under Rule 12(b)(6). With respect to Defendants' anti-SLAPP motion, contrary to Plaintiff's argument, anti-SLAPP motions can be brought in federal court and are not "disfavored." The case that Plaintiff relies on for his argument that anti-SLAPP motions are shunned in federal court analyzes a motion to strike a declaration; not a special motion to strike under Oregon's anti-SLAPP statute. *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008). These are, obviously, two different things.

Contrary to Plaintiff's legally unsupported argument, federal courts can and do enforce Oregon's anti-SLAPP law. *See, e.g.*, *Dossett v. Ho-Chunk, Inc.*, 472 F. Supp. 3d 900, 906 (D. Or.

/ / /

/ / /

/ / /

Page 2 – DEFENDANTS' REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

2020) ("Although anti-SLAPP motions appear to be a procedural mechanism to vindicate existing substantive rights, they are generally allowed in federal court.").[1]

Plaintiff's whistleblower retaliation claim arises out of Defendants' protected activity under the first step of the anti-SLAPP statute because Plaintiff complains about Defendants' acts related to an official investigation. And on the second step of the anti-SLAPP analysis, Plaintiff's whistleblower retaliation claim fails for reasons that are disclosed on the face of Plaintiff's First Amended Complaint, including that Plaintiff is not an "employee" under the statute, and therefore cannot invoke it, and because it is time-barred.

Even if the Court disagrees with Defendants' analysis on the anti-SLAPP motion and denies that motion, it can and should still grant their motion to dismiss because Plaintiff's whistleblower retaliation claim fails as a matter of law.

## ARGUMENT

## I. MOTION ONE: THE COURT SHOULD GRANT DEFENDANTS' SPECIAL MOTION TO STRIKE.

### A. Anti-SLAPP Motions Can Be Brought in Federal Court.

Plaintiff's argument on the standard of review for Defendants' special motion to strike under Oregon's anti-SLAPP statute is not accurate. Plaintiff quotes the following from *Legal Aid Servs. of Or. v. Legal Servs. Corp.*: "Motions to strike are disfavored and infrequently granted." 561 F. Supp. 2d 1187, 1189 (D. Or. 2008). *Legal Aid Services* involved a motion to strike a declaration in support of a motion summary judgment—not a special motion to strike under the anti-SLAPP statute. *Id.* at 1189 ("Now before the court are . . . plaintiffs' motion to strike the declaration of Mark Freedman [.]). Although they are both referred to as "motions to strike" in short-hand, a motion to strike a declaration and a special motion to strike under Oregon's anti-

---

[1] There are some differences between anti-SLAPP motions in state and federal court that are not at issue here. For example, the filing of an anti-SLAPP motion in federal court does not automatically stay discovery as it does in state court. *Dossett*, 472 F.Supp.3d at 906.

SLAPP statute could hardly be more different. Because *Legal Aid Services* does not mention or discuss the anti-SLAPP statute, Plaintiff's citation to that case is misplaced.

Contrary to Plaintiff's legally unsupported argument, anti-SLAPP motions are not "disfavored" and "infrequently granted," as federal courts in Oregon routinely hear and grant them. *See, e.g.*, *Dossett v. Ho-Chunk, Inc.*, 472 F. Supp. 3d 900, 906 (D. Or. 2020) ("Federal courts generally apply state substantive law and federal procedural law. Although anti-SLAPP motions appear to be a procedural mechanism to vindicate existing substantive rights, they are generally allowed in federal court." (internal citations omitted)); *Pereschica v. Hershner Hunter, LLP*, No. 1:25-CV-00507-AA, 2026 WL 866300, at *9 (D. Or. Mar. 30, 2026) (granting anti-SLAPP motions and motions to dismiss). This Court can and should apply Oregon's anti-SLAPP statute to strike Plaintiff's second claim for relief for whistleblower retaliation.

B.      Step One: Plaintiff's Whistleblower Claim Arises Out of Defendants' Protected Activity.[2]

Under the first step of the anti-SLAPP analysis, the County's investigation into Plaintiff's behavior and the related report were protected activities under ORS 31.150(2)(a)(A). See Motion p. 9. Plaintiff argues that he "has explicitly excluded protected actions as a basis for relief in his Amended Complaint." Response, p. 5. However, in his First Amended Complaint, Plaintiff merely added legal conclusions that Defendants' conduct did not arise out of protected activity under ORS 31.150. FAC ¶ 51, 52, 54.

It is unclear if Plaintiff is conceding that the investigation and related published memorandum are protected activities and therefore specifically excluded as a basis for relief for his whistleblower retaliation claim. Regardless of any of Plaintiff's apparent concessions and his

---

[2] Given Plaintiff's discussion in his response regarding Plaintiff's First Amendment retaliation claims, Defendants reiterate that their motion seeks dismissal of Plaintiff's whistleblower retaliation claim and does not address the merits of Plaintiff's First Amendment claim at this time.

legal conclusions, the Court "examine[s] the conduct that is targeted by the claims in the complaint." *Mouktabis v. Clackamas Cnty.*, 327 Or. App. 763, 771 (2023); *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 679 (2010), *as modified on denial of reh'g* (Feb. 24, 2010) ("The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability and whether that activity constitutes protected speech or petitioning. Thus, we do not evaluate the first prong of the anti-SLAPP test solely through the lens of a plaintiff's cause of action." (internal citations and quotations omitted)).[3]

In other words, in determining whether Plaintiff's claim is based on protected activity under the first step of the anti-SLAPP statute, the Court should evaluate the conduct of Defendants that Plaintiff has targeted through his factual allegations rather than Plaintiff's conclusory and self-serving characterizations of what his claim is as described by legal conclusions in his First Amended Complaint.

Plaintiff's First Amended Complaint also alleges that "[b]y the acts described above, Defendants retaliated against Plaintiff because he disclosed information that he reasonably believed was evidence of a violation of state and/or federal law, and/or abuse of authority, in violation of ORS 659A.203 and ORS 659A.199." FAC ¶ 50. Because Plaintiff details the investigation and the publication of the investigation findings memorandum throughout his First Amended Complaint, Plaintiff includes them as actions by Defendants giving rise to his whistleblower retaliation claim. *Id.* ¶ 15, 29–32. Further, Plaintiff alleges in his whistleblower retaliation cause of action that he "seeks equitable relief in the form of having the public conclusions of the investigations against him, including that he engaged in prohibited conduct, be rescinded, with a formal apology." *Id.* ¶ 57. This also supports the conclusion that

---

[3] Oregon courts can look to California decisions in interpreting and applying Oregon law, as Oregon's anti-SLAPP statute is modeled after California's anti-SLAPP statute. *Page v. Parsons*, 249 Or. App. 445, 461–62 (2012); *see also Handy v. Lane Cnty.*, 360 Or. 605, 623 n.12 (2016) (discussing pre-2001 California cases as controlling and post-2001 California cases as "persuasive").

Defendants' investigation and the publication of the investigation report give rise to Plaintiff's whistleblower retaliation claim.

Further, "courts have consistently recognized that anti-SLAPP statutes protect internal investigations into alleged misconduct conducted or directed by a governmental body." *Miller v. Watson*, No. 3:18-CV-00562-SB, 2019 WL 1871011, at *5 (D. Or. Feb. 12, 2019). Additionally, a memorandum summarizing the findings of an investigation is protected activity under ORS 31.150(2)(a)(D), as it "concerns an issue of public interest because it contains the findings of an investigation into the alleged misconduct of a public official and a candidate for public office." *Id*.

Therefore, the County's investigation into Plaintiff's behavior and the related report are protected activities under ORS 31.150(2)(a)(A) and (D), as it was a government investigation into Plaintiff's—an elected official's—misconduct, content which is well within the public interest. *Miller*, 2019 WL 1871011, at *5. Additionally, any conduct conducted pursuant to the investigation, or the results of the investigation, were in connection with the public interest of holding a public official accountable for misconduct and seeking to prevent future misconduct. ORS 31.150(2)(a)(D). These actions that the County took as part of its investigation into Plaintiff are protected activities under ORS 31.150(2)(a)(D).[4] Plaintiff's conclusory allegations in his First Amended Complaint that his claims do not arise out of protected activity as defined by ORS 31.150(2) do not change this fact.

Finally, Plaintiff cites *Boquist v. Courtney* to emphasize that the alleged adverse actions were not protected under the anti-SLAPP statute. Response at p. 6–7. However, *Boquist* analyzes the parties' actions in the context of a motion to dismiss a First Amendment retaliation claim, not

---

[4] As stated in Defendants' motion, to the extent Plaintiff's claims arise out of both protected and unprotected activity, the Court should grant Defendants' Motion to Strike as to the protected activity. *Baral v. Schnitt*, 1 Cal. 5th 376, 392 (2016) (stating "when the defendant seeks to strike particular claims supported by allegations of protected activity that appear alongside other claims within a single cause of action, the motion cannot be defeated by showing a likelihood of success on the claims arising from unprotected activity.").

in the context of an anti-SLAPP motion and whether a plaintiff's allegations constitute protected activities by defendants under ORS 31.150(2). *Boquist v. Courtney*, 32 F.4th 764, 773–74 (9th Cir. 2022). That case is therefore not helpful to Plaintiff on this motion.

    **C.**       **Step Two: Plaintiff Cannot Prevail on His Whistleblower Retaliation Claim.**

Plaintiff addresses Defendants' arguments with respect to step one of the anti-SLAPP analysis but does not acknowledge Defendants' arguments with respect to step two. Instead, he addresses the arguments relating the merits of his whistleblower retaliation claim in responding to Defendants' motion to dismiss under Rule 12(b)(6). Plaintiff's whistleblower retaliation claim fails as a matter of law for the reasons discussed below, and therefore the second step of the anti-SLAPP analysis is met. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended,* 897 F.3d 1224 (9th Cir. 2018) ("[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated.")

Because Defendants' actions giving rise to Plaintiff's whistleblower retaliation claim are protected activity, and because his First Amended Complaint discloses that Plaintiff is not likely to succeed on his whistleblower retaliation claim, the Court should grant Defendants' special motion to strike under the anti-SLAPP statute.

**II.**    **MOTION TWO: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS.**

    **A.**       **Plaintiffs' Whistleblower Retaliation Claim is Barred by the Statute of Limitations.**

Plaintiff argues that his whistleblower retaliation claim is not time barred because his claim is subject to the continuing violation theory, citing *AMTRAK* and arguing that his claims "will not be time barred so long as all acts which constitute the claim are part of the same

unlawful employment practice and at least one act falls within the time period." Response p. 8–9 (quoting *AMTRAK v. Morgan*, 536 U.S. 101, 122 (2002) (superseded by statute on other grounds)). However, "[u]nder both federal and Oregon law, the [continuing tort doctrine] applies only where there are no discrete acts or incidents that can fairly be identified as the cause of the identified harm." *Kubinski v. Mt. Hood Cmty. Coll.*, No. 3:14-CV-1155-AC, 2016 WL 492765, at *12 (D. Or. Feb. 8, 2016).

First, *AMTRAK* applies the continuing violation theory in relation to filing charges within the appropriate time period for a hostile work environment Title VII claim, not in relation to a state whistleblower retaliation claim. 536 US 101, 122. Plaintiff fails to explain the connection of that case to Plaintiff's claim here, as he has not alleged that he has been subject to a hostile work environment. Instead, Plaintiff has alleged "discrete acts that can fairly be identified as the cause of the identified harm," such as the County barring him from his office and barring him from attending management meetings. FAC ¶ 26, 33. *Kubinski*, 2016 WL 492765, at *12 (stating that refusing to allow plaintiff to return to work, placing plaintiff on administrative leave, denying plaintiff's tenure application, etc. were "discrete acts that do not support a continuing harm argument.").

Further, Oregon courts have found that the continuing tort doctrine does not apply to whistleblower retaliation claims in certain circumstances. *Daniel v. Oregon Health & Scis. Univ.*, 262 F. Supp. 3d 1079, 1088 n.7 (D. Or. 2017) ("because Plaintiff's only state law claim alleges retaliation in violation of ORS 659A.203, the continuing tort doctrine has no application in this case."); *see Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1174 (D. Or. 2025) (accrual of the one-year statute of limitations for claims under ORS 659A.199 and ORS 659A.203 "depends on when the alleged adverse employment actions occurred"). This Court should find

the same here, since the alleged adverse employment actions of Defendants occurred more than one year before Plaintiff filed his complaint.

Because all of Defendants' discrete actions amounting to Plaintiff's whistleblower retaliation claim occurred more than one year before Plaintiff filed his complaint, his whistleblower retaliation claim is time-barred and should be dismissed.

**B.** **Plaintiff is Not an Employee and Therefore Cannot Bring a Whistleblower Retaliation Claim.**

Plaintiff states that he meets the definition of employee under ORS 650A.200(2)(a), which states: "'Employee' means a person: Employed by or under contract with the state or any agency of or political subdivision in the state[.]" Response p. 9 n. 1 (quoting ORS 650A.200(2)(a)). However, Plaintiff provides no evidence, argument, or explanation for why Plaintiff, as an elected county commissioner, would fall within this definition. *Id*. Plaintiff's First Amended Complaint does not allege that he is an employee but states he is an elected official. FAC ¶ 5, 11, 32, 44. Plaintiff is neither employed by nor under contract with the state or any agency of or political subdivision of the state and therefore does not meet this definition of "employee" under ORS 650A.200(2)(a).

Further, Plaintiff cites *Chippewa* in support of his argument that elected officials are employees. Response p. 9 (citing *Chippewa Cree Tribe of Rocky Boy's Rsrv., Montana v. U.S. Dep't of Interior*, 900 F.3d 1152 (9th Cir. 2018)). However, *Chippewa* analyzes the definition of employee in the context of a whistleblower claim under the federal American Recovery and Reinvestment Act ("ARRA"), which states that "[t]o qualify as an 'employee,' ARRA requires only that 'an individual perform services on behalf of an employer.'" *Chippewa*, 900 F.3d at 1155, 1157. This definition of employee is different and much broader than Plaintiff's claim that he is "[e]mployed by or under contract with the state or any agency of or political subdivision in

the state" (Response p. 9 (quoting ORS 650A.200(2)(a))), and therefore does not apply in this case.

Instead, this Court should apply the precedent of Oregon courts, which have found, in applying similar statutes, that elected officials are not considered employees. *Young v. State*, 177 Or. App. 295, 998–303 (2001) (stating that elected officials are not considered employees under another employment statute, as they are not "directly employed" by the state for the purposes of ORS 279.340); *Colby v. Coos Cnty.*, No. 11-6241-HO, 2012 WL 273072, at *3–4 (D. Or. Jan. 30, 2012) (elected official not an employee for the purposes of his First Amendment claim); *Spangler v. City of Monument*, No. 2:16-CV-00090-SU, 2017 WL 6723764, at *4 (D. Or. Dec. 21, 2017) (elected official not considered an employee for the purposes of importing conduct to defendant with respect to a claim under ORS 659A.030(b)); *see Sornson v. Oregon Comm'n on Child.*, 887 F. Supp. 2d 1111, 1123 (D. Or. 2012) (granting motion to dismiss whistleblower claims, as "[t]he plain language of Oregon's statutory scheme simply does not support the proposition that a plaintiff may bring a whistleblowing claim against an 'employer' which never actually employed, controlled, managed, or supervised the plaintiff.").

Finally, Plaintiff argues that Defendants essentially concede that Plaintiff is an employee because they accused him of violating the County Personnel Rules. Response p. 10. However, definitions of terms for the purposes and context of the County Personnel Rules has no bearing on whether Plaintiff is an employee for the purposes of the whistleblower retaliation statutes in Oregon. Plaintiff can be bound by County "personnel" rules and still not be an "employee" under the Oregon employment statutes. That is the case here.

Accordingly, because Plaintiff is an elected official and thus is not "employee" for the purposes of his whistleblower retaliation claim, the Court should dismiss his claim.

**III.  LOCAL RULE 7-1 CONFERRAL REGARDING MOTIONS.**

Plaintiff asserts that Defendants have "excluded from their narrative further relevant facts" regarding the parties' conferral before the filing of this motion. Response p. 1–2. Defendants' counsel adequately conferred and its account of those conferrals in the motion is accurate and complete. Defendants submit a declaration of counsel to provide a full history of the parties' conferral efforts, so the record is clear and there is no ambiguity. *See* Declaration of Jared M. Ahern.

<u>**CONCLUSION**</u>

Plaintiff's whistleblower retaliation claim is based on protected activity under the first step of the anti-SLAPP statute, and it fails as a matter of law based on the allegations of the First Amended Complaint. Therefore, the Court should strike the claim under the anti-SLAPP statute, and dismiss it under Rule 12(b)(6) without leave to amend.

DATED:  July 6, 2026.

CABLE HUSTON LLP

By: s/ Román D. Hernández
    Román D. Hernández, OSB No. 011730
    rhernandez@cablehuston.com
    Jared M. Ahern, OSB No. 221919
    jahern@cablehuston.com
    Olivia M. Loftin, OSB No. 225812
    oloftin@cablehuston.com
    1455 SW Broadway, Suite 1500
    Portland, OR 97201

    *Attorneys for Defendants Lincoln County, David Collier, Kelly Meininger, in her capacity as the personal representative of the Estate of Claire Hall, Walter Chuck, and Kristin Yuille*